THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLY INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VALVE CORPORATION,<br>GEARBOX SOFTWARE, L.L.C.,<br><br>Defendants. | CASE NO. 2:23-cv-419-JRG-RSP<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO CONDUCT EXPEDITED VENUE DISCOVERY AND EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(d)(1), Plaintiff Symbology Innovations, LLC ("Symbology" or "Plaintiff) hereby moves for leave to conduct limited, expedited venue discovery in this matter, and for an extension of time to respond to Defendant Valve Corporation's ("Defendant" or "Valve") Motion to Dismiss (Dkt. No. 11). Valve filed its Motion to Dismiss under 28 U.S.C. § 1406 and Fed. R. Civ. P. 12(b)(3) on November 6, 2023. The parties dispute whether Valve has a regular and established place of business in this District and whether venue is proper in the Eastern District of Texas under *TC Heartland* and *In re Cray*. The Parties have conferred, and Valve does not oppose the motion to conduct venue discovery consistent with the proposals outlined below.

Furthermore, on November 22, 2023, the Plaintiffs served complaints against Valve in *Social Position Input Systems v. Valve Corp. et al.*, case No. 23-425 (E.D. Tex. Sept. 18, 2023);

Page | 1

and *Quantum Technology Innovations v. Valve Corp. et al.*, Case No. 23-422 (E.D. Tex. Sept. 18, 2023). Collectively, the three plaintiffs in these cases (Symbology, Social Positioning Input Systems, and Quantum Technology Innovations) are owned in their entirety by Patent Asset management, LLC and are represented in their cases against Valve by the same undersigned counsel. Each of the venue allegations in the complaints filed by Symbology, Social Positioning Input Systems, and Quantum Technology Innovations are substantively identical, and Valve disputes that venue is proper in this District for any of the three cases.

Accordingly, to promote efficiency and conserve judicial resources, the parties hereby stipulate that the venue discovery proposals below will be applied to all three cases. The parties further stipulate that the arguments made in Valve's Motion to Dismiss in the above-captioned case (Case No. 23-419, Dkt. No. 11), Plaintiff's Response, and any subsequent briefing be applied with equal force to all three cases.

The Parties have also agreed upon the scope of venue discovery detailed herein. The proposed discovery is narrowly focused to resolve the Parties' dispute. Symbology also maintains that good cause exists for the Court to grant this motion, and that it is not brought for any improper purpose, or to unnecessarily delay this action. *See Uniloc USA, Inc. v. Apple Inc.,* No. 2:17-CV-00258-JRG, 2017 U.S. Dist. LEXIS 126523, at *3 (E.D. Tex. July 21, 2017) (granting motion for expedited venue discovery); *Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.,* No. 2:17-CV-00430-JRG, 2019 U.S. Dist. LEXIS 86350, *15 (E.D. Tex. May 22, 2019).

Accordingly, Symbology requests that the Court exercise its broad discretion to allow it to conduct limited, expedited venue-related discovery, and stay the due date for Plaintiff's Response to Valve's Rule 12(b)(3) motion to dismiss as follows:

1. Venue-related discovery shall be completed within seventy-five (75) days of the

issuance of an Order permitting venue-related discovery;

2. Venue related discovery shall be limited to the issues raised in Valve's Motion to Dismiss and associated exhibits, information and Valve ties to the Eastern District of Texas.

3. Symbology may serve no more than five (5) interrogatories and ten (10) document requests to Valve Corporation by December 15, 2023;

4. Valve shall respond to Symbology's discovery requests and produce, subject to Valve's objections, responsive documents, if any, by January 20, 2024;
5. Symbology may conduct a Rule 30(b)(6) deposition of Valve, solely related to the topics in paragraph 2, limited to five (5) hours total on the record on or before January 27, 2024;
6. The foregoing discovery shall not count toward the discovery limits set forth in Court's standing Discovery Order; and
7. Symbology's response to the Motion to Dismiss shall be filed within 15 days of issuance of the final transcript of the referenced Rule 30(b)(6) deposition, or within 89 days of the issuance of an Order permitting venue-related discovery, whichever is the later.

Dated: December 1, 2023

Respectfully Submitted,

*/s/ Randall Garteiser*
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Randall Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
M. Scott Fuller
  Texas Bar No. 24036607
  rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this December 9, 2023, I caused to be electronically-filed the foregoing document with the Clerk of Court using the Court's CM/ECF system.  As such, this document was served on all counsel who are deemed to have consented to electronic service.

*/s/ Randall Garteiser*
Randall Garteiser

## CERTIFICATE OF CONFERENCE

This motion is unopposed. Pursuant to Eastern District of Texas Local Rule CV-7(i), counsel has complied with the meet and confer requirement in Local Rule CV-7(h). The Parties met and conferred on the phone on December 4, 2023, to discuss the relief requested in this Motion.

*/s/ Randall Garteiser*
Randall Garteiser