IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLY INNOVATIONS, LLC, | § |
| *Plaintiff*, | § § § § |
| v. | § § CIVIL ACTION NO. 2:23-CV-00419-JRG |
| VALVE CORPORATION, GEARBOX SOFTWARE, L.L.C., | § § § § |
| *Defendants*. | § § |

# ORDER

Before the Court is the Unopposed Motion for Leave to Conduct Expedited Venue Discovery and Extension of Time to Respond to Motion to Dismiss (the "Motion") filed by Plaintiff Symbology Innovations, LLC ("Plaintiff" or "Symbology"). (Dkt. No. 23). In the Motion, Plaintiff requests leave to conduct limited, expedited venue discovery in this matter, and for an extension of time to respond to Defendant Valve Corporation's ("Defendant" or "Valve") Motion to Dismiss (Dkt. No. 11) (the "Motion to Dismiss"). (Dkt. No. 23 at 1). Plaintiff informs the Court that there are two other cases [*Social Position Input Systems v. Valve Corp. et al.*, No. 2:23-cv-00425 (E.D. Tex. Sept. 18, 2023) and *Quantum Technology Innovations v. Valve Corp. et al.*, No. 2:23-cv-00422 (E.D. Tex. Sept. 18, 2023)] filed against Defendant in this district by entities that are also "owned in their entirety by Patent Asset management, LLC and are represented in their cases against Valve by the same undersigned counsel." (*Id.* at 2). Plaintiff further informs the Court that "the venue allegations in the complaints filed by Symbology, Social Positioning Input Systems, and Quantum Technology Innovations are substantively identical, and Valve disputes that venue is proper in this District for any of the three cases." (*Id.*). As such, Plaintiff represents

to the Court that the parties "stipulate that the venue discovery proposals below will be applied to all three cases," and that they further "stipulate that the arguments made in Valve's Motion to Dismiss in the above-captioned case (Case No. 23-419, Dkt. No. 11), Plaintiff's Response, and any subsequent briefing be applied with equal force to all three cases." (Dkt. No. 23 at 2). Plaintiff represents that the proposed discovery is narrowly focused to resolve the parties' disputes. (*Id.*). The Motion is unopposed. (*Id.* at 1, 4).

Having considered the Motion, and noting its unopposed nature, the Court finds that it should be and hereby is **GRANTED**. It is **ORDERED** that the parties may conduct limited, expedited venue-related discovery subject to the agreements set forth in the Motion (Dkt. No. 23 at 2-3) as follows:

1. Venue-related discovery shall be completed within seventy-five (75) days of the issuance of this Order;

2. Venue-related discovery shall be limited to the issues raised in Defendant's Motion to Dismiss and associated exhibits, information and Defendant's ties to the Eastern District of Texas;

3. Plaintiff may serve no more than five (5) interrogatories and ten (10) document requests to Defendant by December 15, 2023;

4. Defendant shall respond to Plaintiff's discovery requests and produce, subject to Defendant's objections, responsive documents, if any, by January 20, 2024;

5. Plaintiff may conduct a Rule 30(b)(6) deposition of Defendant, solely related to the topics in paragraph 2, limited to five (5) hours total on the record on or before January 27, 2024;

6. The foregoing discovery shall not count toward the discovery limits set forth in Court's standing Discovery Order; and

7. Plaintiff's response to the Motion to Dismiss shall be filed within fifteen (15) days of issuance of the final transcript of the referenced Rule 30(b)(6) deposition, or within eighty-nine (89) days of the issuance of this Order, whichever is later.

**So ORDERED and SIGNED this 13th day of December, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE