# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 2:23-cv-00419-JRG |
| VALVE CORPORATION, GEARBOX SOFTWARE, L.L.C., | **JURY TRIAL DEMANDED** |
| Defendants. | |

# MOTION OF DEFENDANT GEARBOX SOFTWARE, L.L.C. TO DISMISS UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM

**TABLE OF CONTENTS**

                                    **Page**

I. INTRODUCTION ........................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ......................................1

III. FACTUAL BACKGROUND.........................................................................................2

   A. Symbology's Complaint Attempts to Conflate Gearbox and Valve as a Single "Defendant" in an Attempt to Establish Venue Over Valve ........................2

   B. The Only Asserted Infringement Allegations Are Directed to Valve and QR Codes Used to Sign on to Valve's Steam App ....................................................3

   C. The "Willful Infringement" Allegations in the Complaint Are Not Directed to Gearbox ................................................................................................4

IV. LEGAL STANDARD....................................................................................................5

V. ARGUMENT..................................................................................................................5

   A. Symbology's Complaint Fails to Plausibly Plead Direct Infringement by Gearbox................................................................................................................5

   B. Symbology's Complaint Fails to Plausibly State a Claim of Indirect Infringement Against Gearbox .................................................................................8

   C. Symbology's Complaint Fails to State a Claim of Willful Infringement by Gearbox................................................................................................................10

VI. CONCLUSION................................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................................5

*Baker v. Putnal*,
    75 F.3d 190 (5th Cir. 1996) .....................................................................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................................................1, 5

*Callier v. Nat'l United Grp., LLC*,
    No. EP-21-CV-71-DB, 2022 WL 4088205 (W.D. Tex. 2022) .................................................6

*Cobarobio v. Midland Cnty.*,
    No. MO:13-CV-00111-RAJ, 2015 WL 13608102 (W.D. Tex. 2015),
    *aff'd*, 695 F. App'x 88 (5th Cir. 2017) ..................................................................................6, 7

*Doe v. Yackulic*,
    No. 4:18-CV-084-ALM-CAN, 2019 WL 1301998 (E.D. Tex. 2019) .................................5, 11

*Fractus, S.A. v. TCL Corp.*,
    No. 2:20-CV-00097-JRG, 2021 WL 2483155 (E.D. Tex. 2021) ...........................................10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) ...........................................................................................................10

*In re Bill of Lading*,
    681 F.3d 1323 (Fed. Cir. 2012) ................................................................................................9

*Lone Star Fund V (U.S.) L.P v. Barclays Bank PLC*,
    594 F.3d 383 (5th Cir. 2010) ...................................................................................................7

*Martinez v. City of N. Richland Hills*,
    846 F. App'x 238 (5th Cir. 2021) ............................................................................................5

*McCartney v. First City Bank*,
    970 F.2d 45 (5th Cir. 1992) .....................................................................................................7

*Nu-You Techs., LLC v. Beauty Town Int'l. Inc.*,
    No. 3:15-CV-03433-N, 2016 WL 4717991 (N.D. Tex. 2016) .................................................8

*Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*,
    No. 4:19-CV-876-SDJ, 2020 WL 6781566 (E.D. Tex. Nov. 17, 2020) ...................................8

*Tierra Intelectual. Borinquen, Inc.*,
    No. 2:13-CV-38-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014) ....................................9, 10

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

**STATUTES AND RULES**

35 U.S.C. § 284 ................................................................................................................4

Fed. R. Civ. P. 8(a) ..........................................................................................................5

Fed. R. Civ. P. 12(b)(6) ............................................................................................1, 5, 7

Patent Local Rule 3-1 ......................................................................................................7

I.      INTRODUCTION

Defendant Gearbox Software, L.L.C. ("Gearbox") moves to dismiss the claims of Plaintiff Symbology Innovations, LLC ("Symbology") against Gearbox pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under the *Twombly/Iqbal* standard.

