THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>VALVE CORPORATION,<br>GEARBOX SOFTWARE, L.L.C.,<br><br>  Defendants. | CIVIL ACTION NO. **2:23-cv-419**<br><br>JURY TRIAL DEMANDED |

### FIRST AMENDED COMPLAINT

Plaintiff files this complaint for patent infringement of two (2) patents - U.S. Patent Nos. 8,651,369 and 8,936,190 (collectively "the Symbology Patents").  The '773 Patent the patent that issued from the parent patent application to which the patents-in-suit claim their priority date.[1] Plaintiff alleges as follows:

### PARTIES

1. Plaintiff is a Texas limited liability company with an office at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2. Defendant Valve Corporation is a corporation organized and existing under the laws of the State of Washington with a principal place of business located at 10900 NE 4th St., Ste. 500, Bellevue, WA 98004. Defendant can be served via its registered agent for service of process: Corpserve Inc., 1001 4th Ave., Ste. 4500, Seattle, WA 98154.

3. Defendant Gearbox Software, L.L.C. has a principal place of business located at 5757 Main St., Suite 500, Frisco, Texas, 75034, which is located in this District. Gearbox Software, L.L.C. and Valve Corporation are collectively referred to herein as "Defendant."

---

[1] Expiration Date for the Patents-in-suit is no earlier than September 15, 2030.

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, 35 U.S.C. § 271, et seq. Plaintiff is seeking damages for patent infringement.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

6. This Court has personal jurisdiction over Defendant. Defendant has continuous and systematic business contacts with the State of Texas. Defendant transacts business within this District and elsewhere in the State of Texas and has appointed an agent for service of process in Texas. Further, this Court has personal jurisdiction over Defendant based on its commission of one or more acts of infringement in this District and in the State of Texas.

7. Defendant directly conducts business extensively throughout the State of Texas, by distributing, making, using, offering for sale, selling, and advertising its services in the State of Texas and in this District. Valve Corporation has corroborated with Frisco based Gearbox Software, L.L.C. for years starting with Half-Life and Counter-Strike video game offerings, that have continuations of these popular offerings available through present day. Defendant has purposefully and voluntarily made its business services, including the infringing systems and services, available to residents of this District and into the stream of commerce with expectation and intention that they will be purchased and/or used by consumers in this District as listed below.

8. Valve Corporation was an Active Texas Franchise Tax Account with Texas Taxpayer Number 32072215380.

| VALVE CORPORATION | |
|---|---|
| Texas Taxpayer Number | 32072215380 |
| Mailing Address | 10400 NE 4TH ST STE 1400 BELLEVUE, WA 98004-5212 |
| ❓ Right to Transact Business in Texas | ACTIVE |

*Figure 1* - Screenshot of Valve Corporation's Texas Franchise Tax Account Status as visited on August 22, 2023.

First Amended Complaint

9. Valve has consented to patent infringement litigation in the past in this district. Indeed, Valve has even intervened in an on-going patent infringement case here in the Eastern District of Texas on behalf of one of its developers, Activision Blizzard, Inc. "Valve, for the purposes of this litigation only, **consents to venue in this district**, . . ." *Uniloc v. Activision Blizzard, Inc.*, Case 6:13-cv-00256-LED, Dkt. No. 154-1 (E.D. Tex. Jan. 6, 2014).

10. Valve has previously admitted that venue was proper in this district. "Valve does not dispute, for the purposes of this action only, that **venue is proper in this judicial district**, [The Eastern District of Texas] . . ." *Display Technologies, LLC v. Nvida Corp. (Valve Corp. consolidated)*, Case 2:15-cv-00998-JRG-RSP, Dkt. No. 41 (E.D. Tex. Oct. 28, 2015) [Valve Corp. Answer to Patent Infringement Complaint at ¶4].

11. Valve sells its Gift Cards in this District through prominent brick and mortar retailers including Best Buy, GameStop and Walmart.

12. On information and belief, Valve has agreements akin to AppleBee franchisees with Gaming Cafés in this District and Texas in general.
    - One example is GG EZ Gaming Cafe, 2001 Coit Rd STE 210, Plano, TX 75075.
    - Another example is The Kardboard Box Gaming Lounge, located at 2963 West 15th Street, Suite 2995, Plano, Texas 75075. *See* https://thekardboardbox.com/contact/, *as last visited on January 26, 2024.*

First Amended Complaint



*Figure 2* – Excerpt from https://thekardboardbox.com/contact/, as last visited on January 16, 2024, which is Plano's Kardboard Box Gaming Lounge website.

First Amended Complaint





**Figure 3** – *Screenshot of Valve Gift Cards obtained by clicking on Best Buy, a result from a search of "Valve gift cards are sold where?" as conducted on September 14, 2023.*

13. Upon information and belief, Valve Corp. has at least 5 (five) employees that reside in the state, who have relevant information related to this patent infringement lawsuit, including:
    - Former Valve Corporation employee - Mitchell Ludolf (on information and belief he was an employee when the original complaint was filed).
        - https://www.linkedin.com/in/mitchell-ludolf-90b634212/,
        - Customer Service Representative.

