# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VALVE CORPORATION, GEARBOX SOFTWARE, L.L.C., <br><br> Defendants. | Civil Action No. 2:23-cv-00419-JRG <br><br> **JURY TRIAL DEMANDED** |

# MOTION OF DEFENDANT GEARBOX SOFTWARE, L.L.C. TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ....................................2

III. FACTUAL BACKGROUND................................................................................................2

    A. Symbology's Amended Complaint Attempts to Conflate Gearbox and Valve as a Single "Defendant" in an Attempt to Establish Venue Over Valve ...........................................................................................................................2

    B. The Only Asserted Infringement Allegations Are Directed to Valve and QR Codes Used to Sign on to Valve's Steam App ..................................................4

    C. The "Willful Infringement" Allegations in the Amended Complaint Are Not Directed to Gearbox .................................................................................................5

IV. LEGAL STANDARD...........................................................................................................6

V. ARGUMENT .........................................................................................................................6

    A. Symbology's Amended Complaint Fails to Plausibly Plead Direct Infringement by Gearbox ..........................................................................................6

    B. Symbology's Amended Complaint Fails to Plausibly State a Claim of Indirect Infringement Against Gearbox ..................................................................9

    C. Symbology's Amended Complaint Fails to State a Claim of Willful Infringement by Gearbox .......................................................................................11

VI. CONCLUSION....................................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................... 6

*Baker v. Putnal*,
    75 F.3d 190 (5th Cir. 1996) ................................................................................................ 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................... 2

*Callier v. Nat'l United Grp., LLC*,
    No. 21-CV-71-DB, 2022 WL 4088205 (W.D. Tex. Sept. 6, 2022) .................................... 6

*Cobarobio v. Midland Cnty.*,
    No. 13-CV-00111-RAJ, 2015 WL 13608102 (W.D. Tex. Jan. 7, 2015), *aff'd*,
    695 F. App'x 88 (5th Cir. 2017) ........................................................................................ 7

*Doe v. Yackulic*,
    No. 18-CV-084-ALM-CAN, 2019 WL 1301998 (E.D. Tex. Feb. 19, 2019) ................ 6, 12

*EMED Techs. Corp. v. Repro-Med Sys.*,
    No. 17-CV-00728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018) .................... 3

*Fractus, S.A. v. TCL Corp.*,
    No. 20-CV-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) ....................... 11, 12

*Lone Star Fund V (U.S.), L.P v. Barclays Bank PLC*,
    594 F.3d 383 (5th Cir. 2010) .............................................................................................. 9

*Martinez v. City of N. Richland Hills*,
    846 F. App'x 238 (5th Cir. 2021) ...................................................................................... 6

*Nu-You Techs., LLC v. Beauty Town Int'l Inc.*,
    No. 15-CV-03433-N, 2016 WL 4717991 (N.D. Tex. July 7, 2016) ............................... 8, 9

*Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*,
    No. 19-CV-876-SDJ, 2020 WL 6781566 (E.D. Tex. Nov. 17, 2020) .............................. 10

*Sec. & Exch. Comm'n v. First Fin. Grp. of Tex.*,
    645 F.2d 429 (5th Cir. 1981) .............................................................................................. 2

*Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*,
    No. 13-CV-38-JRG, 2014 WL 894805, at *5-6 .......................................................... 10, 11

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) ............................................................................................................6

Fed. R. Civ. P. 12(b)(6).............................................................................................1, 6, 9

Patent Rule 3-1................................................................................................................9

I.      **INTRODUCTION**

Defendant Gearbox Software, L.L.C. ("Gearbox") moves to dismiss the claims of Plaintiff Symbology Innovations, LLC ("Symbology") against Gearbox pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under the *Twombly/Iqbal* standard.

Symbology's Amended Complaint does not allege infringement by any Gearbox products, let alone articulate any plausible theories of infringement. Instead, the *only* allegations of infringement are directed to the other defendant in the case, Valve Corporation ("Valve"), which is a wholly separate entity from Gearbox. Symbology included Gearbox in this case solely in an attempt to manufacture venue as to Valve,[1] confirmed by the fact that Symbology's Amended Complaint, and the charts attached to the Original Complaint, ***lack any infringement allegations directed to Gearbox or Gearbox's products at all***. Symbology's attempt to conflate the two defendants, and to attribute the allegedly infringing acts of one defendant (Valve) to another defendant (Gearbox), is improper. The Amended Complaint fails to state claims of infringement and willfulness as to Gearbox and, accordingly, these claims should be dismissed.[2]

---

[1] Valve has filed a Motion to Dismiss for Improper Venue. (Dkt. 11 at 7-9.) In its motion, Valve explained that Symbology is merely using "Gearbox in a transparent attempt to manufacture venue against Valve," and that "Symbology does not accuse Gearbox of infringing its patents, and the charts of accused products that Symbology attaches to its complaint do not contain a single reference to Gearbox." (*Id.* at 7.)

