# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VALVE CORPORATION, GEARBOX SOFTWARE, L.L.C.,<br><br>Defendants. | Civil Action No. 2:23-cv-00419-JRG<br><br>**JURY TRIAL DEMANDED** |

## MOTION OF DEFENDANT GEARBOX SOFTWARE, L.L.C. TO DISMISS THE SECOND AMENDED COMPLAINT UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ..................................................................................................1

II.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...................................2

III.   FACTUAL BACKGROUND.....................................................................................2

      A.     Symbology's Second Amended Complaint Attempts to Conflate
            Gearbox and Valve as a Single "Defendant" in an Attempt to Establish
            Venue Over Valve..................................................................................2

      B.     The Only Asserted Infringement Allegations Are Directed to Valve and
            QR Codes Used to Sign on to Valve's Steam App ..................................3

      C.     The "Willful Infringement" Allegations in the Second Amended
            Complaint Are Not Directed to Gearbox ..................................................6

IV.    LEGAL STANDARD................................................................................................6

V.     ARGUMENT...........................................................................................................7

      A.     Symbology's Second Amended Complaint Fails to Plausibly Plead
            Direct Infringement by Gearbox ..............................................................7

            1.     Symbology's Only Plausible Claims of Direct Infringement
                 Are Directed to Valve, Not Gearbox ...............................................7

             2.     The Conclusory Language of Symbology's Second
                 Amended Complaint is Insufficient to State a Claim of
                 Direct Infringement Against Gearbox ...........................................10

      B.     Symbology's Second Amended Complaint Fails to Plausibly State a
            Claim of Indirect Infringement Against Gearbox.................................11

      C.     Symbology's Second Amended Complaint Fails to State a Claim of
            Willful Infringement by Gearbox .........................................................13

VI.    CONCLUSION.....................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)......................................................................................................6, 7, 10

*Baker v. Putnal*,
　75 F.3d 190 (5th Cir. 1996) ......................................................................................................9

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007).....................................................................................................................2

*Callier v. Nat'l United Grp., LLC*,
　No. 21-CV-71-DB, 2022 WL 4088205 (W.D. Tex. Sept. 6, 2022)...........................................7

*Cobarobio v. Midland Cnty.*,
　No. 13-CV-00111-RAJ, 2015 WL 13608102 (W.D. Tex. Jan. 7, 2015), *aff'd*,
　695 F. App'x 88 (5th Cir. 2017) ...............................................................................................8

*Doe v. Yackulic*,
　No. 18-CV-084-ALM-CAN, 2019 WL 1301998 (E.D. Tex. Feb. 19, 2019) .......................7, 14

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
　No. 17-CV-00728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018)...........................3

*Fractus, S.A. v. TCL Corp.*,
　No. 20-CV-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) .............................13, 14

*Lone Star Fund V (U.S.), L.P v. Barclays Bank PLC*,
　594 F.3d 383 (5th Cir. 2010) .....................................................................................................9

*Martinez v. City of N. Richland Hills*,
　846 F. App'x 238 (5th Cir. 2021) ..............................................................................................7

*Nu-You Techs., LLC v. Beauty Town Int'l Inc.*,
　No. 15-CV-03433-N, 2016 WL 4717991 (N.D. Tex. July 7, 2016)....................................9, 10

*Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*,
　No. 19-CV-876-SDJ, 2020 WL 6781566 (E.D. Tex. Nov. 17, 2020) .....................................11

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.*,
　No. 15-CV-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ..............................10, 11

*Sec. & Exch. Comm'n v. First Fin. Grp. of Tex.*,
　645 F.2d 429 (5th Cir. 1981) .....................................................................................................2

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

*Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*,
    No. 13-CV-38-JRG, 2014 WL 894805, at *5-6.................................................12, 13

**STATUTES**

28 U.S.C. § 1400(b) ....................................................................................................3

35 U.S.C. §§ 271(a)–(c)...........................................................................................5, 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) ....................................................................................................6

Fed. R. Civ. P. 12(b)(6)...................................................................................1, 6, 9, 11

Patent Rule 3-1..........................................................................................................9

I.      INTRODUCTION

Defendant Gearbox Software, L.L.C. ("Gearbox") moves to dismiss the claims of Plaintiff Symbology Innovations, LLC ("Symbology") against Gearbox pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under the *Twombly/Iqbal* standard.

