███████████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC | |
| Plaintiff, | Civil Action No. 2:23-cv-419-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| VALVE CORPORATION, GEARBOX SOFTWARE, LLC | |
| Defendant. | |

**DEFENDANT VALVE CORPORATION'S RENEWED MOTION TO DISMISS UNDER
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3) FOR IMPROPER VENUE</u>**

████████████

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION ...............................................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND.......................................................2

    A.  Steam PC Cafés..............................................................................2

    B.  Valve's "Employees" Residing in Texas ............................................3

    C.  Valve's Prior Work with Co-Defendant Gearbox Software ..................4

III.  LEGAL STANDARDS .......................................................................................4

IV.  ARGUMENT ....................................................................................................5

    A.  Venue Is Improper in the Eastern District of Texas Because Valve Has
    No Physical Place in This District .......................................................5

        1.  Valve Has No Office Space or Real Property in This District .................5

        2.  Steam PC Cafés Are Not Physical Places of Valve in the
        District...............................................................................6

        3.  The Individuals Listed in Symbology's Complaint Are Not
        Valve Employees and Do Not Reside in the District...............................9

    B.  The Court Should Disregard Symbology's Remaining Irrelevant Venue
    Allegations ..................................................................................10

        1.  Valve's Decades-Old Collaboration with Gearbox .................................11

        2.  Valve's Texas Taxpayer Number Is Irrelevant to the Venue
        Analysis.............................................................................12

        3.  Neither Valve's Intervention in a 2013 Lawsuit Nor its Consent
        to Venue in a 2015 Lawsuit Confer Venue in 2023.................................13

        4.  Valve's Sale of Gift Cards in this District Is Irrelevant to Venue ..........14

    C.  The Court Should Dismiss the Case ..................................................15

V.  CONCLUSION.................................................................................................15

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alexsam, Inc. v. Simon Prop. Grp. (Texas), L.P.*,
  No. 2:19-CV-00331-JRG, 2021 WL 8441707 (E.D. Tex. Sept. 3, 2021) ........................14, 15

*AptusTech LLC v. Trimfoot Co., LLC*,
  No. 4:19-cv-00133-ALM, 2020 WL 1190070 (E.D. Tex. Mar. 12, 2020)..............................4

*In re Cordis Corp.*,
  769 F.2d 733 (Fed. Cir. 1985)................................................................................................4

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017)....................................................................................5, 9, 11

*Display Techs., LLC v. Nvida Corp.*,
  No. 2:15-cv-00998-JRG-RSP, Dkt. 41 ................................................................................13

*Display Techs. LLC v. Valve Corp.*,
  No. 2:22-cv-01365 (W.D. Wash.)........................................................................................15

*In re Micron Tech., Inc.*,
  875 F.3d 1091 (Fed. Cir. 2017)............................................................................................14

*TC Heartland LLC v. Kraft Food Grp. Brands LLC*,
  581 U.S. 258 (2017)................................................................................................4, 13, 14

*Toshiba Int'l Corp. v. Fritz*,
  993 F. Supp. 571 (S.D. Tex. 1998) ......................................................................................13

*Uniloc USA, Inc. v. Nutanix, Inc.*,
  No. 2:17-CV-00174-JRG, 2017 WL 11527109 (E.D. Tex. Dec. 6, 2017) ............................15

*Uniloc v. Activision Blizzard, Inc.*,
  No. 6:13-cv-00256-LED, Dkt. 1 ..........................................................................................13

*Unity Opto Tech. Co. v. Lowe's Home Centers, LLC*,
  No. 18-cv-27-JDP, 2018 WL 2087250 (W.D. Wis. May 4, 2018)..................................11, 12

*V&A Collection, LLC v. Guzzini Props. Ltd.*,
  46 F.4th 127 (2d Cir. 2022) ................................................................................................14

*Valve Corp. v. Rothschild et al.*,
  No. 2:23-cv-01016 (W.D. Wash.)..........................................................................................1, 10

*In re Volkswagen Grp. of Am., Inc.*,
    28 F.4th 1203 (Fed. Cir. 2022) ...................................................................................6, 7, 8

*Westport Fuel Sys. Canada, Inc. v. Nissan N. Am., Inc.*,
    No. 2:21-cv-00455-JRG-RSP, 2022 WL 4594036 (E.D. Tex. Sept. 12, 2022).......................8

