IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLY INNOVATIONS, LLC<br><br>      Plaintiff,<br><br>v.<br><br>VALVE CORPORATION,<br>GEARBOX SOFTWARE, LLC<br>      Defendant. | Civil Action No. 2:23-cv-419-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT VALVE
CORPORATION'S OPPOSED MOTION TO EXPEDITE BRIEFING
ON MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Pursuant to Local Rule CV-7(e), Defendant Valve Corporation ("Valve") respectfully moves this Court for an Order expediting the briefing schedule on Valve's Motion to Dismiss Plaintiff's Third Amended Complaint for lack of venue under Rule 12(b)(3).[1] (Dkt. 55) ("Motion to Dismiss"). Plaintiff Symbology Innovations, LLC ("Symbology") opposes Valve's Motion to Dismiss as well as this Motion for Expedited Briefing.

Valve filed a Motion to Dismiss on April 8, 2024. Under the Local Rules and the Court's Standing Order, Plaintiff has 14 days to file a response. *See* Local Rule CV-7(a)(2), (e), (f). Under Local Rule CV-7(e), "[a]ny party may separately move for an order of this court lengthening or shortening the period within which a response may be filed."

Due to the unusual procedural history of this case, Valve believes that expedited briefing

---

[1] Plaintiff's Third Amended Complaint is a violation of the Court's Order (Dkt. 24) and should be stricken. Accordingly, Valve is moving to strike Plaintiff's Third Amended Complaint. If the Court grants Valve's forthcoming motion to strike, Valve's motion to dismiss, and this motion to expedite briefing of the motion to dismiss, will be moot.

1

is appropriate. Specifically, Valve moved to dismiss Symbology's original complaint, First Amended Complaint, and Second Amended Complaint under Rule 12(b)(3) because venue over Valve is improper in this District. Dkts. 11, 37, 45.

After Valve filed its first motion to dismiss, the parties agreed to, and this Court ordered, that Symbology could "conduct limited, expedited venue discovery." Dkt. 24 at 1. This Court ordered that, after the close of venue discovery, Symbology's "response to the Motion to Dismiss shall be filed" by March 11, 2024. Dkt. 24, ¶ 7. Valve agreed to extend this deadline to March 21. Dkts. 48-49. Instead of complying with the Court's order to file a response to Valve's motion to dismiss, Plaintiff filed its Third Amended Complaint. Dkt. 52.

The parties conducted more than three months of venue discovery before Symbology filed its Third Amended Complaint. Valve produced numerous documents and answered written discovery requests. Symbology deposed Valve under Rule 30(b)(6). Venue discovery has been completed for weeks and no additional venue discovery is contemplated or necessary. Symbology should not be permitted to continuously delay resolution of Valve's motion to dismiss when the question of whether venue against Valve is proper in this District is ripe for briefing and adjudication.

Many of the allegations in Symbology's Third Amended Complaint are nothing but statements of law containing dozens of legal citations that are more appropriately made in an opposition to a motion to dismiss. *See, e.g.*, Dkt. 52, ¶¶ 9-13; *see, e.g.*, *Decapolis Sys., LLC v. Epic Systems Corp.*, No. W-21-00434-ADA (W.D. Tex. Dec. 14, 2021) (the court, in another case that Symbology's current counsel filed, explaining that "Decapolis's amendments to the venue allegations in the original complaint are better suited for a response to the Motion to Dismiss"). Further, Symbology has been on notice of many of the arguments that Valve makes in

2

its motion to dismiss Plaintiff's Third Amended Complaint, having reviewed Valve's three previous motions to dismiss. Accordingly, Symbology will not experience any prejudice if the Court grants Valve's motion to expedite.

Therefore, Valve respectfully requests the following schedule for the briefing on its Motion to Dismiss:

| Event | Date |
|---|---|
| Opening Brief | April 8, 2024 |
| Opposition Brief | April 15, 2024 |
| Reply Brief | April 19, 2024 |
| Sur-Reply Brief | April 22, 2024 |

| | |
|---|---|
| Dated: April 8, 2024 | Respectfully submitted,<br><br>*/s/ Shaun W. Hassett, with permission for Kathleen R. Geyer*<br>Michael E. Jones (SBN: 10929400)<br>Shaun W. Hassett (SBN: 24074372)<br>Potter Minton, PC<br>102 North College, Ste. 900<br>Tyler, Texas 75702<br>903-597-8311 (telephone)<br>mikejones@potterminton.com<br>shaunhassett@potterminton.com<br><br>Dario A. Machleidt<br>Kathleen R. Geyer<br>Christopher P. Damitio<br>Kilpatrick Townsend & Stockton<br>1420 Fifth Avenue Suite 3700<br>Seattle, WA 98101<br>Telephone: (206) 467-9600<br>Facsimile: (206) 623-6793<br>DMachleidt@kilpatricktownsend.com<br>KGeyer@kilpatricktownsend.com<br>CDamitio@kilpatricktownsend.com<br><br>*Attorneys for Defendant Valve Corp.* |

.

## CERTIFICATE OF CONFERENCE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-7(i), I hereby certify that, on April 4, 2024, counsel for Valve met and conferred with counsel for Plaintiff regarding the subject of the above motion. Plaintiff indicated that they opposed the motion.

*/s/ Shaun W. Hassett*
Shaun W. Hassett
