# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC<br><br>    Plaintiff,<br><br>v.<br><br>VALVE CORPORATION,<br>GEARBOX SOFTWARE, LLC<br>    Defendant. | Civil Action No. 2:23-cv-419-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT VALVE CORPORATION'S OPPOSED MOTION
TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 1 |
| III. | LEGAL STANDARD | | 2 |
| IV. | ARGUMENT | | 4 |
| | A. | Symbology Violated This Court's Venue Order | 4 |
| | B. | No Good Cause Exists to File a Third Amended Complaint Instead of a Response | 6 |
| | C. | Substantial Reason Exists to Strike Plaintiff's Third Amended Complaint Under Rule 15(a) | 8 |
| | D. | The Court Should Order Symbology to File a Response Brief to Valve's Motion to Dismiss and Prohibit Further Amendment to Venue Allegations Without Seeking Leave of the Court | 9 |
| V. | CONCLUSION | | 9 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Decapolis Sys., LLC v. Epic Sys. Corp.*,
 No. W-21-CV-00434-ADA, 2021 WL 5908403 (W.D. Tex. Dec. 14, 2021) ...........................6

*Foman v. Davis*,
 371 U.S. 178 (1962) ........................................................................................................................3

*Halbert v. City of Sherman*,
 33 F.3d 526 (5th Cir. 1994) ......................................................................................................3, 9

*Ishmon v. USAA Fed. Sav. Bank*,
 No. 3:23-CV-158-S-BN, 2023 WL 9659174 (N.D. Tex. Dec. 27, 2023) .................................3

*Jones v. Robinson Prop. Grp., L.P.*,
 427 F.3d 987 (5th Cir. 2005) ....................................................................................................4, 8

*Kanja v. Select Portfolio Servicing, Inc.*,
 No. CV H-18-738, 2018 WL 11403712 (S.D. Tex. Dec. 19, 2018) ..........................................3

*Kranos IP Corp. v. Riddell, Inc.*,
 No. 2:17-CV-443-JRG, 2017 WL 3704762 (E.D. Tex. Aug. 28, 2017) ........................4, 7, 8, 9

*Quantum Tech. Innovations v. Valve Corp. et al.*,
 No. 2:23-cv-00422 (E.D. Tex. Sept. 18, 2023) ..........................................................................5

*Rodriguez v. Home Depot U.S.A., Inc.*,
 No. W-16-CV-00398-RP-JCM, 2018 WL 2996903 (W.D. Tex. May 21, 2018) ......................8

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*,
 315 F.3d 533 (5th Cir. 2003) ...............................................................................................3, 5, 6

*Social Positioning Input Systems v. Valve Corp. et al.*,
 No. 2:23-cv-00425 (E.D. Tex. Sept. 18, 2023) ..........................................................................5

*Sw. Bell Tel. Co. v. City of El Paso*,
 346 F.3d 541 (5th Cir. 2003) ........................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(3) ................................................................................................................1, 4

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................2

Fed. R. Civ. P. 15 ......................................................................................................................3, 8, 9

Fed. R. Civ. P. 16 ............................................................................................................. 3, 6

Fed. R. Civ. P. 30(b)(6) ........................................................................................................ 8

iii

I.  **INTRODUCTION**

Symbology violated this Court's order on venue discovery (Dkt. 24, "Venue Order") by not filing a response to Valve's motion to dismiss. Through its never-ending and unnecessary venue-related amendments to its complaints, Symbology purposefully seeks to delay the Court's orderly process for timely resolving the issue of whether venue over Valve is proper in this District.

Symbology relies on this Court's Docket Control Order ("DCO") to excuse its failure to file a response, believing instead that its Third Amended Complaint mooted Valve's motion. Symbology's reasoning, however, impedes the standard order from this Court that is meant to make litigation more efficient and predictable. Under its interpretation of the DCO, Symbology can prevent this Court's resolution of Valve's motion up until the deadline set for amending pleadings, set nearly a year after Symbology first filed suit, thereby rendering irrelevant this Court's Venue Order that Symbology respond by March 21.

Symbology's misguided arguments do not amount to good cause excusing its failure to file a response brief. The Court should strike the Third Amended Complaint and order Symbology to file its long-overdue response to Valve's motion.

II.  **FACTUAL BACKGROUND**

Symbology filed its Original Complaint on September 15, 2023. Symbology alleged that venue was proper in this District because Valve "maintains a regular and established business presence in this District." Dkt. 1, ¶ 8. Valve moved to dismiss Symbology's Original Complaint under Rule 12(b)(3) for improper venue. Dkt. 11. In response, the parties agreed to "conduct limited, expedited venue discovery." Dkt. 24 at 1. The parties also agreed, and this Court ordered, that "Plaintiff's Response, and any subsequent briefing be applied with equal force to" two other patent infringement cases filed by related corporations to Symbology and alleging

nearly identical venue allegations in the original complaints. Dkt. 24 at 2; Dkt. 23 at 2.