The Complaint does not allege infringement by any Gearbox products, let alone articulate any plausible theories of infringement. Instead, the *only* allegations of infringement are directed to the other defendant in the case, Valve Corporation ("Valve"), which is a wholly separate entity from Gearbox. Symbology included Gearbox in this case solely in an attempt to manufacture venue as to Valve,[1] confirmed by the fact that Symbology's Complaint, and the charts attached thereto, **lack any infringement allegations directed to Gearbox or Gearbox's products at all**. Symbology's attempt to conflate the two defendants, and to attribute the allegedly infringing acts of one defendant (Valve) to another defendant (Gearbox), is improper. The Complaint fails to state claims of infringement and willfulness as to Gearbox and, accordingly, these claims should be dismissed.

II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

The issue to be decided is whether Symbology's Complaint adequately states a claim for relief, under the *Twombly* standard, as to Gearbox. More specifically, the Court is being asked to decide whether the Complaint adequately states claims of direct infringement, indirect infringement, and willful infringement by Gearbox.

---

[1] Valve has filed a Motion to Dismiss for Improper Venue. (Dkt. 11 at 7-9.) In its motion, Valve explained that Symbology is merely using "Gearbox in a transparent attempt to manufacture venue against Valve," and that "Symbology does not accuse Gearbox of infringing its patents, and the charts of accused products that Symbology attaches to its complaint do not contain a single reference to Gearbox." (*Id.* at 7.)

## III. FACTUAL BACKGROUND

Plaintiff Symbology asserts four patents which it purports to own via assignment: U.S. Patent Nos. 7,992,773 ("the '773 Patent"), 8,424,752 ("the '752 Patent"), 8,651,369 ("the '369 Patent"), and 8,936,190 ("the '190 Patent").[2] (*See* Dkt. 1 ("Complaint") at 1.) The sole named inventor of each of the patents-in-suit is Leigh M. Rothschild. (*Id.*, Exs. A, B, C, D.) According to the Complaint, the patents-in-suit are directed to "a system and method for enabling a portable electronic device to retrieve information about an object when the object's symbology, e.g., a barcode, is detected." (*Id.* ¶ 24.)

### A. Symbology's Complaint Attempts to Conflate Gearbox and Valve as a Single "Defendant" in an Attempt to Establish Venue Over Valve

Symbology names two defendants—Valve and Gearbox—in its Complaint. (Complaint ¶¶ 2-3.) Although Valve and Gearbox are wholly different entities, the Complaint almost exclusively refers to Valve and Gearbox collectively as "Defendant."[3] (*See id.* ¶ 3.) However, the Complaint does not allege, or provide any facts supporting, any assertion that Valve and Gearbox are a single entity, because they are not. The Complaint merely states that the two entities have previously collaborated on two video games, Half-Life and Counter-Strike, which launched in 2002 and 2004, respectively. (*See id.* ¶ 7 at Fig. 6.) The two video games on which Valve and Gearbox collaborated nearly two decades ago are not accused products. (*See id.*, Exs. E, F, G, H.)

---

[2] The Complaint's asserted counts of infringement do not include any count of infringement of the '773 Patent and instead asserts two counts of infringement of the '752 Patent. Complaint at 14-17. Additionally, the numbering of these paragraphs is repeated. (Complaint at 14-17.) Therefore, any reference to a repeated paragraph number will include both the page number and the paragraph number for clarity.

[3] Symbology's Complaint references Gearbox individually only a few times, but only in reference to Gearbox's place of business and the collaboration between Gearbox and Valve regarding two video games, Counter-Strike and Half-Life, released in 2002 and 2004, respectively. (*See* Complaint ¶ 3 (identifying Gearbox's principal place of business); *id.* ¶ 5 at Fig. 2 (providing a screenshot of a Gearbox website); *id.* ¶ 7 at Fig. 6 (discussing prior collaboration between Valve and Gearbox).)