First Amended Complaint

- o   Former Valve Corporation employee - Brandon Reinhart (on information and belief he was an employee when the original complaint was filed).
    - https://www.linkedin.com/in/brandon-reinhart-a26ab8260/
- o   Former Valve Corporation employee - Helen Pope
    - https://www.linkedin.com/in/helen-pope-3a17111b0/
    - Senior Software Engineer / Augmented Reality at Valve corporation
- o   Former Valve Corporation employee - Jenny Jacobi
    - https://www.linkedin.com/in/jennyjacobi/

•



*Figure 6* – *Valve Corporation developer community screenshot listing Frisco based Gearbox Software, L.L.C. at https://developer.valvesoftware.com/wiki/Gearbox_Software as last visited on September 14, 2023.*

14. Venue is proper in this District as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b). As noted above, Defendant maintains a regular and established business presence in this District as shown above through Valve's licensing agreements with gaming establishments in this District, among other evidence.  And defendant Gearbox is physically located in this District. Additionally, in prior litigation titled *Display Technologies, LLC v. Valve Corporation*, 2-15-cv-00999 (E.D. Tex. June 8, 2015), on

First Amended Complaint

information and belief a requirement relating to disputes in the future requires resolution in this District.

**PATENTS-IN-SUIT**

15. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent Nos. 8,651,369 (hereinafter "the '369 Patent"), and 8,936,190 (collectively "the Symbology Patents").

16. The Symbology Patents are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

17. Plaintiff possesses all rights of recovery under the Symbology Patents, including the exclusive right to recover for past, present and future infringement.

18. The inventor of the Symbology Patents, Mr. Leigh M. Rothschild, was Chairman and Chief Executive Officer of IntraCorp Entertainment, Inc., a consumer software company with worldwide product distribution. From October 1998 through February 2004, Mr. Rothschild was also Chairman and founder of BarPoint.com, a NASDAQ publicly traded wireless company that was the leader and early creator of connecting symbology, such as barcodes, to the Internet.

19. Mr. Rothschild chairs the Rothschild Family Foundation, which endows outstanding charities and institutions around the world.

20. The priority date of the '773 Patent is at least as early September 15, 2010. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

21. The '369 Patent contains twenty-eight claims including three independent claims and twenty-five dependent claims.

22. The priority date of the '369 Patent is at least as early September 15, 2010. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

23. Plaintiff alleges infringement on the part of Defendant of the '369 Patent.

24. The Symbology Patents teach a system and method for enabling a portable electronic device to retrieve information about an object when the object's symbology, e.g., a barcode, is detected.  See '369 Patent, Abstract.  According to one embodiment a method

is provided in which symbology associated with an object is detected and decoded to obtain a decode string. *Id*. The decode string is sent to one or more visual detection applications for processing, wherein the one or more visual detection applications reside on the portable electronic device, and receiving a first amount of information about the object from the one or more visual detection applications. *Id*.

25. As noted, the claims of the Symbology Patents have a priority date at least as early as September 15, 2010.  The present invention allows for users to quickly and conveniently obtain information about an object utilizing a portable electronic device that detects symbology associated with the object.  '773 Patent, 1:55-60; 2:46-54. Using any applicable visual detection device (e.g., a camera, scanner, or other device) on the portable electronic device, the user may select an object by scanning or capturing an image of symbology (e.g., barcodes) associated with the object. *Id*. The object may be an article of commerce, product, service, or any item associated with various types of symbology.  *Id*.

26. The system(s) and methods of the Symbology Patents include software and hardware that do not operate in a conventional manner.  For example, the software is tailored to provide functionality to perform recited steps and the hardware (e.g., portable electronic device) is configured (and/or programmed) to provide functionality recited throughout the claims of the Symbology Patents.

27. The features recited in the claims in the Symbology Patents provide improvements to conventional hardware and software systems and methods.  The improvements render the claimed inventions of the Symbology Patents non-generic in view of conventional components.

28. The features and recitations in the claims of the Symbology Patents are not those that would be well-understood, routine, or conventional to one of ordinary skill in the art at the time of the invention.

29. The '773 Patent was examined by Primary United States Patent Examiner Allyson Trail. During the examination of the '773 Patent, the United States Patent Examiner searched for

First Amended Complaint

prior art in the following US Classifications: 235/375; 235/379; 705/80; 705/14.1; and 705/39.

30. The '369 Patent was examined by Primary United States Patent Examiner Allyson Trail. During the examination of the '369 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 235/375; 235/379; 705/14.1; 709/39; and 709/80.

31. After conducting a search for prior art during the examination of the '369 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: US 2007/0216226; US 2007/0291534; US 2008/0201310; US 2009/0099961; US 2010/0280896; and US 2010/0280960.

32. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '369 and the '190 Patents to issue.

33. In view of the foregoing, the claims of these Patents are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '369 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by the Examiner.

34. The expiration date for the claims of the '369 Patent is September 15, 2030.

**ACCUSED INSTRUMENTALITIES**

35. Upon information and belief, Defendant sells, advertises, offers for sale, uses, or otherwise provides QR codes associated with an app (the "Accused Instrumentalities") as disclosed in Symbology's Preliminary Infringement Contentions (herein included by reference).

36. For purposes of defining what patent claims are asserted as well as the claims that specifically are not being asserted, Plaintiff identifies as shown on its served preliminary

First Amended Complaint

infringement contentions that Defendants Gearbox and Valve, direct and indirectly each infringe Claims 1, 7, and 24 of the '369 Patent, and Claims 1, 7, and 20 of the '190 Patent.

**Patent Claim Restriction Disclosure and Notice of Abandonment of Subject Matter.**

37. There are a plethora of factual disputes that preclude resolution of this matter at the pleading stage. *See Berkheimer v. HP, Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. Feb. 2018) ("The question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact that must be proven 'by clear and convincing evidence.'").

38. The '369 Patent and the '190 Patent are continuations of the same parent application, which issued on August 9, 2011, as U.S. Patent No. 7,992,773 ("The Parent" or "'773 Patent") and is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device."

39. During the prosecution of the '773 Patent, the applicant narrowed Claim 1 of the '773 patent via claim amendment in response to an Office Action issued by the USPTO (*See* Symbology production, Bates Nos. SYM000083 and SYM000088 – SYM000096). As a result of applicant's amendment to Claim 1, the '773 Patent includes the limitation in which the "one or more visual detection applications" are configured to "run in the background," "automatically" decode "symbology" and send the decode string to another "visual detection application" residing on the portable device.

40. Importantly, during the prosecution of the Asserted Patents, applicant did not rescind the limitation requiring the visual detection to occur automatically or said another way the app is always looking for a QR code and this activity is always running in the background.

41. Additionally, the '773 Patent, the '369 Patent and the '190 Patent all contain the same language in the specifications as it relates to the "visual detection applications." Thus, Symbology's position is that the limitation in the Parent Patent applies to the phrase

"visual detection applications" in the Asserted Patents, and a proper construction of this phrase is required in order to properly evaluate the merits of any allegation purporting to contain an "abstract concept" argument.

## COUNT ONE

### (Infringement of United States Patent No. 8,651,369)

42. Plaintiff refers to and incorporates the allegations in Paragraphs above, the same as if set forth herein.

43. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

44. Defendant has knowledge of its infringement of the '369 Patent at least as of the service of the present complaint.

45. Accordingly, Defendant has infringed and continues to infringe, the '369 Patent in violation of 35 U.S.C. § 271.  Upon information and belief, Defendant has infringed and continues to infringe Claims1, 7, and 24 of the '369 Patent by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.

46. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '369 Patent, by having its employees internally test and use the Accused Instrumentalities.

47. As set forth in the infringement contentions, the Accused Instrumentalities practice the technology claimed by the '369 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary claims 1, 7, and 24 of the '369 Patent.

48. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

49. The '369 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

89. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '369 Patent, pursuant to 35 U.S.C. § 271.

90. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '369 Patent, without license or authorization.

91. As a result of Defendant's infringement of the '369 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

92. Plaintiff is in compliance with 35 U.S.C. § 287.

93. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '369 Patent up until the date that Defendant ceases its infringing activities.

## COUNT TWO

### (Infringement of United States Patent No. 8,936,190)

94. Plaintiff refers to and incorporates the allegations in Paragraphs above, the same as if set forth herein.

95. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

96. Defendant has knowledge of its infringement of the '190 Patent at least as of the service of the present complaint.

97. Accordingly, Defendant has infringed and continues to infringe, the '190 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe Claims 1, 7, and 20 of the '190 Patent by making, using, importing, selling, and/or offering for sale (as identified in the served infringement contentions.

98. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, Claims 1, 7, and 20 of the '190 Patent.

99. The service of this Complaint, in conjunction with the served infringement contentions constitutes actual knowledge of infringement as alleged here.

First Amended Complaint

102. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

103. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

104. The '190 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

106. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '190 Patent, pursuant to 35 U.S.C. § 271.

107. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '190 Patent, without license or authorization.

108. As a result of Defendant's infringement of the '190 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

109. Plaintiff is in compliance with 35 U.S.C. § 287.

110. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '190 Patent up until the date that Defendant ceases its infringing activities.

## DEMAND FOR JURY TRIAL

114. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of Symbology Patents (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

First Amended Complaint

(c) Award Plaintiff damages resulting from Defendants infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity; including treble damages for willful infringement.

Dated:  January 16, 2024

Respectfully Submitted,

*/s/ Randall Garteiser*
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
M. Scott Fuller
   Texas Bar No. 24036607
   rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**

First Amended Complaint