[2] After Gearbox filed a Motion to Dismiss Symbology's Original Complaint (Dkt. 31), Symbology filed an Amended Complaint, (Dkt. 35). Symbology has not opposed Gearbox's Motion to Dismiss its Original Complaint (*see generally*, Amended Complaint), and Gearbox's Motion to Dismiss the Original Complaint is still pending. Moreover, nothing in the Amended Complaint remedies Symbology's failure to state a claim of infringement against Gearbox in its Original Complaint. As explained in Section V of this Motion, Symbology's Amended Complaint suffers from the same deficiencies as its Original Complaint. Therefore, Gearbox renews its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) as to Symbology's Amended Complaint.

## II.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

The issue to be decided is whether Symbology's Amended Complaint adequately states a claim for relief, under the *Twombly* standard, as to Gearbox.  More specifically, the Court is being asked to decide whether the Amended Complaint adequately states claims of direct infringement, indirect infringement, and willful infringement by Gearbox.

## III.   FACTUAL BACKGROUND

Plaintiff Symbology asserts two patents which it purports to own via assignment: U.S. Patent Nos. 8,651,369 ("the '369 Patent"), and 8,936,190 ("the '190 Patent").  (*See* Dkt. 35 ("Amended Complaint") at 1.)  The sole named inventor of each of the asserted patents is Leigh M. Rothschild.  (*See* Dkt. 1 ("Original Complaint"), Exs. C, D.)[3]  According to the Amended Complaint, the asserted patents are directed to "a system and method for enabling a portable electronic device to retrieve information about an object when the object's symbology, e.g., a barcode, is detected."  (Amended Complaint ¶ 24.)

### A.   Symbology's Amended Complaint Attempts to Conflate Gearbox and Valve as a Single "Defendant" in an Attempt to Establish Venue Over Valve

Symbology names two defendants—Valve and Gearbox—in its Amended Complaint. (Amended Complaint ¶¶ 2-3.)  Although Valve and Gearbox are wholly different entities, the Amended Complaint almost exclusively refers to Valve and Gearbox collectively as "Defendant."[4]

---

[3] Unlike the Original Complaint, Symbology's Amended Complaint does not include any exhibits, *e.g.*, the asserted patents and the charts on which Symbology's infringement claims are based.  The Court may take judicial notice of its own records.  *Sec. & Exch. Comm'n v. First Fin. Grp. of Tex.*, 645 F.2d 429, 433 n.6 (5th Cir. 1981).

[4] Symbology's Complaint references Gearbox individually only a few times, mainly in reference to Gearbox's place of business and the collaboration between Gearbox and Valve regarding two video games, Counter-Strike and Half-Life, released in 2002 and 2004, respectively. (*See* Amended Complaint ¶ 3 (identifying Gearbox's principal place of business); *id.* ¶ 7, ¶ 13 at Fig. 6 (discussing prior collaboration between Valve and Gearbox); *id.* ¶ 14 (noting Gearbox is physically located in the Eastern District of Texas); *id.* ¶36 (noting that Gearbox was served with Symbology's preliminary infringement contentions).)

(*See id.* ¶ 3.)  However, the Amended Complaint does not allege, or provide any facts supporting, any assertion that Valve and Gearbox are a single entity, because they are not.  The Amended Complaint merely states that the two entities have previously collaborated on two video games, Half-Life and Counter-Strike, which launched in 2002 and 2004, respectively.  (*See id.* ¶¶ 7, 13 at Fig. 6.)  The two video games on which Valve and Gearbox collaborated nearly two decades ago are not accused products.  (*See id.* ¶ 35.)