Nearly two months ago, on January 2, 2024, Gearbox filed a Motion to Dismiss the Original Complaint (Dkt. 31), in which Gearbox explained that Symbology did not allege infringement by any Gearbox products, let alone articulate any plausible theories of infringement. Now, after *twice* amending its complaint, Symbology still fails to remedy those deficiencies, and Symbology's Second Amended Complaint (Dkt. 40) ("SAC") suffers from the same fatal flaws.[1] Indeed, just like the Original Complaint (Dkt. 1) ("Original Complaint"), the *only* non-conclusory allegations of infringement are still directed to the other defendant in the case, Valve Corporation ("Valve"), which is a wholly separate entity from Gearbox.  Gearbox's amendments merely added three paragraphs which are entirely conclusory and simply cut-and-paste language from the patent statute.  Such conclusory, factually-unsupported paragraphs are insufficient to save Symbology's SAC from dismissal, particularly where Symbology's claim charts confirm that its infringement allegations are not directed to Gearbox or Gearbox's products at all.

Symbology included Gearbox in this case solely in an attempt to manufacture venue as to Valve, and its infringement allegations are directed to that party, not Gearbox.[2]  Symbology's attempt to conflate these two defendants, and to attribute the allegedly infringing acts of one

---

[1] Symbology has not filed an opposition to either Gearbox's Motion to Dismiss its Original Complaint, nor Gearbox's Motion to Dismiss its First Amended Complaint.  Those motions remain pending.  As explained in this Motion, Symbology's SAC continues to suffer from the same deficiencies as its Original Complaint and its First Amended Complaint (Dkt. 35) ("FAC").

[2] Valve has filed multiple Motions to Dismiss for Improper Venue.  (Dkts. 11, 37.)  In these motions, Valve explains that Symbology is merely using "Gearbox in a transparent attempt to manufacture venue against Valve."  (Dkt. 11 at 7; Dkt. 37 at 11.)

defendant (Valve) to another defendant (Gearbox), is improper.  The SAC fails to state claims of infringement and willfulness as to Gearbox and, accordingly, these claims should be dismissed. [3]

## II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

The issue to be decided is whether Symbology's SAC adequately states a claim for relief, under the *Twombly* standard, as to Gearbox.  More specifically, the Court is being asked to decide whether the SAC adequately states claims of direct infringement, indirect infringement, and willful infringement by Gearbox.

## III.     FACTUAL BACKGROUND

Plaintiff Symbology asserts two patents which it purports to own via assignment:  U.S. Patent Nos. 8,651,369 ("the '369 Patent") and 8,936,190 ("the '190 Patent").  (*See* SAC at 1.)  The sole named inventor of each of the asserted patents is Leigh M. Rothschild.  (*See* Original Complaint, Exs. C, D.)[4]  According to the SAC, the asserted patents are directed to "a system and method for enabling a portable electronic device to retrieve information about an object when the object's symbology, e.g., a barcode, is detected."  (SAC ¶ 24.)

**A.     Symbology's Second Amended Complaint Attempts to Conflate Gearbox and Valve as a Single "Defendant" in an Attempt to Establish Venue Over Valve**

Symbology names two defendants—Valve and Gearbox—in its SAC.  (SAC ¶¶ 2-3.) Although Valve and Gearbox are wholly different entities, the SAC almost exclusively refers to

---

[3] As shown by Symbology's two amended complaints, both of which lack any allegations that overcome the deficiencies in its Original Complaint, Symbology has merely been amending its complaint in order to delay resolution of both Defendant Gearbox's Motion to Dismiss for Failure to State a Claim and Defendant Valve's Motion to Dismiss for Improper Venue.  It is clear from Symbology's amendments that it is unable to remedy the deficiencies in its complaint.  Should Symbology attempt to again amend its complaint, Gearbox expects to request the Court to modify the DCO, to prevent an endless cycle of futile briefing.