*Wireless Protocol Innovations, Inc. v. TCT Mobile (US) Inc.*,
    No. 6:15-cv-918-KNM, 2023 WL 4626659 (E.D. Tex. July 19, 2023) ..............................7, 9

**Statutes**

28 U.S.C. § 1400(b) ...........................................................................................................4, 5, 10

**Other Authorities**

Fed. R. Civ. P. Rule 12(b)(3) ................................................................................................1, 15

CONFIDENTIAL – ATTORNEY'S EYES ONLY

## I.      INTRODUCTION

In 2023, Valve Corporation ("Valve") sued Symbology Innovation, LLC's ("Symbology") owner, Leigh Rothschild, in the U.S. District Court for the Western District of Washington.[1] Valve's lawsuit accuses Rothschild and several of his other companies of violating Washington state's Anti-Patent Troll Statute due to their repeated and improper accusations of patent infringement against Valve based on patents to which Valve is already licensed. Not content with litigating that dispute on the merits, Rothschild—through Symbology—filed this patent infringement suit far from Valve's headquarters in Washington.[2] In doing so, however, Symbology and Rothschild chose the wrong venue to file their retaliatory suit. Rothschild's choice to sue Valve in the Eastern District of Texas is a conspicuous effort to drive up Valve's costs by requiring it to defend itself in a distant forum.

Valve has no meaningful connection to this District. Neither party disputes that Valve is incorporated and headquartered in Washington state and does not have a regular and established place of business in this District. Valve does not own any office space, operate any stores, lease any storage space, have any servers, or have any physical presence in the Eastern District of Texas. Nor does Valve have any employees or contractors in this District. Symbology's Second Amended Complaint ("SAC") (Dkt. 40) does nothing to fix the lack of any legal basis for finding venue is proper in this District over Valve[3]. Valve therefore moves under Rule 12(b)(3) to dismiss for improper venue.

---

[1] *Valve Corp. v. Rothschild et al.*, No. 2:23-cv-01016 (W.D. Wash.).

[2] Rothschild filed two additional retaliatory suits in this District. On September 18, 2023, Rothschild, through his Florida entity Social Positioning Input Systems and his Wyoming entity Quantum Technology Innovations, filed complaints (Case No. 2:23-cv-422 and Case No. 2:23-cv-425, respectively). Valve filed motion to dismiss for lack of venue in both of those cases.

[3] Symbology's SAC does not add or change any new venue allegations. *Compare* Dkt. 35, ¶¶ 4-14 *with* Dkt. 40, ¶¶ 4-14. Valve's arguments made in the present motion are substantively

CONFIDENTIAL – ATTORNEY'S EYES ONLY

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Symbology filed its SAC on January 16, 2024. Dkt. 40. As Symbology admits, Valve is incorporated and has its principal place of business in Washington state. Dkt. 40, ¶ 2. Valve does not own any real property, rent any office space, or possess or control any "shelf space" in the Eastern District of Texas. *See* Declaration of Christopher Schenck ("Schenck Decl."), ¶ 6. Nor does Symbology identify any physical presence of Valve in its SAC.

### A.   Steam PC Cafés

In the SAC, Symbology attempts to tie Valve to independent third-party gaming lounges in this District that purchased commercial licenses to provide games from Valve's "Steam" gaming platform to customers. Dkt. 40, ¶ 12. These third-party gaming lounges are generally referred to as Steam PC Cafés.

An individual subscriber to Valve's Steam platform can purchase single player licenses to games available on Steam, allowing that subscriber, and only that subscriber, to play their chosen game while logged in to their account. In contrast, under the Steam PC Café program, ██████ ████████████████████████████████████████████████████████████████ ████████████████████████████████ *See, e.g.*, Ex. 1 (Steam PC Café Agreement), § 2(A)(2); Ex. 8, § 2(A)(2). ██████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████ *Id*. ███████████████████████████████████████████████████████████

---

identical to its prior arguments (Dkt. 37). Valve is re-filing the present motion to ensure an orderly disposition of the Court's docket.