During venue discovery, Symbology twice amended its complaint to avoid opposing co-Defendant Gearbox's motions to dismiss under Rule 12(b)(6) and to amend its venue allegations.[1] In its January 16, 2024 First Amended Complaint, Symbology re-alleged its previous venue allegations and added new ones as well. *See, e.g.*, Dkt. 35, ¶ 12. In response, Valve filed a renewed motion to dismiss. Dkt. 37. On February 13, 2024, Symbology filed a Second Amended Complaint. While Symbology did not change its venue allegations between the First and Second Amended Complaints, Symbology's actions forced Valve to renew its motion to dismiss for a third time. Dkt. 45.

Per the Court's Venue Order, "Plaintiff's response to the Motion to Dismiss shall be filed" by March 11, 2024. Dkt. 24, ¶ 7. Valve agreed to extend this deadline to March 21. Dkts. 48-49, 50. Instead of complying with the Court's Venue Order to file a response to Valve's motion to dismiss, Plaintiff filed its Third Amended Complaint. Dkt. 52. That complaint contains numerous legal argument and citations to case law attempting to bolster Symbology's ever-evolving venue arguments. *See id.*, ¶¶ 9-11, 13, 25-27, 54-55, 60, 65-66.

### III. LEGAL STANDARD

A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)). Specifically,

---

[1] Symbology also filed a "revised" Second Amended Complaint adding new venue allegations against Valve. The "revised" Second Amended Complaint publicly disclosed Valve's attorneys' eyes only confidential information in violation of the Court's Protective Order. Upon being notified by Valve of this disclosure, Symbology withdrew and did not refile the "revised" Second Amended Complaint.

the decision to allow amendment of Symbology's pleadings is within the sound discretion of the Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When a Court deadline has expired, the Court determines whether to strike an out-of-time pleading under the Rule 16(b)(4) good cause standard. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Kanja v. Select Portfolio Servicing, Inc.*, No. CV H-18-738, 2018 WL 11403712, at *1 (S.D. Tex. Dec. 19, 2018) (applying Rules 16 and 15 to motion to strike pleading). "To meet the good cause standard, [Symbology] must show that, despite [its] diligence, [it] could not reasonably have met the scheduling order deadline." *Ishmon v. USAA Fed. Sav. Bank*, No. 3:23-CV-158-S-BN, 2023 WL 9659174, at *3 (N.D. Tex. Dec. 27, 2023) (citing *S&W Enters.*, 315 F.3d at 536).

In determining good cause under Rule 16(b)(4), the Court evaluates four factors: "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

"Only if [Symbology] satisfies Rule 16(b)(4)'s requirements will the Court determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard." *Ishmon*, 2023 WL 9659174, at *3. A district court may deny requests for leave to amend under Rule 15 if there is a "substantial reason" because "leave to amend is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted). "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

IV. **ARGUMENT**

    A. **Symbology Violated This Court's Venue Order**

This Court ordered that, after conducting venue discovery, "Plaintiff's response to the Motion to Dismiss shall be filed" on March 21, 2024. Dkt. 24 at 3; Dkts. 48-49, 50 (extending the deadline). Despite receiving a 10-day extension, Symbology did not respond. Instead, it filed a Third Amended Complaint. But a complaint is not a response. For example, Local Rule CV-7(a) distinguishes between "pleadings, motions, and *responses* to motions." L.R. CV-7(a) (emphasis added). Local Rule CV-7(d) likewise refers to the opposition brief as a "response." By ignoring a clear response deadline, Symbology violated this Court's Venue Order. Dkt. 24. To remedy this violation, the Court should strike the Third Amended Complaint and order Symbology to comply with its long-overdue response deadline.

Striking the Third Amended Complaint will not prohibit Symbology from raising any of its arguments in a response where they should have been raised in the first place. To avoid any doubt, Symbology did not need to file a Third Amended Complaint to raise new evidence or arguments. This Court stressed it is "clear" that it "may look beyond the complaint when deciding a motion to dismiss on improper venue." *Kranos IP Corp. v. Riddell, Inc.,* No. 2:17-CV-443-JRG, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28, 2017). In resolving a motion under Rule 12(b)(3), this Court considers new "affidavits and evidence submitted…by [] plaintiff[s] in response" to Valve's motion to dismiss. *Id.* Indeed, Symbology's Third Amended Complaint is replete with legal argument and legal citations, appearing to be nothing more than a response to Valve's motion to dismiss that was converted to pleading form. Striking the Third Amended

4

Complaint will simply require Symbology to do what it should have done in the first place—file a response to Valve's motion to dismiss.