The Complaint conflates Gearbox and Valve in an attempt to manufacture venue over Valve. (*See* Dkt. 11 (Valve's Motion to Dismiss for Improper Venue).) Specifically, the Complaint alleges that venue is proper because, "[a]s noted above, Defendant maintains a regular and established business presence in this District." (Complaint ¶ 8.) The only allegation in the Complaint regarding a place of business in this District is a place of business of Gearbox. (*See id.*, ¶¶ 2-3.) In other words, the Complaint alleges that Gearbox has a "regular and established business presence in this District" (*id.*, ¶ 8), and attempts to attribute such presence to Valve by conflating Gearbox and Valve as a single "Defendant" (*id.*, ¶ 3).

**B.     The Only Asserted Infringement Allegations Are Directed to Valve and QR Codes Used to Sign on to Valve's Steam App**

The Complaint identifies the accused instrumentalities as "QR codes associated with a website of Defendant, as well as any similar products." (Complaint ¶ 44 (emphasis added).) While the Complaint does not specify the "Defendant" whose website is associated with the accused QR codes,[4] the claim charts attached to the Complaint make clear that the "Defendant" being referenced is Valve. Specifically, the claim charts attached to the Complaint identify the allegedly infringing product as the "Steam App," which is an application that is a product of Valve, and identify the accused "QR code" as one that can be used "to sign into Steam instead of entering a password." (*See id.*, Ex. G at, *e.g.*, 3 (identifying accused QR code); *see also* Dkt. 11 at 3 (Valve confirming that "Valve and Gearbox did not work together to develop the Steam mobile app"), 9 (Valve describing "Valve's Steam platform").) The claim charts do not identify or chart any Gearbox products or services. (*See generally,* Complaint, Exs. E, F, G, H; *see also* Dkt. 11 at 7

---

[4] The counts of infringement further state "[u]pon information and belief, **Defendant** has infringed and continues to infringe one or more claims, including at least Claim 1, of the [patents-in-suit] by making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto…)"—again, without specifying the "Defendant." (Complaint ¶ 63 (page 14) (emphasis added); *see also id.*, ¶¶ 63 (page 16), 80, 97.)

3

(Valve's motion explaining that "Symbology does not accuse Gearbox of infringing its patents, and the charts of accused products that Symbology attaches to its complaint do not contain a single reference to Gearbox").)

Pursuant to the Court's initial case management order (Dkt. 7), Symbology served infringement contentions on Gearbox.[5]  (*See* Declaration of Jessica M. Kaempf ("Kaempf Decl."), ¶ 2.)  Like the charts attached to the Complaint, Symbology's infringement contentions identify the "accused instrumentalities" as comprising only Valve products, specifically the Steam platform.  (*Id.* ¶ 3.)

### C. The "Willful Infringement" Allegations in the Complaint Are Not Directed to Gearbox

The Complaint also alleges willful infringement regarding a "Defendant," but again does not contain any allegations specific to Gearbox.  (Complaint ¶¶ 111-113.)  The entirety of the Complaint's language relevant to willful infringement is pasted below:

> 111. Plaintiff has had ***numerous communications*** with ***Defendant*** explaining his infringement of the patents-in-suit.
>
> 112. ***Defendant*** acknowledged the Plaintiff's patents, had knowledge of these Patents-in-Suit and knowingly continued to infringe Plaintiff's patents without a license.
>
> 113. Plaintiff is seeking exemplary damages due to Defendant's willful infringement, pursuant to 35 U.S.C. § 284, based on its pre-suit and post filing of a complaint conduct.  The Supreme Court has eliminated the objective-recklessness standard and instead, decided that "the subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless."

(*Id.* (emphases added) (citations omitted).)

The Complaint fails to identify any of the "numerous communications" alleged, let alone identify the "Defendant" with which Symbology allegedly had communications.

---

[5] Symbology served its contentions on Gearbox on November 21, 2023, a day after the deadline provided in Dkt. 7.