The Amended Complaint conflates Gearbox and Valve in an attempt to manufacture venue over Valve.  (*See* Dkt. 11 (Valve's Motion to Dismiss for Improper Venue).)  Specifically, the Amended Complaint alleges that venue is proper because, "[a]s noted above, Defendant maintains a regular and established business presence in this District." (Amended Complaint ¶ 14.)  The Amended Complaint alleges that Valve maintains licensing agreements with gaming establishments in Eastern District of Texas and therefore venue is proper as to Valve.  Such licensing agreements—even if true—are not sufficient to establish Valve's physical presence in this District.  *See, e.g., EMED Techs. Corp. v. Repro-Med Sys.*, No. 17-CV-00728-WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) (collecting cases to support the proposition that the place of business of an independently owned and operated distributor cannot establish venue for its supplier).  Thus, the only place of business *of either Defendant* in this District mentioned is the place of business of Gearbox.  (*See* Amended Complaint ¶¶ 2–3.)  In other words, the Amended Complaint alleges that Gearbox has a "regular and established business presence in this District" (*id.* ¶ 14), and attempts to attribute such presence to Valve by conflating Gearbox and Valve as a single "Defendant" (*id.* ¶ 3).

3

### B. The Only Asserted Infringement Allegations Are Directed to Valve and QR Codes Used to Sign on to Valve's Steam App

The Amended Complaint identifies the accused instrumentalities as "QR codes associated with an app . . . as disclosed in Symbology's Preliminary Infringement Contentions (herein included by reference)." (Amended Complaint ¶ 35.) While the Amended Complaint does not specify the "Defendant" whose "app" is associated with the accused QR codes,[5] the only claim charts that are within the pleadings in this case make clear that the "Defendant" being referenced is Valve. Specifically, the claim charts attached to the Original Complaint identify the allegedly infringing product as the "Steam App," which is an application that is a product of Valve, and identify the accused QR code as one that can be used "to sign into Steam instead of entering a password." (*See* Original Complaint., Ex. G at, *e.g.*, 3 (identifying accused QR code); *see also* Dkt. 11 at 3 (Valve confirming that "Valve and Gearbox did not work together to develop the Steam mobile app"), 9 (Valve describing "Valve's Steam platform").) The claim charts do not identify or chart any Gearbox products or services. (*See generally*, Original Complaint, Exs. G, H; *see also* Dkt. 11 at 7 (Valve's motion explaining that "Symbology does not accuse Gearbox of infringing its patents, and the charts of accused products that Symbology attaches to its complaint do not contain a single reference to Gearbox").)

Pursuant to the Court's initial case management order (Dkt. 7), Symbology served infringement contentions on Gearbox[6] (*see* Declaration of Jessica M. Kaempf ("Kaempf Decl.") ¶ 2). Like the charts attached to the Original Complaint, Symbology's infringement contentions

---

[5] The counts of infringement further state, *e.g.*, "[u]pon information and belief, **Defendant** has infringed and continues to infringe Claims 1, 7, and 24 of the '369 Patent by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities"—again, without specifying the "Defendant." (Amended Complaint ¶ 45 (emphasis added); *see also id.* ¶ 97.)

[6] Symbology served its contentions on Gearbox on November 21, 2023, a day after the deadline provided in the initial case management order. (Kaempf Decl., ¶ 2.)

identify the "accused instrumentalities" as comprising only Valve products, specifically the Steam platform. (*Id.* ¶ 3.) While the Amended Complaint purports to incorporate Symbology's infringement contentions by reference (*see* Amended Complaint ¶ 36), Symbology did not attach its infringement contentions to its Amended Complaint (*see generally*, Amended Complaint).

### C. The "Willful Infringement" Allegations in the Amended Complaint Are Not Directed to Gearbox

Unlike the Original Complaint, the Amended Complaint does not contain specific allegations of willful infringement.[7] (*See generally*, Amended Complaint.) The Amended Complaint contains only generic statements, such as "*[d]efendant* has knowledge of its infringement of the '190 Patent at least as of the service of the present complaint" (*id.* ¶ 96 (emphasis added)), and that "[t]he service of this Complaint, in conjunction with the served infringement contentions constitutes actual knowledge of infringement as alleged here" (*id.* ¶ 99). Nowhere does Symbology assert that Gearbox specifically had knowledge of any purported infringement by Gearbox. Importantly, in its Original Complaint, Symbology did not make any allegations plausibly stating a claim of infringement by Gearbox. (*See* Dkt. 31 (Gearbox's Motion to Dismiss for Failure to State a Claim of Infringement); *see also* Original Complaint.)