[4] Unlike the Original Complaint, Symbology's SAC does not include any exhibits, e.g., the asserted patents and the charts on which Symbology's infringement claims are based.  The Court may take judicial notice of its own records. *Sec. & Exch. Comm'n v. First Fin. Grp. of Tex.*, 645 F.2d 429, 433 n.6 (5th Cir. 1981).

Valve and Gearbox collectively as "Defendant." (*See id.* ¶ 3.) However, the SAC does not allege, or provide any facts supporting, any assertion that Valve and Gearbox are a single entity, because they are not. The SAC merely states that the two entities have previously collaborated on two video games, Half-Life and Counter-Strike, which launched in 2002 and 2004, respectively. (*See id.* ¶¶ 7, 13 at Fig. 6.) The two video games on which Valve and Gearbox collaborated nearly two decades ago are not accused products. (*See id.* ¶ 35, 42–45.)

The SAC conflates Gearbox and Valve in an attempt to manufacture venue over Valve. (*See* Dkts. 11, 37.) Specifically, in concluding that venue is proper, the SAC alleges that "defendant Gearbox is physically located in this District." (SAC ¶ 14.)[5] Thus, the only place of business *of either Defendant* in this District mentioned is the place of business of Gearbox. (*See id.* ¶¶ 2–3.) In other words, the SAC alleges that Gearbox has a "regular and established business presence in this District" (*id.* ¶ 14) and attempts to attribute such presence to Valve by conflating Gearbox and Valve as a single "Defendant" (*id.* ¶ 3).

## B.   The Only Asserted Infringement Allegations Are Directed to Valve and QR Codes Used to Sign on to Valve's Steam App

The SAC identifies the accused instrumentalities as "QR codes associated with an app . . . as disclosed in Symbology's Preliminary Infringement Contentions (herein included by reference)." (SAC ¶ 35.) While the SAC does not specify the "Defendant" whose "app" is

---

[5] While the SAC also alleges that Valve maintains licensing agreements with gaming establishments in Eastern District of Texas, such licensing agreements (to the extent any such agreements exist) would not be sufficient to establish venue for Valve under 28 U.S.C. § 1400(b). *See, e.g., EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 17-CV-00728-WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) (collecting cases to support the proposition that the place of business of an independently owned and operated distributor cannot establish venue for its supplier).

associated with the accused QR codes,[6] the only claim charts that are within the pleadings in this case make clear that the "Defendant" being referenced is Valve.

Specifically, the claim charts attached to the Original Complaint identify the allegedly infringing product as the "Steam App," which is a product of Valve, and identify the accused QR code as one that can be used "to sign into Steam instead of entering a password." (*See* Original Complaint., Ex. G at, *e.g.*, 3 (identifying accused QR code); *see also* Dkt. 37 at 4 (Valve confirming that "Valve and Gearbox did not work together to develop the Steam mobile app"), 13 (Valve describing "Valve's Steam platform").) The claim charts do not identify or chart any Gearbox products or services. (*See generally*, Original Complaint, Exs. G, H.)