CONFIDENTIAL – ATTORNEY'S EYES ONLY

███████████████████████████ *See, e.g.*, Ex. 1; Ex. 8. ████████████████████████████████████

████████████████████████████████████████████████████

The Steam PC Café Agreement does not give Valve any control over the operation of the Steam PC Cafés. Valve only provides a license to the digital content that is purchased by the Cafés to provide for their patrons. The Steam PC Café, not Valve, is responsible for providing the physical premises. *See id.* at 1 ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████; Ex. 8 at 1. The Steam PC Café, not Valve, is responsible for technical support, customer support, safety of the physical premises, and monitoring customer use. Ex. 1, § 4A ████████████████████████████████████████

██████████████████████████; § 4C ██████████████████████

█████████████████████; § 4D ███████████████████████████████████████████

████████████████████████████████████████; Ex. 8, §§ 4A;

4C; 4D. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ (Ex. 1, §§ 2(C), 5; Ex. 8,

§§ 2(C), 5), ████████████████████████████████████████

██████████████████████████████████ Schenck Decl., ¶¶ 7-8.

## B.      Valve's "Employees" Residing in Texas

Symbology also identifies four[4] purported Valve employees that allegedly have relevant information to this lawsuit. Dkt. 40, ¶ 13. The LinkedIn profiles Symbology relies on indicate that none of these four individuals reside in this District. *Id.* (listing Mitchell Ludolf (Kendalia,

---

[4] Symbology's SAC refers to "five" Valve employees, but only names four. *See* Dkt. 40, ¶ 13.

CONFIDENTIAL – ATTORNEY'S EYES ONLY

TX), Bradon Reinhart (Las Vegas, NV), Helen Pope (San Antonio, TX), and Jenni Jacobi

(Austin, TX)). Furthermore, none of these four individuals are current employees of Valve

(Schenck Decl., ¶ 13), confirming their irrelevance to the question of venue.

### C.   Valve's Prior Work with Co-Defendant Gearbox Software

Symbology also attempts to bootstrap allegations relating only to co-defendant Gearbox

Software LLC ("Gearbox") to Valve. *E.g.*, Dkt. 40, ¶ 7. But Valve is not related to Gearbox and

does not exercise control over Gearbox. Schenck Decl., ¶ 16; Dkt. 36 at 2-3. In 2001, after

Gearbox developed two expansions to Valve's "Half-Life" video game franchise, Valve entered

into an agreement with Gearbox to do additional video game development work. *Id.*, ¶¶ 17-19. In

2002, Valve terminated that contract. *Id.*, ¶ 20. Since 2002, Valve has not collaborated with

Gearbox to develop any products.[5] *Id.*, ¶ 21. Particularly, Valve and Gearbox did not work

together to develop the Steam mobile app that Symbology accuses of infringement. *Id.*, ¶ 22.

## III.   LEGAL STANDARDS

Symbology "bears the burden of establishing proper venue." *AptusTech LLC v. Trimfoot

Co., LLC*, No. 4:19-cv-00133-ALM, 2020 WL 1190070, at *1 (E.D. Tex. Mar. 12, 2020)

(*quoting In re ZTE (USA), Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018)). Because Valve is

incorporated in the United States, 28 U.S.C. § 1400(b) is the "sole and exclusive" provision

controlling venue. *TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 581 U.S. 258, 265-66

(2017). Under Section 1400(b), Symbology can only establish venue in a district where a

corporate defendant "resides"

---

[5] Gearbox is one of thousands of game developers that sell their products on Valve's Steam
platform. Schenck Decl., ¶ 24; *see also* Ex. 2 (Steam Distribution Agreement).

CONFIDENTIAL – ATTORNEY'S EYES ONLY

(i.e., is incorporated) or "where the defendant has committed acts of infringement[6] and has a regular and established place of business." *Id*.

To find that Valve has a regular and established place of business, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc*., 871 F.3d 1355, 1360 (Fed. Cir. 2017). "[V]enue is improper under § 1400(b)" if just one of these three requirements is missing. *Id*. To establish that Valve has a "regular and established place of business" in this District, "[r]elevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *Id*. at 1363.

## IV.     ARGUMENT

Neither party disputes that Valve is incorporated in Washington state, and accordingly, it does not "reside" in Texas. Therefore, to demonstrate that venue is proper, Symbology must show that Valve has a physical place in this District and that the place is a "regular and established place of business." *In re Cray*, 871 F.3d at 1360. Symbology does not plausibly allege facts to meet this burden.