Based on correspondence between the parties, Symbology is likely to defend its position by relying on the Court's DCO (Dkt. 29). Symbology contends that it can freely amend its complaint until August 29, 2024, including with new venue-related legal arguments, despite this Court's March 21 response deadline. Symbology's view of the DCO, however, cannot stand in the face of this Court's more-specific Venue Order that "Plaintiff's response to the Motion to Dismiss shall be filed" by March 21, 2024. Dkts. 24 & 50.

The purpose of both the Court's DCO and the Court's Venue Order is to "promote efficiency and conserve judicial resources," including by consolidating venue briefing across three related cases.[2] Dkt. 23 at 2; *see also S&W Enters.*, 315 F.3d at 535 (describing the "'integrity and purpose of the pretrial order'…which, toward the end of court efficiency, is to expedite pretrial procedure" (citations omitted)). Symbology, however, has ignored the Venue Order while distorting the DCO to create a procedural morass by filing three amended complaints in this case and an amended complaint in the related *Quantum* case—such that the operative complaints in *Symbology*, *Quantum*, and *SPIS* all contain disparate venue allegations, and all require different briefing.

Not only have Symbology's actions extinguished any efficiency in resolving the threshold issue of whether venue is proper against Valve in this District, Symbology has also used the amended complaints to delay resolution of Valve's motion beyond the date ordered by

---

[2] The arguments made Valve's motion to dismiss, Plaintiff's Response, and any subsequent briefing would be applied to this case as well as *Social Positioning Input Systems v. Valve Corp. et al.*, No. 2:23-cv-00425 (E.D. Tex. Sept. 18, 2023) ("*SPIS*") and *Quantum Technology Innovations v. Valve Corp. et al.*, No. 2:23-cv-00422 (E.D. Tex. Sept. 18, 2023) ("*Quantum*"). Dkt. 24 at 1.

the Court. Under the Court's Venue Order (Dkt. 24), briefing on Valve's motion to dismiss should have been completed by now. Instead, because Symbology chose not to file a response to Valve's motion to dismiss—thereby disobeying this Court's Venue Order (Dkt. 24, ¶ 7)—briefing is just restarting.

Other courts have disapproved of these same actions made by the same counsel for Symbology. In an order striking plaintiff's amended complaint and ordering it to respond to a motion to dismiss, the Western District of Texas succinctly summarized the issue: "Plaintiff must now address the merits of the Motion to Dismiss. Moreover, [plaintiff's] amendments to the venue allegations in the original complaint are better suited for a response to the Motion to Dismiss." *Decapolis Sys., LLC v. Epic Sys. Corp.*, No. W-21-CV-00434-ADA, 2021 WL 5908403, at *2 (W.D. Tex. Dec. 14, 2021). This is precisely what the Court ordered Symbology to do in its Venue Order, and it is what Symbology should have done here.

### B. No Good Cause Exists to File a Third Amended Complaint Instead of a Response

Symbology cannot show good cause to avoid filing the required response to Valve's motion even if the Court considers the Third Amended Complaint as a request to modify the Court's Venue Order. Analysis of each of the Rule 16 factors confirms that Symbology has not met its obligations under that rule. *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins.*, 110 F.3d at 257) ("'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice'").

First, Symbology cannot justify failing to file a response brief as ordered by the Court. As discussed above, Symbology did not need to file a Third Amended Complaint to raise new evidence or arguments in its response outside of the original complaint (or the First Amended

6

Complaint or the Second Amended Complaint). *Kranos IP*, 2017 WL 3704762, at *2. Moreover, all of Symbology's allegations in the Third Amended Complaint are based entirely on (1) information received during venue discovery; (2) publicly available information available *before* the filing of the original complaint, and (3) information known to Symbology *prior* to venue discovery. For example, Symbology spends numerous pages arguing that Valve "waived" venue due a forum selection clause in a prior agreement between Valve and the parent company and owner of Symbology—Patent Asset Management LLC and Leigh Rothschild.[3] Dkt. 52 at ¶¶ 9-27, 57-58. Symbology knew of that agreement before filing this lawsuit because Rothschild knew (and is a signatory) to it.

To avoid any doubt, Symbology confirmed it knew of the agreement prior to filing its request for venue discovery. Specifically, on November 16, 2023, counsel for Symbology alleged that "in 2015 Valve Corporation already stated in a written settlement agreement that venue is proper in this district with respect to a prior patent licensing agreement involving Display Technologies, LLC (Case No. 2:15-cv-00999)." Ex. 1 at 1. Symbology thus could have included each of these allegations in its original or any of its prior amended complaints (filed before the close of venue discovery) without disrupting this Court's Venue Order regarding briefing on Valve's motion to dismiss. Moreso, Symbology could have included each of these allegations and arguments in a response brief without needing to amend its complaint at all.