(*See generally, id.*)  The Complaint unsurprisingly never identifies any alleged communication with Gearbox, since no such pre-complaint communications occurred.

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

## V. ARGUMENT

### A. Symbology's Complaint Fails to Plausibly Plead Direct Infringement by Gearbox

Because the Complaint fails to identify even a single alleged act of infringement specifically by Gearbox, and provides no factual assertions linking Gearbox to any accused product, Symbology has failed to raise a plausible inference of liability against Gearbox, and the claims of infringement against Gearbox must be dismissed.

Highly generalized assertions that merely lump together multiple defendants, and that do not identify the specific actions of an individual defendant that allegedly render that defendant liable, are insufficient to state a claim.  *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 244 (5th Cir. 2021) (affirming dismissal of claims that "refer[red] to the Individual Defendants collectively and without specific distinction as to individual knowledge possessed, and the action and/or inaction committed by each"); *Doe v. Yackulic*, No. 4:18-CV-084-ALM-CAN, 2019 WL

5

1301998, at *13 (E.D. Tex. 2019) (dismissing claims which "largely fail[ed] to assert any individualized conduct" and "lump[ed] numerous [d]efendants together"); *see also Callier v. Nat'l United Grp., LLC*, No. EP-21-CV-71-DB, 2022 WL 4088205, at *4 (W.D. Tex. 2022) ("Allegations like these which lump all defendants together, without identifying specific actions of individual defendants, will not suffice to raise a plausible inference of liability against any individual defendant.") (citing *Cobarobio v. Midland Cnty.*, No. MO:13-CV-00111-RAJ, 2015 WL 13608102, at *9 (W.D. Tex. 2015), *aff'd*, 695 F. App'x 88 (5th Cir. 2017) (stating that a complaint that "routinely lumps all Defendants together without identifying actions of any individual Defendant" and makes "global assertions of fault" does not set out the specific factual allegations needed)).

Here, Symbology's complaint merely attempts to lump together Gearbox with Valve, without pleading facts to support a claim of infringement specific to Gearbox. Neither the Complaint nor the claim charts attached to the Complaint identify any allegedly infringing products or services of *Gearbox*. (*See generally*, Complaint.) Instead, the Complaint merely recites vague allegations of infringement by an unspecified "Defendant." (*See, e.g.*, *id.*, ¶ 63 (page 14) ("Defendant has infringed and continues to infringe" the patents-in-suit).) As evident from the claim charts attached to the Complaint, the "Defendant" referenced in such vague allegations is Valve, not Gearbox. (Complaint, Exs. E, F, G, H (alleging infringement by Valve's Steam platform).) In other words, Symbology merely makes allegations directed to the infringing acts by Valve, then attempts to lump Gearbox and Valve together (without identifying any conduct specific to Gearbox). Such vague, global assertions of fault are insufficient to state a claim as to Gearbox. *Cobarobio*, 2015 WL 13608102, at *9.

Further, Symbology's attempt to associate Gearbox with Valve, by stating that the two defendants previously collaborated on two games nearly two decades ago (*see id.* ¶ 7), is

6

insufficient to state a claim of infringement. Neither game identified as being subject of Gearbox's and Valve's long-ago collaboration is at issue in this litigation, and this is confirmed by Symbology's own claim charts, which do not contain a single reference to Gearbox or either of those games. (*Id.*; *see generally id.*, Exs. E, F, G, H.) Nor does the Complaint plead any facts supporting any allegation that Gearbox somehow allegedly infringes through Valve's product. (*See generally, id.*) Indeed, nothing in the Complaint suggests that Gearbox makes, uses, offers to sell, or sells the accused Valve product. (*See id.*) Because Gearbox and Valve's prior collaboration is entirely unrelated to this lawsuit, and because Symbology does not (and cannot) plausibly allege that Gearbox infringes through *another company*'s product, the Complaint does not sufficiently allege direct infringement by Gearbox.[6]