Although Symbology's Amended Complaint does not include any allegations specific to Gearbox regarding purported "willful infringement," Symbology nonetheless requests "treble damages for willful infringement." (Amended Complaint, "Prayer for Relief" at 14.)

---

[7] The Original Complaint contained merely three paragraphs, which are now omitted in the Amended Complaint, purportedly supporting willful infringement. (Original Complaint ¶¶ 111–113 (alleging that Symbology had "communications" with an unspecified "Defendant" and that an unspecified "Defendant" purportedly acknowledged and had knowledge of the asserted patents and alleged infringement).) Notably, the Original Complaint failed to specify the "Defendant" subject of its willful allegations, and unsurprisingly never identified any alleged communication with Gearbox, since no such pre-complaint communications occurred. Those prior allegations—which again, have now been omitted from the Amended Complaint—were insufficient to adequately plead willful infringement. (*See* Dkt. 31 at 10–11.)

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## V. ARGUMENT

### A. Symbology's Amended Complaint Fails to Plausibly Plead Direct Infringement by Gearbox

Because the Amended Complaint fails to identify even a single alleged act of infringement specifically by Gearbox, and provides no factual assertions linking Gearbox to any accused product, Symbology has failed to raise a plausible inference of liability against Gearbox, and the claims of infringement against Gearbox must be dismissed.

Highly generalized assertions that merely lump together multiple defendants, and that do not identify the specific actions of an individual defendant that allegedly render that defendant liable, are insufficient to state a claim. *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 244 (5th Cir. 2021) (affirming dismissal of claims that "refer[red] to the Individual Defendants collectively and without specific distinction as to individual knowledge possessed, and the action and/or inaction committed by each"); *Doe v. Yackulic*, No. 18-CV-084-ALM-CAN, 2019 WL 1301998, at *13 (E.D. Tex. Feb. 19, 2019) (dismissing claims which "largely fail[ed] to assert any individualized conduct" and "lump[ed] numerous [d]efendants together"); *see also Callier v. Nat'l*

6

*United Grp., LLC*, No. 21-CV-71-DB, 2022 WL 4088205, at *4 (W.D. Tex. Sept. 6, 2022) ("Allegations like these which lump all defendants together, without identifying specific actions of individual defendants, will not suffice to raise a plausible inference of liability against any individual defendant.") (citing *Cobarobio v. Midland Cnty.*, No. 13-CV-00111-RAJ, 2015 WL 13608102, at *9 (W.D. Tex. Jan. 7, 2015), *aff'd*, 695 F. App'x 88 (5th Cir. 2017) (stating that a complaint that "routinely lumps all Defendants together without identifying actions of any individual Defendant" and makes "global assertions of fault" does not set out the specific factual allegations needed)).

Here, Symbology's Amended Complaint merely attempts to lump together Gearbox with Valve, without pleading facts to support a claim of infringement specific to Gearbox. Neither the Amended Complaint nor the claim charts attached to the Original Complaint identify any allegedly infringing products or services of *Gearbox*. (*See generally*, Amended Complaint; Original Complaint, Exs. G, H.) The claim charts attached to the Original Complaint allege infringement solely by Valve's Steam platform, making clear that the only Defendant that Symbology accuses of infringement is Valve, not Gearbox. (Original Complaint, Exs. G, H.) In other words, Symbology merely makes allegations directed to the infringing acts by Valve, then attempts to lump Gearbox and Valve together (without identifying any conduct specific to Gearbox). Such vague, global assertions of fault are insufficient to state a claim as to Gearbox. *Cobarobio*, 2015 WL 13608102, at *9.

Further, Symbology's attempt to associate Gearbox with Valve, by stating that the two defendants previously collaborated on two games nearly two decades ago (*see* Amended Complaint ¶ 7), is insufficient to state a claim of infringement. Neither game identified as being subject of Gearbox's and Valve's long-ago collaboration is at issue in this litigation, and this is confirmed by Symbology's own claim charts, which do not contain a single reference to Gearbox

7

or either of those games.  (*See generally*, *id.*; Original Complaint Exs. G, H.)  Nor does the Amended Complaint plead any facts supporting any allegation that Gearbox somehow allegedly infringes through Valve's product.  (*See generally*, Amended Complaint.)  Indeed, nothing in the Amended Complaint suggests that Gearbox makes, uses, offers to sell, or sells the accused Valve product.  (*See id.*)