Pursuant to the Court's initial case management order (Dkt. 7), Symbology served infringement contentions on Gearbox.[7] (*See* Declaration of Jessica M. Kaempf ("Kaempf Decl.") ¶ 2.) Like the charts attached to the Original Complaint, Symbology's infringement contentions identify the "accused instrumentalities" as comprising only Valve products, specifically the Steam platform. (*Id.* ¶ 3.) While the SAC purports to incorporate Symbology's infringement contentions by reference (*see* SAC ¶ 35), Symbology did not attach its infringement contentions to its SAC (*see generally*, *id.*).[8]

In an attempt to remedy its failure to state a claim of infringement as to Gearbox, Symbology's SAC added an "Accused Functionality" Section with three paragraphs alleging

---

[6] The counts of infringement further state, *e.g.*, "[u]pon information and belief, **Defendant** has infringed and continues to infringe Claims[]1, 7, and 24 of the '369 Patent by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities"—again, without specifying the "Defendant." (SAC ¶ 49 (emphasis added); *see also id.* ¶ 97.)

[7] Symbology served its contentions on Gearbox on November 21, 2023, a day after the deadline provided in the initial case management order. (Kaempf Decl. ¶ 2.)

[8] While Symbology attached these infringement contentions to a "Revised" Second Amended Complaint, Symbology's counsel subsequently retracted that filing and the filing is now marked on the docket as "Filed in Error." (Dkt. 41.)

infringement by Gearbox. But those allegations merely paste in the statutory language of 35 U.S.C.

§§ 271(a)–(c) in a manner that defies the conventions of grammar and underscores the conclusory

nature of the pasted-in allegations, which Symbology did not even attempt to conform to the

structure of the sentences in the complaint. (*Id.* ¶¶ 42–44.)  Specifically, the entirety of those

paragraphs are as follows:

> 42. In [*sic*] information and belief, Defendant Gearbox Software makes, uses, offers to sell, or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
> 43. Additionally, on information and belief, Defendant Gearbox Software actively induces infringement of a patent shall be liable as an infringer.
> 44. Additionally, on information and belief, Defendant Gearbox Software offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, shall be liable as a contributory infringer.

(*Id.*)[9]  Nowhere in this new section or elsewhere in the SAC does Symbology identify any Gearbox

product, functionality, or action that could form the basis of an infringement action. (*Id.* ¶¶ 35–

36, 42–44; *see generally*, *id.*)  Indeed, this section fails to indicate whether Symbology is accusing

Gearbox of infringing both or just one of the asserted patents. (*See, e.g.*, *Id.* ¶ 43 ("Additionally,

on information and belief, Defendant Gearbox Software actively induces infringement ***of a patent***

shall be liable as an infringer.") (emphasis added).)

---

[9] Symbology also added paragraph 45, which contains infringement allegations directed to Valve (not Gearbox).  (SAC ¶ 45.)

C.      The "Willful Infringement" Allegations in the Second Amended Complaint
        Are Not Directed to Gearbox

Unlike the Original Complaint, the SAC contains no specific allegations of willful

infringement.[10]   (*See generally*, SAC.)   The SAC contains only generic statements, such as

"*[d]efendant* has knowledge of its infringement of the '190 Patent at least as of the service of the

present complaint" (*id.* ¶ 96 (emphasis added)), and that "[t]he service of this Complaint, in

conjunction with the served infringement contentions constitutes actual knowledge of

infringement as alleged here" (*id.* ¶ 99).   Nowhere does Symbology assert that Gearbox

specifically had knowledge of any purported infringement by Gearbox.  Importantly, in its Original

Complaint, Symbology did not make any allegations plausibly stating a claim of infringement by

Gearbox.  (*See* Dkt. 31; *see also* Original Complaint.)[11]

## IV.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

defendant may move to dismiss a complaint for failing to state a claim upon which relief can be

granted under Rule 12(b)(6).  "Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice" to plead the factual content required for a claim to

have facial plausibility.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint must "contain

---

[10] The Original Complaint contained merely three paragraphs, which are now omitted in the SAC, purportedly supporting willful infringement. (Original Complaint ¶¶ 111–113 (alleging that Symbology had "communications" with an unspecified "Defendant" and that an unspecified "Defendant" purportedly acknowledged and had knowledge of the asserted patents and alleged infringement).)  Notably, the Original Complaint failed to specify the "Defendant" subject of its willfulness allegations, and unsurprisingly never identified any alleged communication with Gearbox, since no such pre-complaint communications occurred.  Those prior allegations—which again, have now been omitted from the SAC—were insufficient to adequately plead willful infringement in any event.  (*See* Dkt. 31 at 10–11.)