### A.     Venue Is Improper in the Eastern District of Texas Because Valve Has No Physical Place in This District

#### 1.     Valve Has No Office Space or Real Property in This District

Symbology does not allege that Valve owns or leases any real property or maintains any office space in the Eastern District of Texas. Nor does Symbology allege that Valve operates any stores, warehouses, fulfillment centers, or computer servers to sell or distribute its products. Indeed, it cannot, as Valve does not have any physical presence here, let alone a presence that

---

[6] "The issue of infringement is not reached on the merits in considering venue requirements." *In re Cordis Corp*., 769 F.2d 733, 737 (Fed. Cir. 1985) (citation omitted). For the avoidance of doubt, Valve denies all allegations of patent infringement.

CONFIDENTIAL – ATTORNEY'S EYES ONLY

could be considered "a regular and established place of business." Schenck Decl., ¶¶ 5-6.

### 2.      Steam PC Cafés Are Not Physical Places of Valve in the District

Instead of identifying a physical place of Valve in the District, Symbology relies on third-party Steam PC Cafés in this District who have purchased commercial licenses to Valve's videogames. Dkt. 40, ¶ 12. Symbology's threadbare allegations fail to clear the Federal Circuit's high bar for imputing the contacts of third parties to Valve.

When determining whether to impute the contacts of a third-party to Valve for the purposes of venue, "the most significant factor to consider is the degree of control that [Valve] maintains over the daily operations of the [third party] . . . ." *In re Volkswagen Grp. of Am., Inc*., 28 F.4th 1203, 1210 (Fed. Cir. 2022) (citation omitted). The control must be so expansive and fulsome to amount to an "agency relationship [where] the 'principle ha[s] the right throughout the duration of the relationship to control the agent's acts.'" *Id.* (citation omitted). Merely setting standards and providing constraints in insufficient to rise to an agency relationship and impute the contracts of a third party to Valve. *Id.* at 1210.

For example, in *In re Volkswagen,* the Federal Circuit determined the defendant car manufacturers did not have control over car dealerships who sold defendants products, despite contractual provisions mandating the dealerships "(1) employ certain types of employees, . . . ; (2) maintain a minimum amount of inventory; (3) perform warranty work on consumer vehicles; (4) use specified tools . . . ; (5) use distributor-approved computer hardware and software; (6) comply with the distributors' standards regarding dealership appearance . . . ; (7) comply with the distributors' working capital requirements; and (8) attend mandatory training sessions . . . ." *Id*. at 1211. Instead, the eight contractual obligations placed on the dealerships by the manufacturers were merely found to be constraints and standards and did not amount to "step-by-step instructions" on how the car dealerships were to run their business. *Id.* at 1211-12.

CONFIDENTIAL – ATTORNEY'S EYES ONLY

This Court has also found relationships between defendants and third-parties to lack the high level of control necessary to impute the contacts of the third-party to the defendant even when the defendant "provided detailed instructions to [third-party] employees tasked with inspecting the products and making them commercial ready; supervised and reviewed issues with the supply chain; [] worked with [third-party] to improve processes," and "was able to access [third-party] facilities to review [third-party] processes and work." *Wireless Protocol Innovations, Inc. v. TCT Mobile (US) Inc.*, No. 6:15-cv-918-KNM, 2023 WL 4626659, at *11 (E.D. Tex. July 19, 2023). The Court explained that "adherence to quality control standards set out by [defendant] is insufficient to establish that [defendant] had the requisite interim control over [third-party] or [their] employees necessary to create an agency relationship." *Id.* at *12.

Like in *In re Volkswagen* and *Wireless Protocol*, the Steam PC Cafés operate independently of Valve. Valve has no agency relationship with the Steam PC Cafés such that Valve can control their day-to-day operations. When a Steam PC Café operator signs the agreement,[7] Valve plays no role in the setup, maintenance, or daily operation of the Steam PC Cafés. Valve employees are not physically present at Steam PC Cafés, nor do they assist in supervising, operating, or maintaining the day-to-day (or any) operations of Steam PC Cafés. Ex.

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; Ex. 8 at 1; Schenck Decl., ¶ 7. The PC Café

Agreement makes clear that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



—————————————

[7] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 3 (Steam Subscriber Agreement).
Symbology has not alleged that every user acts as an agent of Valve for purpose of venue. Nor could it because the Steam Subscriber Agreement does not give Valve day-to-day control over each player's use of the Steam platform but merely sets forth constraints, such as prohibiting cheating or tampering (Ex. 3, § 4).