Second, there is no importance to the amendment because, as discussed above, Symbology could have raised each and every allegation in the Third Amended Complaint in its

---

[3] None of the Plaintiffs—Symbology, Quantum Technology Innovations, LLC, and Social Positioning Input Systems, LLC—were parties to the agreement nor were mentioned in the agreement at all. Similarly, none of the asserted patents across the three pending cases in this Court brought by Plaintiffs are subject to or mentioned in that agreement.

7

response. *Kranos IP Corp.*, 2017 WL 3704762, at *2. Unlike in other cases where courts have found amended allegations important, the new venue allegations do not increase the basis of potential recovery nor affect Symbology's causes of action. *But see, e.g.*, *Rodriguez v. Home Depot U.S.A., Inc.*, No. W-16-CV-00398-RP-JCM, 2018 WL 2996903, at *3 (W.D. Tex. May 21, 2018).

Third, Valve has been repeatedly prejudiced by Symbology's use of amended complaints to delay resolution of its motion to dismiss. The parties conducted fulsome discovery consistent with the Court's Venue Order: Valve produced numerous documents, answered written discovery requests, and Symbology deposed Valve under Rule 30(b)(6). All discovery confirmed what Valve has been forced to repeat across *eight* separate motions to dismiss: Valve has no physical place of business in this district and does not have an agency relationship or day-to-day control of any third party located in this District.

Fourth, a delay in this case would not cure Valve's prejudice and would in fact add to the prejudice that Valve has suffered. This Court set forth the Venue Order to allow Symbology to engage in discovery and timely complete briefing on Valve's motion to dismiss. Instead of doing so, Symbology refuses to engage on this issue on the merits. Symbology's only rationale to do so is to keep Valve in the Eastern District of Texas when it knows venue is not proper here.

C. **Substantial Reason Exists to Strike Plaintiff's Third Amended Complaint Under Rule 15(a)**

Even under Rule 15, Symbology's Third Amended Complaint was filed in bad faith for the sole purpose of delaying the resolution of Valve's motion to dismiss for lack of venue. *Jones*, 427 F.3d at 994 (holding that courts may consider "undue delay" and "bad faith or dilatory motive on the part of the movant"). There is no proper purpose to Symbology's Third Amended Complaint because each of the allegations and legal arguments in Symbology's Third Amended

8

Complaint could have, and should have, been included in its response brief. *Kranos IP Corp.*, 2017 WL 3704762, at *2. The only purpose for filing the Third Amended Complaint is to reset the briefing deadlines to delay resolution of Valve's motion to dismiss. Whether venue against Valve is proper in this District is ripe for briefing and adjudication. There is thus substantial reason to strike Symbology's Third Amended Complaint and allow the parties to resolve Valve's motion on the merits. *Halbert*, 33 F.3d 526, 529 (holding that a district court may deny requests for leave to amend under Rule 15 if there is a "substantial reason").

**D.     The Court Should Order Symbology to File a Response Brief to Valve's Motion to Dismiss and Prohibit Further Amendment to Venue Allegations Without Seeking Leave of the Court**

The Court should put a stop to Symbology's practice of filing repeated amended complaints that deny this Court the opportunity to resolve Valve's motion to dismiss on the merits. This case has been ongoing for over six months—it is time to move beyond the pleading stage. Therefore, Valve respectfully requests that the Court order Symbology to file a response to Valve's motion to dismiss within five days of its order granting Valve's motion and to prohibit Symbology from further amending its venue allegations in yet another amended complaint without seeking leave of Court.

**V.     CONCLUSION**

Valve respectfully requests that this Court strike the Third Amended Complaint and require Symbology to file a response to Valve's motion to dismiss within five days of the Court's order.

Dated: April 8, 2024

Respectfully submitted,

*/s/ /s/ Shaun W. Hassett, with permission for Kathleen R. Geyer*
Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
Potter Minton
102 North College, Ste. 900
Tyler, Texas 75702
903-597-8311 (telephone)
mikejones@potterminton.com
shaunhassett@potterminton.com

Dario A. Machleidt
Kathleen R. Geyer
Christopher P. Damitio
Kilpatrick Townsend & Stockton
1420 Fifth Avenue Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
Facsimile: (206) 623-6793
DMachleidt@ktslaw.com
KGeyer@ktslaw.com
CDamitio@ktslaw.com

*Attorneys for Defendant Valve Corp.*

**CERTIFICATE OF CONFERENCE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-7(i), I hereby certify that, on April 4, 2024, counsel for Valve met and conferred with counsel for Plaintiff regarding the subject of the above motion. Plaintiff indicated that they opposed the motion.

/s/ Shaun W. Hassett
Shaun W. Hassett