To the extent Symbology argues that its infringement contentions served under Patent Local Rule 3-1 save its claims from dismissal, the Court should reject that argument. When deciding a motion to dismiss under Rule 12(b)(6), the court "may not look beyond the pleadings in ruling on the motion." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)). The Fifth Circuit has construed "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint" to be within the pleadings. *Lone Star Fund V (U.S.) L.P v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Here, Symbology's infringement contentions are outside the pleadings. They were not attached to,

---

[6] The Complaint's passing reference to "QR Codes" that are "used as part of Gearbox Software game lineup" is insufficient to plead alleged infringement. Indeed, it is not feasible that the mere use of "QR Codes"—a technology that was released in 1994, over *fifteen years earlier* than the earliest claimed priority date (Complaint, ¶ 25)—meets the claim elements. Nor does Symbology allege otherwise. (*See generally id.*, Exs. E, F, G, H.) In sum, Symbology does not, and cannot, allege that "QR Codes" alone infringe its patents.

referenced by, or in any other way noted by the Complaint. They therefore cannot save Symbology's defective claims against Gearbox from dismissal.

Moreover, even if the Court were to consider Symbology's infringement contentions in deciding this motion to dismiss—which it should not—the contentions are nonetheless insufficient to state claims of infringement as to Gearbox. Importantly, the infringement contentions—like the Complaint—identify the "accused instrumentalities" as comprising only "Valve products"—not Gearbox products. (*See* Kaempf Decl., ¶ 3.) At most, Symbology asserts that "upon information and belief" Gearbox infringes "during internal testing of the functionalities described herein." (*Id*. ¶ 3.) But Gearbox provides no factual basis for such speculation regarding Gearbox's "internal testing." (*Id.*) Nor is that speculation plausible. Indeed, there is no reason why Gearbox, a video game *developer*, would be performing internal testing of a QR code purportedly used for logging into Valve's gaming platform—a platform made for game *users*. (*See, e.g.*, Complaint, Ex. G at 3 (identifying as allegedly infringing the "QR code sign in," which can be used "to sign into Steam instead of entering a password").) Symbology's one-sentence, conclusory assertion of alleged "internal testing" by Gearbox is not only outside the pleadings, but is entirely speculative and thus provides no plausible basis for infringement. Symbology's claims as to Gearbox should therefore be dismissed. *See Nu-You Techs., LLC v. Beauty Town Int'l. Inc.*, No. 3:15-CV-03433-N, 2016 WL 4717991, at *2 (N.D. Tex. 2016) (dismissing direct infringement claim that relied on speculative allegations about performing the claimed Method).

### B. Symbology's Complaint Fails to Plausibly State a Claim of Indirect Infringement Against Gearbox

Symbology's Complaint also fails to make any adequate allegation of indirect infringement. To adequately plead a claim of indirect infringement, a plaintiff must plausibly plead an underlying act of direct infringement. *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*,

No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *5 (E.D. Tex. Nov. 17, 2020) (citing *In re Bill of Lading*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) ("Where a plaintiff has not adequately pleaded an underlying act of direct infringement, theories of indirect infringement must be dismissed.")). Here, as discussed above, Symbology does not allege anywhere in its pleadings that *any* Gearbox technology infringes the asserted patents. Symbology's Complaint therefore fails to state a claim of indirect infringement.

Moreover, Symbology fails to allege the additional requirements for induced infringement. Specifically, the Complaint fails to allege that Gearbox had specific intent to encourage any third party's alleged infringement. To sufficiently plead specific intent, a complaint must allege an "affirmative step" taken by the defendant "to bring about the desired result" of inducing infringement. *Tierra Intelectual. Borinquen, Inc.*, No. 2:13-CV-38-JRG, 2014 WL 894805, at *5-6 (E.D. Tex. Mar. 4, 2014) ("the law requires evidence of affirmative steps . . . because such an evidentiary hurdle ensures the availability of useful products and protects neutral market participants who are indifferent to the possibility of infringement."). Here, the Complaint is silent as to any Gearbox actions that could be construed as an "affirmative act" inducing infringement or that support an inference that Gearbox had the requisite "specific intent" to induce infringement. *See id*. Because the Complaint does not, and cannot, allege that Gearbox has taken any affirmative steps to encourage the use of a feature on *another company's* product (*i.e.*, Valve's QR codes used to sign in to Valve's Steam App), Symbology has not adequately pleaded any claim of induced infringement, and such claims against Gearbox should be dismissed on this basis.