Nor can Symbology save its complaint from dismissal with its allegation that an unspecified "Defendant" infringes "by having its employees internally test and use the Accused Instrumentalities." [8] (*Id.* ¶ 46.)  Again, Symbology does not specify which "Defendant" it believes purportedly conducts internal testing.  Moreover, to the extent Symbology contends that it is Defendant Gearbox that performs such "internal testing," Symbology provides no factual basis to support that allegation.  (*Id.*)  Nor is that speculation plausible.  The Amended Complaint contains no reason why Gearbox, a video game *developer*, would be performing internal testing of a QR code purportedly used for logging into Valve's gaming platform—a platform made for game *users*.  (*See, e.g.*, Original Complaint, Ex. G at 3 (identifying as allegedly infringing the "QR code sign in," which can be used "to sign into Steam instead of entering a password").)  This one-sentence, conclusory assertion of alleged "internal testing" is Symbology's ***only*** assertion of infringement that could ***even possibly*** be directed at Gearbox.  Because this assertion is entirely speculative and provides no plausible basis for infringement, Symbology's claims as to Gearbox should be dismissed.  *See Nu-You Techs., LLC v. Beauty Town Int'l Inc.*, No. 15-CV-03433-N, 2016 WL 4717991, at *2 (N.D. Tex. July 7, 2016) (dismissing direct infringement claim that relied on speculative allegations about performing the claimed method).

---

[8] Symbology's Amended Complaint only alleges that "Defendant" infringes "at least Claim 1" of the '369 patent through internal testing.  No such allegations are made for the '190 patent.  (*Compare* Amended Complaint ¶ 46 *with id.* ¶ 98.)

To the extent Symbology argues that its infringement contentions served under Patent Local Rule 3-1 save its claims from dismissal, the Court should reject that argument. When deciding a motion to dismiss under Rule 12(b)(6), the court "may not look beyond the pleadings in ruling on the motion." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)). The Fifth Circuit has construed "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint" to be within the pleadings. *Lone Star Fund V (U.S.), L.P v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Symbology's infringement contentions, by contrast, are outside the pleadings. The infringement contentions were not attached to the Amended Complaint and have not been included as exhibits in any other pleadings. Thus, they remain outside the pleadings in this case and cannot be used to save Symbology's defective claims against Gearbox from dismissal.

Moreover, even if the Court were to consider Symbology's infringement contentions in deciding this motion to dismiss—which it should not—the contentions are nonetheless insufficient to state claims of infringement as to Gearbox. Importantly, the infringement contentions identify the "accused instrumentalities" as comprising only "Valve products"—not Gearbox products. (*See* Kaempf Decl., ¶ 3.) At most, Symbology asserts that "upon information and belief" Gearbox infringes "during internal testing of the functionalities described herein." (*Id*.) As discussed above, these assertions of infringement via internal testing are entirely speculative and thus fail to save Symbology's claims as to Gearbox from dismissal. *See Nu-You*, 2016 WL 4717991, at *2.

**B.  Symbology's Amended Complaint Fails to Plausibly State a Claim of Indirect Infringement Against Gearbox**

Symbology's Amended Complaint also fails to make any adequate allegation of indirect infringement. To adequately plead a claim of indirect infringement, a plaintiff must plausibly plead

an underlying act of direct infringement. *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 19-CV-876-SDJ, 2020 WL 6781566, at *5 (E.D. Tex. Nov. 17, 2020) (citing *In re Bill of Lading*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("Where a plaintiff has not adequately pleaded an underlying act of direct infringement, theories of indirect infringement must be dismissed."). Here, as discussed above, Symbology does not allege anywhere in its pleadings that *any* Gearbox technology infringes the asserted patents. Symbology's Amended Complaint therefore fails to state a claim of indirect infringement.

Moreover, Symbology fails to allege the additional requirements for induced infringement. Specifically, the Amended Complaint fails to allege that Gearbox had specific intent to encourage any third party's alleged infringement. To sufficiently plead specific intent, a complaint must allege an "affirmative step" taken by the defendant "to bring about the desired result" of inducing infringement. *Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*, No. 13-CV-38-JRG, 2014 WL 894805, at *5-6 (E.D. Tex. Mar. 4, 2014) ("the law requires evidence of affirmative steps . . . because such an evidentiary hurdle ensures the availability of useful products and protects neutral market participants who are indifferent to the possibility of infringement"). Here, the Amended Complaint is silent as to any Gearbox actions that could be construed as an "affirmative act[]" inducing infringement or that support an inference that Gearbox had the requisite "specific intent" to induce infringement. *See id.* Because the Amended Complaint does not, and cannot, allege that Gearbox has taken any affirmative steps to encourage the use of a feature on *another company's* product (*i.e.*, Valve's QR codes used to sign in to Valve's Steam App), Symbology has not adequately pleaded any claim of induced infringement, and such claims against Gearbox should be dismissed on this basis.