[11] Symbology has also now removed its request for "treble damages for willful infringement." (*Compare* Amended Complaint, "Prayer for Relief" to SAC, "Prayer for Relief.")

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Id.*

V.    ARGUMENT

A.    **Symbology's Second Amended Complaint Fails to Plausibly Plead Direct Infringement by Gearbox**

Because the SAC fails to identify even a single alleged act of infringement specifically by

Gearbox, and provides no factual assertions linking Gearbox to any accused product, Symbology

has failed to raise a plausible inference of liability against Gearbox, and the claims of infringement

against Gearbox should be dismissed.

1.    **Symbology's Only Plausible Claims of Direct Infringement Are Directed to Valve, Not Gearbox**

Highly generalized assertions that merely lump together multiple defendants, and that do

not identify the specific actions of an individual defendant that allegedly render that defendant

liable, are insufficient to state a claim.  *Martinez v. City of N. Richland Hills*, 846 F. App'x 238,

244 (5th Cir. 2021) (affirming dismissal of claims that "refer[red] to the Individual Defendants

collectively and without specific distinction as to individual knowledge possessed, and the action

and/or inaction committed by each"); *Doe v. Yackulic*, No. 18-CV-084-ALM-CAN, 2019 WL

1301998, at *13 (E.D. Tex. Feb. 19, 2019) (dismissing claims which "largely fail[ed] to assert any

individualized conduct" and "lump[ed] numerous [d]efendants together"); *see also Callier v. Nat'l

United Grp., LLC*, No. 21-CV-71-DB, 2022 WL 4088205, at *4 (W.D. Tex. Sept. 6, 2022)

("Allegations like these which lump all defendants together, without identifying specific actions

of individual defendants, will not suffice to raise a plausible inference of liability against any

individual defendant.") (citing *Cobarobio v. Midland Cnty.*, No. 13-CV-00111-RAJ, 2015 WL

13608102, at *9 (W.D. Tex. Jan. 7, 2015), *aff'd*, 695 F. App'x 88 (5th Cir. 2017) (stating that a complaint that "routinely lumps all Defendants together without identifying actions of any individual Defendant" and makes "global assertions of fault" does not set out the specific factual allegations needed)).

Here, Symbology's SAC merely attempts to lump together Gearbox with Valve, without pleading facts to support a claim of infringement specific to Gearbox.  Neither the SAC nor the claim charts attached to the Original Complaint identify any allegedly infringing products or services of *Gearbox*.  (*See generally*, SAC; Original Complaint, Exs. G, H.)  The claim charts attached to the Original Complaint allege infringement solely by Valve's Steam platform, making clear that the only Defendant that Symbology accuses of infringement is Valve, not Gearbox. (Original Complaint, Exs. G, H.)  In other words, Symbology merely makes allegations directed to the infringing acts by Valve, then attempts to lump Gearbox and Valve together (without identifying any conduct specific to Gearbox).  Such vague, global assertions of fault are insufficient to state a claim as to Gearbox.  *Cobarobio*, 2015 WL 13608102, at *9.