CONFIDENTIAL – ATTORNEY'S EYES ONLY

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████ Ex. 1 at §§ 4A; 4D; Ex. 8 at

§§ 4A; 4D. Valve's involvement is limited to providing a license to the digital content that the

Steam PC Café operator purchases through their floating licenses.

　　　Under the Steam PC Café Agreement, Valve merely ████████████████████

████████████████ in addition to providing a floating license to digital content. For

example, Valve ████████████████████████████████████

████████████████████ Ex. 1 at 2(C); Ex. 8 at 2(C). But these mere

"constraints on the service provider" are insufficient to rise to the level of the "right to give

instructions" or have control over daily operations. *See In re Volkswagen*, 28 F.4th at 1209-10

(citation omitted). The Steam PC Café Agreement also allows Valve ████████████████

███████████████████████████████████████████████████████

████████████████ Schenck Decl., ¶ 8. Moreover, ████████████████████

██████ does not rise to the level of day-to-day control sufficient to convert the Steam PC Café to a

regular an established place of Valve. *See, e.g.*, *Westport Fuel Sys. Canada, Inc. v. Nissan N.*

*Am., Inc.*, No. 2:21-cv-00455-JRG-RSP, 2022 WL 4594036, at *3 (E.D. Tex. Sept. 12, 2022),

*report and recommendation adopted*, 2022 WL 4594018 (E.D. Tex. Sept. 28, 2022), *and* 2022

WL 18861036 (E.D. Tex. Sept. 30, 2022) (finding that employees visiting dealerships in the

district at least 44 times and 32 times is not "steady, uniform, orderly, and methodical" nor

"something more than 'sporadic'" and does not convert the dealership into a regular and

established place of Nissan) (citing *In re Cray*, 871 F.3d at 1362).

8

CONFIDENTIAL – ATTORNEY'S EYES ONLY

At all times, Steam PC Cafés are independently created, owned, and operated by third parties. Valve's licensing of digital content to these entities with certain restrictions and standards, without more, is insufficient to impute the contacts of Steam PC Cafés to Valve. *Wireless Protocol*, 2023 WL 4626659 at *11. Therefore, Steam PC Cafés located in this District cannot be a regular and established place of Valve.

### 3. The Individuals Listed in Symbology's Complaint Are Not Valve Employees and Do Not Reside in the District

None of Symbology's allegations regarding alleged employees Mitchell Ludolf, Bradon Reinhart, Helen Pope, and Jenni Jacobi support Symbology's allegations that venue is proper in this District. *In re Cray Inc*., 871 F.3d at 1360 (holding that a regular and established place of business requires "a physical place **in the district**" (emphasis added)). Dispositively, the Linked profiles for these four individuals demonstrates that none reside in this District. Dkt. 40, ¶ 13 (listing Mitchell Ludolf (Kendalia, TX), Bradon Reinhart (Las Vegas, NV), Helen Pope (San Antonio, TX), and Jenni Jacobi (Austin, TX)). Thus, these individuals cannot support a finding of venue over Valve in this District.

While not relevant under *In re Cray*, Symbology also alleges that these employees "have relevant information related to this patent infringement lawsuit." Dkt. 40, ¶ 13. Symbology does not explain how each employee has allegedly relevant information and even a cursory review of their LinkedIn profiles cited in the complaint belies this unsupported allegation.

**Helen Pope:** Valve has no record of ever employing anyone named Helen Pope. Schenck Decl., ¶ 9. Ms. Pope, however, claims to be a Senior Software Engineer focusing on "augmented reality." *See* https://www.linkedin.com/in/helen-pope-3a17111b0/. Symbology's infringement contentions have nothing to do with augmented reality. *See* Dkt. 40, ¶¶ 24; 35.

CONFIDENTIAL – ATTORNEY'S EYES ONLY

**Mitchell Ludolf:** Valve also has no record of ever employing anyone named Mitchell Ludolf. Schenck Decl., ¶ 10. Mr. Ludolf simultaneously claims to be a Valve "Customer Service Representative" and also "Unemployed." *See* https://www.linkedin.com/in/mitchell-ludolf-90b634212/. Symbology does not explain how someone with such a general title has relevant information to this case.