Further, the Court should again reject any attempt by Symbology to rely on its infringement contentions. As discussed above, such infringement contentions are outside the pleadings and therefore cannot save Symbology's defective claims as to Gearbox from dismissal. Moreover, even if the Court considers such contentions (it should not), the contentions remain insufficient to

plausibly state a claim of indirect infringement. Symbology merely states in a conclusory manner that Gearbox induces "its customers to sign in on Steam application (provided by Valve Corporation) in order to access and purchase [Gearbox's] games." (Kaempf Decl., ¶ 4.) But nowhere in the infringement contentions does Symbology identify any affirmative acts by Gearbox that purportedly induce customers to sign in on Steam in the allegedly infringing manner. (*Id*.) Symbology does not even allege that Gearbox has knowledge of Valve's QR code, let alone that Gearbox had knowledge that the QR code is allegedly infringing. (*Id*.) *Tierra*, 2014 WL 894805, at *2 (indirect infringement requires that "defendant knew of the patent and that the acts in question would infringe" and "that the defendant had specific intent to encourage the third party's infringement."). Because Symbology does not plead any claim of indirect infringement, and because any such claim of indirect infringement would be simply implausible in light of the fact that the accused product is *another company's* product, the Court should dismiss any indirect infringement claims as to Gearbox.

### C. Symbology's Complaint Fails to State a Claim of Willful Infringement by Gearbox

Finally, Symbology's willful infringement claim should be dismissed, as Symbology does not plausibly state a claim of willful infringement against Gearbox. "Willfulness is a matter of culpability and state of mind, and the degree of culpability required has been described as 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or … characteristic of a pirate." *Fractus, S.A. v. TCL Corp.*, No. 2:20-CV-00097-JRG, 2021 WL 2483155, at *4 (E.D. Tex. 2021) (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). In order to sufficiently state a claim of willful infringement, the complaint must allege both knowledge of the patents-in-suit and some factual allegations supporting an inference of culpable conduct.

10

*See id.* (finding failure to state a claim of willful infringement where the complaint only alleged notice of the asserted patents and not any culpable conduct).

Here, Symbology's Complaint does not (and cannot) allege that Gearbox had knowledge of the asserted patents or knowledge of any allegation of infringement. Instead, the Complaint merely alleges that Symbology had communications with an unspecified "Defendant." (Complaint ¶ 111.) Such language attempting to lump Valve and Gearbox together, and attribute any "communications" Symbology allegedly had with Valve to Gearbox, again fails to state a plausible claim as to Gearbox. Accordingly, the claims of willful infringement against Gearbox should be dismissed. *Doe*, 2019 WL 1301998, at *13.

## VI.   CONCLUSION

For the foregoing reasons, Gearbox respectfully requests that the Court dismiss the claims against Gearbox.

Dated:  January 2, 2024

Respectfully submitted,

By: */s/ Michael J. Sacksteder*
Michael J. Sacksteder
CA Bar No. 191605 (Admitted to E.D. Texas)
Email:  msacksteder@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  (415) 875-2300

Jessica M. Kaempf
WA Bar No. 51666 (Admitted to E.D. Texas)
Email:  jkaempf@fenwick.com
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA  98101
Telephone:  (206) 389-4510

Attorneys for *Gearbox Software, L.L.C.*

11

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Dated:  January 2, 2024                                    /s/ *Michael J. Sacksteder*
                                                                          Michael J. Sacksteder