Further, the Court should again reject any attempt by Symbology to rely on its infringement contentions. As discussed above, such infringement contentions are outside the pleadings and

10

therefore cannot save Symbology's defective claims as to Gearbox from dismissal. Moreover, even if the Court considers such contentions (it should not), the contentions remain insufficient to plausibly state a claim of indirect infringement. Symbology merely states in a conclusory manner that Gearbox induces "its customers to sign in on Steam application (provided by Valve Corporation) in order to access and purchase [Gearbox's] games." (Kaempf Decl., ¶ 4.) But nowhere in the infringement contentions does Symbology identify any affirmative acts by Gearbox that purportedly induce customers to sign in on Steam in the allegedly infringing manner. (*Id*.) Symbology does not even allege that Gearbox has knowledge of Valve's QR code, let alone that Gearbox had knowledge that the QR code is allegedly infringing. (*Id*.); *Tierra*, 2014 WL 894805, at *2 (indirect infringement requires that "defendant knew of the patent and that the acts in question would infringe" and "that the defendant had specific intent to encourage the third party's infringement"). Because Symbology does not plead any claim of indirect infringement, and because any such claim of indirect infringement would be simply implausible in light of the fact that the accused product is *another company's* product, the Court should dismiss any indirect infringement claims as to Gearbox.

> **C.    Symbology's Amended Complaint Fails to State a Claim of Willful Infringement by Gearbox**

Finally, Symbology's willful infringement claim should be dismissed, as Symbology does not plausibly state a claim of willful infringement against Gearbox. "Willfulness is a matter of culpability and state of mind, and the degree of culpability required has been described as 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or … characteristic of a pirate." *Fractus, S.A. v. TCL Corp.*, No. 20-CV-00097-JRG, 2021 WL 2483155, at *4 (E.D. Tex. June 2, 2021) (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103-104 (2016). In order to sufficiently state a claim of willful infringement, the complaint must allege knowledge of

11

the purported infringing conduct. *See id.* (finding failure to state a claim of willful infringement where the complaint only alleged notice of the asserted patents and not any culpable conduct).

Here, Symbology's Amended Complaint does not (and cannot) allege that Gearbox had knowledge of any allegation of infringement. Instead, the Complaint merely alleges that an unspecified "Defendant" had knowledge of alleged infringement, based entirely on service of the Original Complaint. (Amended Complaint ¶¶ 96, 99.) But the Original Complaint made no allegations whatsoever supporting alleged infringement by Gearbox. Indeed, Gearbox moved to dismiss Symbology's Original Complaint on the basis that it failed to state a claim of infringement against Gearbox (Dkt. 31); Symbology did not oppose Gearbox's motion, and instead filed an Amended Complaint, which continues to fail to allege any infringement by Gearbox. Symbology's language that again attempts to lump Valve and Gearbox together—attributing both purported infringement and purported knowledge of infringement to Gearbox—is insufficient to state a plausible claim. Accordingly, the claims of willful infringement against Gearbox should be dismissed. *Doe*, 2019 WL 1301998, at *13.

## VI.   CONCLUSION

For the foregoing reasons, Gearbox respectfully requests that the Court dismiss the claims against Gearbox.

Dated:  January 30, 2024                                  Respectfully submitted,

                                      By:  */s/ Jessica M. Kaempf*
                                            Michael J. Sacksteder
                                            CA Bar No. 191605 (Admitted to E.D. Texas)
                                            Email:  msacksteder@fenwick.com
                                            **FENWICK & WEST LLP**
                                            555 California Street, 12th Floor
                                            San Francisco, CA  94104
                                            Telephone:  (415) 875-2300

Jessica M. Kaempf
WA Bar No. 51666 (Admitted to E.D. Texas)
Email:  jkaempf@fenwick.com
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA  98101
Telephone:  (206) 389-4510

Attorneys for *Gearbox Software, L.L.C.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Dated:  January 30, 2024                                         */s/ Jessica M. Kaempf*
                                                                                       Jessica M. Kaempf