Further, Symbology's attempt to associate Gearbox with Valve, by stating that the two defendants previously collaborated on two games nearly two decades ago (*see* SAC ¶¶ 7, 13 at Fig. 6), is insufficient to state a claim of infringement.  Neither game is at issue in this litigation, and this is confirmed by Symbology's own claim charts, which do not contain a single reference to Gearbox or either of those games.  (*See generally*, *id.*; Original Complaint, Exs. G, H.)  Nor does the SAC plead any facts supporting any allegation that Gearbox somehow allegedly infringes through Valve's product.  (*See generally*, SAC.)  Indeed, nothing in the SAC suggests that Gearbox makes, uses, offers to sell, or sells the accused Valve product.  (*See id.*)  Symbology cannot save its complaint from dismissal with its allegation that an unspecified "Defendant" infringes "by

having its employees internally test and use the Accused Instrumentalities." [12]   (*Id.* ¶ 50.)   Again, Symbology does not specify which "Defendant" it believes purportedly conducts internal testing. Moreover, to the extent Symbology contends that Defendant Gearbox performs such "internal testing," Symbology provides no factual basis to support that allegation.   (*Id.*)   Nor is that speculation plausible.   The SAC contains no reason why Gearbox, a video game *developer*, would be performing internal testing of a QR code purportedly used for logging into Valve's gaming platform—a platform made for game *users*.   (*See, e.g.*, Original Complaint, Ex. G at 3 (identifying as allegedly infringing the "QR code sign in," which can be used "to sign into Steam instead of entering a password").)   This assertion is entirely speculative and provides no plausible basis for infringement.   *See Nu-You Techs., LLC v. Beauty Town Int'l Inc.*, No. 15-CV-03433-N, 2016 WL 4717991, at *2 (N.D. Tex. July 7, 2016) (dismissing direct infringement claim that relied on speculative allegations about performing the claimed method).

To the extent Symbology argues that its infringement contentions served under Patent Local Rule 3-1 save its claims from dismissal, the Court should reject that argument.   When deciding a motion to dismiss under Rule 12(b)(6), the court "may not look beyond the pleadings in ruling on the motion."   *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)).   The Fifth Circuit has construed "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint" to be within the pleadings.   *Lone Star Fund V (U.S.), L.P v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

---

[12] Symbology's Amended Complaint only alleges that "Defendant" infringes "at least Claim 1" of the '369 patent through internal testing.   No such allegations are made for the '190 patent. (*Compare* SAC ¶ 50 *with id.* ¶ 98.)

Symbology's infringement contentions, by contrast, are outside the pleadings.   The infringement contentions were not attached to the SAC and have not been included as exhibits in any other pleadings.   Thus, they remain outside the pleadings in this case and cannot be used to save Symbology's defective claims against Gearbox from dismissal.[13]

Moreover, even if the Court were to consider Symbology's infringement contentions in deciding this motion to dismiss—which it should not—the contentions are nonetheless insufficient to state claims of infringement as to Gearbox.   Importantly, the infringement contentions identify the "accused instrumentalities" as comprising only "Valve products"—not Gearbox products.   (*See* Kaempf Decl. ¶ 3.)   At most, Symbology asserts that "upon information and belief" Gearbox infringes "during internal testing of the functionalities described herein."   (*Id*.)   As discussed above, these assertions of infringement via internal testing are entirely speculative and thus fail to save Symbology's claims as to Gearbox from dismissal.  *See Nu-You*, 2016 WL 4717991, at *2.

> **2.      The Conclusory Language of Symbology's Second Amended Complaint is Insufficient to State a Claim of Direct Infringement Against Gearbox**

Nor can Symbology save its complaint from dismissal with the three conclusory, cut-and-paste paragraphs it added into the SAC.  (SAC ¶¶ 42–44).  It is well-established that "a formulaic recitation of the elements of a cause of action" for patent infringement is insufficient to state a claim under the *Iqbal* standard.  *Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 15-CV-1955-JRG, 2016 WL 3542430, at *4–5 (E.D. Tex. June 28, 2016) (citing *Iqbal*, 556 U.S. at 678) (J. Gilstrap) (dismissing claims of direct and indirect infringement in a complaint, explaining that

---

[13] Symbology's infringement contentions are the same charts that Symbology attached to the "Revised" Second Amended Complaint, which was subsequently marked as "Filed in Error." (Dkt. 41.)  Accordingly, even if Symbology were to attempt to add those charts into the complaint, they are insufficient for the reasons discussed herein.