**Brandon Reinhart:** Brandon Reinhart is a former Valve employee turned independent contractor whose contract with Valve has ended. Schenck Decl., ¶ 11; Ex. 4 (Independent Contractor Agreement between Valve and Mr. Reinhart). According to his LinkedIn profile, Mr. Reinhart resides in Las Vegas, Nevada, and claims to be a general "developer" online. *See* https://www.linkedin.com/in/brandon-reinhart-a26ab8260/. Symbology's allegations do not revolve around video games at all (they relate to a login mechanism), so there is no connection between Mr. Reinhart and Symbology's infringement allegations.

**Jenni Jacobi:** Jenni Jacobi is also an independent contractor hired through a third-party. Schenck Decl., ¶ 12; Ex. 5 (Independent Contractor Agreement between Valve and Ms. Jacobi). According to LinkedIn, Ms. Jacobi resides in Austin, TX, and is a "Producer" in "Business Operations." *See* https://www.linkedin.com/in/jennyjacobi/. Ms. Jacobi works in business operations as a contractor; nothing supports Symbology's unfounded allegation that she has any relevance to this case. *Id.*; *see also* Schenck Decl., ¶12.

Because Symbology has not identified any physical place or employees of ***Valve*** in this District, neither prong of 28 U.S.C. §1400(b) is satisfied, and venue is improper.

**B.    The Court Should Disregard Symbology's Remaining Irrelevant Venue Allegations**

Recognizing that it cannot plausibly allege that Valve has any physical place in this District, Symbology turns to a series of legally irrelevant allegations in an attempt to circumvent

CONFIDENTIAL – ATTORNEY'S EYES ONLY

the Supreme Court's venue requirements. None of these allegations, individually or collectively, support a finding that venue is proper in this District.

### 1. Valve's Decades-Old Collaboration with Gearbox

Symbology uses Gearbox in a transparent attempt to manufacture venue against Valve by imputing Gearbox's contacts with this District to Valve. The only reason Symbology dragged Gearbox into this suit is because Gearbox's headquarters are in this District. Moreover, Symbology's long-shot attempt to allege venue over Valve is based only on the allegation that the companies completed a single joint project 20 years ago. This is legally insufficient to find venue over Valve in this District. *See In re Cray Inc.*, 871 F.3d at 1360.

Valve and Gearbox are separate entities that do not share any common ownership, employees, or office space. Schenck Decl., ¶ 23; Dkt. 36 at 2-3. Valve does not have any control or authority over the actions of Gearbox. Schenck Decl., ¶ 16. From 2001 to 2002, Gearbox and Valve collaborated to create video game content. Schenck Decl., ¶¶ 19-20; Ex. 6 (Valve and Gearbox Product Development Agreement). Since the project ended in 2002, Valve and Gearbox have had no further collaboration on the creation of any product. *Id.*, ¶ 21; Ex. 7 (Termination of Valve and Gearbox Product Development Agreement); Dkt. 36 at 3. Specifically, Valve and Gearbox have not collaborated on any product that Symbology accuses of infringement. Dkt. 36 at 7. Nor does Symbology allege as much. For such reasons, the presence of Gearbox in this District cannot be used to support venue over Valve. *E.g.*, *Unity Opto Tech. Co. v. Lowe's Home Centers, LLC*, No. 18-cv-27-JDP, 2018 WL 2087250, at *3 (W.D. Wis. May 4, 2018) (finding venue is not proper "as to one corporation simply because that corporation 'works closely' with another corporation that may be sued in that district"); Dkt. 36 at 2-3.

The *Unity* case is instructive as to why Symbology's bare-bones allegations cannot support venue. In *Unity*, plaintiff alleged that the presence of brick-and-mortar stores owned and

11

CONFIDENTIAL – ATTORNEY'S EYES ONLY

operated by defendant Lowe's Home Goods was sufficient to find venue over co-defendant L G Sourcing, which sourced and supplied the products sold in the stores. *Id*. at *2. Plaintiff also alleged that: (1) the defendants are related companies and have the same corporate parent; (2) that "Lowe's Home Stores 'must work closely with [L G] Sourcing to monitor supply chain . . . and address product quality issues so that its warehouse inventory is continuously stocked;'" and (3) that "L G Sourcing 'inspect[s] and test[s] products manufactured by global vendors before approving them for shipment to Lowe's Home stores in the United States,' using standards from Lowe's Home Centers." *Id*. (alterations in original).