Rule 12(b) was "meant to address" "the kind of cut-and-paste pleading practices" displayed by the plaintiff).

Here, Symbology's new paragraphs 42–44 do nothing more than engraft the words "on information and belief, Defendant Gearbox Software" onto the statutory language of 35 U.S.C. §§ 271(a)–(c) in a manner that renders the paragraphs grammatically nonsensical. These paragraphs fail to identify any Gearbox product, technology, or action as infringing and do not even identify the allegedly-infringed patent. Accordingly, because the only Gearbox-specific infringement allegations in the SAC are conclusory and reflect merely "cut-and-paste pleading practices" that this Court has previously found to be insufficient to meet the Rule 12(b)(6) standard, dismissal is proper. *See Ruby Sands*, 2016 WL 3542430, at *5.

**B.      Symbology's Second Amended Complaint Fails to Plausibly State a Claim of Indirect Infringement Against Gearbox**

Symbology's SAC also fails to make any adequate allegation of indirect infringement. To adequately plead a claim of indirect infringement, a plaintiff must plausibly plead an underlying act of direct infringement. *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 19-CV-876-SDJ, 2020 WL 6781566, at *5 (E.D. Tex. Nov. 17, 2020) (citing *In re Bill of Lading*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("Where a plaintiff has not adequately pleaded an underlying act of direct infringement, theories of indirect infringement must be dismissed."). Here, as discussed above, Symbology does not allege anywhere in its pleadings that *any* Gearbox technology infringes the asserted patents. Symbology's SAC therefore fails to state a claim of indirect infringement.

Moreover, Symbology fails to allege any facts plausibly supporting a claim of indirect infringement. As an initial matter, as discussed above, the SAC's conclusory allegations simply parrot the statutory language. (SAC ¶¶ 43–44.) The SAC provides no additional facts to support

that Gearbox has taken any affirmative steps to encourage the infringement of the asserted patents via Valve's Steam product or otherwise (i.e., for induced infringement).  (*Id.*)  Nor does the SAC plead any facts that Gearbox offers to sell or sells any component of the purported invention, let alone that such a component constitutes a material part of the invention and is especially made or especially adapted for use in an infringement (i.e., for contributory infringement).  Indeed, the SAC never even identifies any "component" of the patented invention sold by Gearbox—because none exists.  Thus, Symbology has not adequately pleaded any claim of induced infringement or contributory infringement, and such claims against Gearbox should be dismissed on this basis.

Moreover, the SAC fails to even allege that Gearbox had specific intent required for a claim of induced infringement.  To sufficiently plead specific intent, a complaint must allege an "affirmative step" taken by the defendant "to bring about the desired result" of inducing infringement. *Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*, No. 13-CV-38-JRG, 2014 WL 894805, at *5-6 (E.D. Tex. Mar. 4, 2014) ("the law requires evidence of affirmative steps . . . because such an evidentiary hurdle ensures the availability of useful products and protects neutral market participants who are indifferent to the possibility of infringement").  Here, the SAC is silent as to any Gearbox actions that could be construed as an "affirmative act[]" inducing infringement or that support an inference that Gearbox had the requisite "specific intent" to induce infringement. *See id.*  The SAC does not, and cannot, allege that Gearbox has taken any affirmative steps to encourage the use of a feature on *another company's* product (i.e., Valve's QR codes used to sign in to Valve's Steam App).