The *Unity* court found that these allegations—which allege a much closer relationship than the one alleged to exist between Gearbox and Valve—were insufficient to confer venue over L G Sourcing. The court explained that the two defendants being "subsidiaries of the same parent company and that they collaborate on matters common to both of them" was "not sufficient to treat [them] as interchangeable for the purpose of determining" venue. *Id*.

Symbology's allegations are much more lacking here than in *Unity*. Symbology alleges in a single sentence that Gearbox and Valve collaborated "for years starting with Half-Life and Counter-Strike video game offerings, that have continuations of these popular offerings through the present day." Dkt. 40, ¶ 7. Mere collaboration that ended almost two decades ago is insufficient to treat Gearbox and Valve as interchangeable for the purpose of determining whether Valve has a place of business in this District.[8]

### 2.     Valve's Texas Taxpayer Number Is Irrelevant to the Venue Analysis

The fact that Valve has a Texas Franchise Tax Account shows only that Valve conducts

---

[8] Symbology's argument is analogous to requesting that the Court treat the Dallas Cowboys and the Houston Texans as one entity, solely on the basis that the two teams collaborated on a community engagement project decades ago.

CONFIDENTIAL – ATTORNEY'S EYES ONLY

business in Texas, not that venue is proper in this District. "The Texas franchise tax is a privilege tax imposed on each taxable entity formed or organized in Texas *or doing business in Texas.*" COMPTROLLER.TEXAS.GOV, *Franchise Tax*, https://comptroller.texas.gov/taxes/franchise/ (last visited November 2, 2023) (emphasis added). Every company that does any business in Texas is required by the state to have a Franchise Tax Account and a Texas Taxpayer Number. The Supreme Court confirmed merely conducting business in the state, without more, is insufficient to demonstrate that venue is proper in this District. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017). The fact that Valve complies with Texas state regulations does not confer venue in this District.

### 3.     Neither Valve's Intervention in a 2013 Lawsuit Nor its Consent to Venue in a 2015 Lawsuit Confer Venue in 2023

Valve's strategic approach to venue in two unrelated Texas cases filed more than eight years ago does not now mean that venue is forever properly found in this District.

In 2013, Uniloc alleged that Valve's customer (Activision) infringed its patents through sales of products on Valve's Steam platform. *Uniloc v. Activision Blizzard, Inc*., No. 6:13-cv-00256-LED, Dkt. 1, ¶ 12(c) (E.D. Tex. Mar. 21, 2013). As Symbology recognizes, when Valve intervened in the 2013 *Uniloc* case to defend its products, Valve specifically stated: "Valve *for the purposes of this litigation only*, consents to venue in this district." *Id.* at Dkt. 154-1 (emphasis added). Similarly, Valve stated in response to a 2015 lawsuit brought by Rothschild-controlled entity, Display Technologies, that "Valve does not dispute, *for the purposes of this action only*, that venue is proper in this judicial district." *Display Techs., LLC v. Nvida Corp*., No. 2:15-cv-00998-JRG-RSP, Dkt. 41, ¶ 4 (E.D. Tex. Oct. 28, 2015) (emphasis added). Nothing about these cases support this District exercising venue over Valve.

Valve's intervention in 2013 is irrelevant to the question of whether venue is proper as to

CONFIDENTIAL – ATTORNEY'S EYES ONLY

Valve in this case. *See Toshiba Int'l Corp. v. Fritz*, 993 F. Supp. 571, 573 (S.D. Tex. 1998)

("[A]s Fritz points out in his Reply, the Fifth Circuit has held that 'the filing of a counterclaim,

cross-claim, or third-party demand does not operate as a waiver of an objection to

jurisdiction.'"). Taken to its conclusion, Symbology's allegations amount to arguing that to

defend its products against an infringement suit in which it was not named as a defendant, Valve

must make the choice to forever waive its challenges to venue in this District. That is simply not

the law. *See, e.g.*, *V&A Collection, LLC v. Guzzini Props. Ltd*., 46 F.4th 127, 132 (2d Cir. 2022)

("With a few exceptions, however, '[a] party's consent to jurisdiction in one case [ ] extends to

that case alone.'" (alteration in original, quotation omitted)). Valve's 2013 consent to venue is

irrelevant to the question of whether venue is proper in this case.