Further, the Court should again reject any attempt by Symbology to rely on its infringement contentions.  As discussed above, such infringement contentions are outside the pleadings and therefore cannot save Symbology's defective claims as to Gearbox from dismissal.  Moreover, even if the Court considers such contentions (it should not), the contentions remain insufficient to

plausibly state a claim of indirect infringement.  Symbology merely states in a conclusory manner that Gearbox induces "its customers to sign in on Steam application (provided by Valve Corporation) in order to access and purchase [Gearbox's] games."  (Kaempf Decl. ¶ 4.)  But nowhere in the infringement contentions does Symbology identify any affirmative acts by Gearbox that purportedly induce customers to sign in on Steam in the allegedly infringing manner.  (*Id*.)  Symbology does not even allege that Gearbox has knowledge of Valve's QR code, let alone that Gearbox had knowledge that the QR code is allegedly infringing.  (*Id*.); *Tierra*, 2014 WL 894805, at *2 (indirect infringement requires that "defendant knew of the patent and that the acts in question would infringe" and "that the defendant had specific intent to encourage the third party's infringement").  Because Symbology does not plead any claim of indirect infringement, and because any such claim of indirect infringement would be simply implausible in light of the fact that the accused product is *another company's* product, the Court should dismiss any indirect infringement claims as to Gearbox.

> **C.     Symbology's Second Amended Complaint Fails to State a Claim of Willful Infringement by Gearbox**

Finally, Symbology's willful infringement claim should be dismissed, as Symbology does not plausibly state a claim of willful infringement against Gearbox.  "Willfulness is a matter of culpability and state of mind, and the degree of culpability required has been described as 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or … characteristic of a pirate.'"  *Fractus, S.A. v. TCL Corp.*, No. 20-CV-00097-JRG, 2021 WL 2483155, at *4 (E.D. Tex. June 2, 2021) (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103-104 (2016).  As an initial matter, it is axiomatic that a claim of infringement is a prerequisite to a claim of willful infringement.  As discussed above, the SAC fails to allege infringement by Gearbox; the SAC thus fails to state a claim of willful infringement.

Moreover, in order to sufficiently state a claim of willful infringement, the complaint must allege knowledge of the purported infringing conduct.  *See id.* (finding failure to state a claim of willful infringement where the complaint only alleged notice of the asserted patents and not any culpable conduct).  Here, Symbology's SAC does not (and cannot) allege that Gearbox had knowledge of any allegation of infringement.  Instead, the SAC merely alleges that an unspecified "Defendant" had knowledge of alleged infringement, based entirely on service of the Original Complaint.  (SAC ¶¶ 96, 99.)   But the Original Complaint made no allegations whatsoever supporting alleged infringement by Gearbox.  Indeed, Gearbox moved to dismiss Symbology's Original Complaint on the basis that it failed to state a claim of infringement against Gearbox (Dkt. 31); Symbology did not oppose Gearbox's motion, and instead filed a FAC (which Gearbox also moved to dismiss on the same grounds) (*see* Dkt. 36) and the SAC, both of which also fail to allege any infringement by Gearbox.  Symbology's language that again attempts to lump Valve and Gearbox together—attributing both purported infringement and purported knowledge of infringement to Gearbox—is insufficient to state a plausible claim.  Accordingly, the claims of willful infringement against Gearbox should be dismissed.  *Doe*, 2019 WL 1301998, at *13.

## VI.    CONCLUSION

For the foregoing reasons, Gearbox respectfully requests that the Court dismiss the claims against Gearbox.


Dated:  February 27, 2024                    Respectfully submitted,


                                   By: */s/ Michael J. Sacksteder*
                                        Michael J. Sacksteder
                                        CA Bar No. 191605 (Admitted to E.D. Texas)
                                        Email:  msacksteder@fenwick.com
                                        **FENWICK & WEST LLP**
                                        555 California Street, 12th Floor
                                        San Francisco, CA  94104

14

Telephone:  (415) 875-2300

Jessica M. Kaempf
WA Bar No. 51666 (Admitted to E.D. Texas)
Email:  jkaempf@fenwick.com
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA  98101
Telephone:  (206) 389-4510

Attorneys for *Gearbox Software, L.L.C.*

15

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served to all counsel of record who are deemed to have consented to electronic

service via the Court's CM/ECF system.


Dated:  February 27, 2024                                   */s/ Michael J. Sacksteder*
                                                         Michael J. Sacksteder