As with Valve's intervention in the 2013 case, its consent to venue in the 2015 *Display

Technologies* case is also insufficient to confer venue now. As discussed above, Valve's consent

for the purposes of one case only does not serve to make it forever amenable to venue in this

District. *See V&A Collection*, 46 F.4th at 132. Further, Valve's decision not to challenge venue

in 2015 cannot be used as a waiver to the present challenge to venue because of intervening

change in law in the wake of the Supreme Court's decision in *TC Heartland*. *See, e.g.*, *In re

Micron Tech., Inc.*, 875 F.3d 1091, 1096, 1099 (Fed. Cir. 2017)*.

Therefore, Valve's decisions in 2013 and 2015 not to challenge venue are irrelevant to

the question of whether venue is proper in this case.

### 4.    Valve's Sale of Gift Cards in this District Is Irrelevant to Venue

Allegations that Valve sells gift cards in this District is insufficient to prove proper venue

over Valve. *See supra* § IV.B.2; Dkt. 40, ¶ 11. This Court has already rejected nearly identical

allegations. In *Alexsam*, the plaintiff argued that this District was a proper venue for its suit

against AMEX because AMEX sold "prepaid, reloadable gift cards" here through vendors such

CONFIDENTIAL – ATTORNEY'S EYES ONLY

as "Dollar General, CVS, Family Dollar, and Walmart." *Alexsam, Inc. v. Simon Prop. Grp. (Texas), L.P.*, No. 2:19-CV-00331-JRG, 2021 WL 8441707, at *2 (E.D. Tex. Sept. 3, 2021). As this Court explained, "[t]aking Alexsam's argument to its logical end, retailers like CVS would be the 'regular and established place of business' of numerous brands who merely sell products in CVS's retail locations. That is not consistent with current venue law in patent cases." *Id.* (*citing In re Google*, 949 F.3d 1338, 1345 (Fed. Cir. 2020)). Like in *Alexsam*, Valve's sale of gift cards through third-party distributors cannot support finding venue over Valve in this District.

        **C.**    **The Court Should Dismiss the Case**

Because this District is an improper venue for Symbology's case against Valve, the Court should simply dismiss the case. *See, e.g.*, *Uniloc USA, Inc. v. Nutanix, Inc.*, No. 2:17-CV-00174-JRG, 2017 WL 11527109, at *4-5 (E.D. Tex. Dec. 6, 2017). Symbology has a proper forum for obtaining any alleged relief against Valve: Western District of Washington. Indeed, Rothschild—through the same corporate entities that filed suit against Valve in this District—previously sued Valve in the Western District of Washington. *See, e.g.*, *Display Techs. LLC v. Valve Corp.*, No. 2:22-cv-01365 (W.D. Wash.). Symbology can simply refile its case there.

**V.**    **CONCLUSION**

The dispute between Valve, Leigh Rothschild, and Mr. Rothschild's web of shell companies is currently being litigated in the Western District of Washington. That is the proper venue for this case as well. Valve has no connection to this District, and Symbology knows it. Symbology's facially deficient complaint is nothing more than a tactical decision designed to make Valve expend the resources to litigate on two fronts. Under the law, venue is improper in this District. Accordingly, Valve respectfully requests the Court dismiss this case under Rule 12(b)(3) for improper venue over Valve.

CONFIDENTIAL – ATTORNEY'S EYES ONLY

Dated: February 28, 2024

Respectfully submitted,

*/s/ Shaun W. Hassett, with permission for*
*Kathleen R. Geyer*
Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
Potter Minton, PC
102 North College, Ste. 900
Tyler, Texas 75702
903-597-8311 (telephone)
mikejones@potterminton.com
shaunhassett@potterminton.com

Kathleen R. Geyer
Christopher P. Damitio
Kilpatrick Townsend & Stockton
1420 Fifth Avenue Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
Facsimile: (206) 623-6793
KGeyer@kilpatricktownsend.com
CDamitio@kilpatricktownsend.com

*Attorneys for Defendant*
*Valve Corp.*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify

that, on February 28, 2024, all counsel of record who have appeared in this case are being served

with a copy of the foregoing via the Court's CM/ECF system.


*/s/ Shaun W. Hassett*
Shaun W. Hassett


## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

The undersigned hereby certifies that the foregoing document is being filed under seal

pursuant to the Protective Order entered in this matter.

*/s/ Shaun W. Hassett*
Shaun W. Hassett

78259471v.1