███████████████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC | |
| Plaintiff, | Civil Action No. 2:23-cv-419-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| VALVE CORPORATION, GEARBOX SOFTWARE, LLC Defendant. | |

**DEFENDANT VALVE CORPORATION'S MOTION TO DISMISS UNDER
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3) FOR IMPROPER VENUE</u>**

███████████████

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     FACTUAL AND PROCEDURAL BACKGROUND ........................................................1

     A.     Valve's Execution of the 2016 Global Settlement and License Agreement ................................................................................................................1

     B.     PC Cafés ..............................................................................................................2

     C.     Valve's Servers and Alleged "Employees" Residing in Texas ...........................3

     D.     Valve's Relationship with Gearbox and Other Texas Game Developers .............4

           1.     Valve's Decades-Old Product Development Agreement with Gearbox ...................................................................................................4

           2.     Valve's Product Distribution Agreement with Gearbox and Others .......................................................................................................4

II.     LEGAL STANDARDS ...................................................................................................5

III.     ARGUMENT ..................................................................................................................5

     A.     Venue Is Improper in the Eastern District of Texas Because Valve Has No Physical Place in This District ........................................................................6

           1.     Valve Has No Office Space or Real Property in This District .................6

           2.     PC Cafés Are Not Physical Places of Valve in the District ....................6

           3.     Valve Does Not Control Developers Who Place Content on Steam ....................................................................................................10

     B.     The GSALA Does Not Apply to This Lawsuit ..................................................12

     C.     The Court Should Disregard Symbology's Remaining, Irrelevant Allegations ........................................................................................................14

           1.     Valve's Texas Taxpayer Number Is Irrelevant to Venue .......................14

           2.     Valve's Participation in Old Cases Does Not Confer Venue Here .......................................................................................................14

           3.     Valve's Sale of Gift Cards in This District Is Irrelevant to Venue ......................................................................................................15

           4.     Third-Party Servers Not in This District .................................................15

IV.     CONCLUSION.............................................................................................................15

CERTIFICATE OF SERVICE ................................ **ERROR! BOOKMARK NOT DEFINED.**

CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL .... **ERROR! BOOKMARK NOT DEFINED.**

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AGIS Software Dev. LLC v. T-Mobile USA, Inc.*,
   No. 22:1-cv-24-JRG-RSP, 2021 WL 6616856 (E.D. Tex. Nov. 10, 2021) ...........................10

*Alexsam, Inc. v. Simon Prop. Grp. (Texas), L.P.*,
   No. 2:19-CV-00331-JRG, 2021 WL 8441707 (E.D. Tex. Sept. 3, 2021) .............................15

*AptusTech LLC v. Trimfoot Co., LLC*,
   No. 4:19-cv-00133-ALM, 2020 WL 1190070 (E.D. Tex. Mar. 12, 2020)..............................5

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017)....................................................................................5, 6, 10

*Display Techs., LLC v. Nvida Corp.*,
   No. 2:15-cv-00998-JRG-RSP, Dkt. 41 (E.D. Tex. Oct. 28, 2015) .........................................14

*EMA Electromechanics, Inc. v. Siemens Corp.*,
   No. 6:21-CV-1001-ADA, 2022 WL 1241967 (W.D. Tex. Apr. 26, 2022) ........................8, 11

*Indus. Print Techs. v. Canon U.S.A.*,
   No. 2:14-CV-00019, 2014 WL 7240050 (E.D. Tex. Dec. 19, 2014) ....................................13

*In re Micron Tech., Inc.*,
   875 F.3d 1091 (Fed. Cir. 2017).............................................................................................15

*Mirror Imaging, LLC v. Viewpointe Archive Servs. LLC*,
   No. 3:22-CV-2857-X, 2023 WL 5311491 (N.D. Tex. Aug. 17, 2023) ..................................15

*TC Heartland LLC v. Kraft Food Grp. Brands LLC*,
   581 U.S. 258 (2017)..........................................................................................5, 14, 15

*Toshiba Int'l Corp. v. Fritz*,
   993 F. Supp. 571 (S.D. Tex. 1998) ........................................................................................14

*Uniloc v. Activision Blizzard, Inc.*,
   No. 6:13-cv-00256-LED (E.D. Tex.)........................................................................................14

*Unity Opto Tech. Co. v. Lowe's Home Centers, LLC*,
   No. 18-cv-27-JDP, 2018 WL 2087250 (W.D. Wis. May 4, 2018)..........................................11

*V&A Collection, LLC v. Guzzini Props. Ltd.*,
   46 F.4th 127 (2d Cir. 2022) ....................................................................................................15

*Valve Corp. v. Rothschild et al.*,
  No. 2:23-cv-01016 (W.D. Wash.) ............................................................................1

*In re Volkswagen Grp. of Am., Inc.*,
  28 F.4th 1203 (Fed. Cir. 2022) ................................................................ *passim*

*Westport Fuel Sys. Canada, Inc. v. Nissan N. Am., Inc.*,
  No. 2:21-cv-00455-JRG-RSP, 2022 WL 4594036 (E.D. Tex. Sept. 12, 2022)......................9

*Wireless Protocol Innovations, Inc. v. TCT Mobile (US) Inc.*,
  No. 6:15-cv-918-KNM, 2023 WL 4626659 (E.D. Tex. July 19, 2023) .........................7, 8, 10

**Statutes**

28 U.S.C. § 1400(b) ......................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 12(b)(3)..............................................................................................1, 15

In 2023, Valve Corporation sued Symbology Innovation, LLC's owner, Leigh Rothschild, in the U.S. District Court for the Western District of Washington.[1] Valve accuses Rothschild and several of his companies of violating Washington's Anti-Patent Troll Statute due to their repeated and improper accusations of infringement based on patents (not asserted here) to which Valve is already licensed. In response, Rothschild—through Symbology—filed this suit far from Valve's Washington headquarters. But in doing so, Symbology (and Rothschild) chose the wrong venue to file their retaliatory suit.

Symbology's Third Amended Complaint (Dkt. 52) does nothing to fix the fatal defects in Symbology's Original Complaint, First Amended Complaint, and Second Amended Complaint: there is no legal basis for finding that venue is proper in this District over Valve. Valve therefore moves for the fourth time under Rule 12(b)(3) to dismiss for improper venue.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Symbology filed its Third Amended Complaint on March 24, 2024. There, Symbology admits that Valve is incorporated and has its principal place of business in Washington state. Dkt. 52, ¶ 2. Symbology knows and ignores the fact that Valve does not own or rent any real property or possess or control any "shelf space" in this District. Decl. of C. Schenck ("Schenck Decl."), ¶ 6. In fact, Symbology does not identify any physical presence of Valve in this District.

### A.      Valve's Execution of the 2016 Global Settlement and License Agreement

Symbology adds new allegations regarding the 2016 Global Settlement and License Agreement ("GSALA") (Ex. 1)[2] between Valve and Symbology's owner, Rothschild, to settle patent infringement claims by Rothschild-owned Display Technologies. The agreement permits

---

[1] *Valve Corp. v. Rothschild et al.*, No. 2:23-cv-01016 (W.D. Wash.).
[2] Symbology's new complaint attaches only 6 of the 21 pages of the GSALA, omitting several highly relevant pages. Valve attaches the entire agreement for the Court's consideration.

████████████████████████████

disputes *over the agreement* to be brought in Texas. Symbology thus argues that Valve has waived any venue objections to all future disputes with any Rothschild-owned shell companies. Dkt. 52, ¶¶ 9-27; 57-58.

In the GSALA, Valve took a license to a number of patents owned by specifically enumerated entities (referred to as "Assignee[s]") owned by Rothschild. Ex. 1 § 9.2. Rothschild signed the GSALA on behalf of himself, Display Technologies, and "all entities listed as 'Assignee.'" *Id*., p. 14. Neither Symbology nor the Asserted Patents (nor any parent, continuations, continuations in part, or divisional) are mentioned in the GSALA. *Id*. at Exhibit C. The GSALA also includes a forum selection clause that states:

> The construction, validity, and performance of the Agreement shall be governed …
> by the law of the State of Texas …. Parties hereby submit to the jurisdiction of, and
> waive any venue objections against, the State and Federal courts in Texas.

*Id.*, §1.1. "Parties" includes only Display Technologies, Rothschild, and Valve. *Id.* p.1.

**B.      PC Cafés**

Symbology attempts to tie Valve to independent third-party gaming lounges in this District that purchased commercial licenses to provide games from Valve's "Steam" gaming platform to customers. Dkt. 52, ¶¶ 30-34; 56; 65. These third-party gaming lounges are generally referred to as PC Cafés. ████████████████████████

████████████████████████████████ [3] *See, e.g.*, Ex. 2 (PC Café

Agreement), § 2(A)(2). ████████████████████████

████████████████████████████████████

████████████████████████████████████

█████████████ *Id.* ████████████████████████████

---

[3] In contrast, an individual subscriber to Valve's Steam platform can purchase single player licenses to games available on Steam, allowing only that subscriber to play their chosen game.

█████████████████████

████████████████████████████████████████████████████

████████████████████████████ Ex. 3 (30(b)(6) Dep. Tr.,

35:22-25; 74:18-21).

███████████████████████████████████████████

████████████ *See, e.g.*, Ex. 2. The PC Café Agreement does not give Valve any control over

the operation of the PC Cafés. Valve only provides a license to the digital content that the Cafés

purchase to provide for their patrons. The PC Café, not Valve, is responsible for providing the

physical premises. *See id*. at 1. ████████████████████████████

███████████████████████████████████ *Id*., § 4A ████

███████████████████████████████████████

████████ *see also id.* §§ 4C, 4D. ████████

███████████████████████ Schenck Decl., ¶¶ 7-8.

## C.    Valve's Servers and Alleged "Employees" Residing in Texas

*Valve's Contracts with Cloud Storage Providers:* ████████████████

████████████████████████████████████████████

██████████████ *See, e.g.*, Exs. 4-8. ███████████████

██████████████████████████████ Ex. 9 (Resp.

Venue Interr. 2). ████████████████████████████

███████████████████████████████████████████

█████████████████████████ *See* Ex. 4, § 16.5; *see also*

Ex. 5, § 11.7; Ex. 6, § 12.9; Ex. 7 § 19; Ex. 8, .p. 7 (Misc., § a).

*Valve's Dedicated Severs:* Some of Valve's own servers are hosted ████████

██████████████████ Dkt. 52, ¶ 40. Symbology acknowledges that these servers are

outside this District. *Id*. ██████████████████████████



Ex. 3, 14:1-9; 95:9-15.

Ex. 3, 95:9-15.

Ex. 10 § 9h.

### D.     Valve's Relationship with Gearbox and Other Texas Game Developers

#### 1.     Valve's Decades-Old Product Development Agreement with Gearbox

Symbology attempts to bootstrap allegations relating only to co-defendant Gearbox Software to Valve. *E.g.*, Dkt. 52, 41-42., ¶ 7. Valve is not related to Gearbox and does not exercise control over Gearbox. Schenck Decl., ¶ 16; Dkt. 36 at 2-3. In 2001, after Gearbox developed two expansions to Valve's "Half-Life" video game franchise, Valve entered into an agreement with Gearbox to do additional video game development work. *Id.*, ¶¶ 17-19. In 2002, Valve terminated that contract. *Id.*, ¶ 20. Since then, Valve has not collaborated with Gearbox to develop any products. *Id.*, ¶ 21. Valve and Gearbox did not work together to develop the Steam mobile app that is accused of infringement. *Id.*, ¶ 22.

#### 2.     Valve's Product Distribution Agreement with Gearbox and Others

Valve uses the term 

Ex. 3, 70:15-18. On Steam, users can select and purchase games offered by hundreds of different game developers. Each of the game developers must

Ex., 3, 15:13-16:10.

Ex. 11, ¶ 2.1. *Id.* at ¶ 3.5. Further, the

██████████████████████

████████████████████ *Id*. at ¶ 15.7. To help developers make their games

compatible with Steam, Valve provides them with access to the Steam Software Developer Kit

("SDK"). Ex. 3, 55:1-14. The SDK cannot be used to "build [developers'] games." Dkt. 52, ¶ 42.

The "SDK provides a range of features which are designed to help ship your application or game

on Steam in an efficient manner." Ex. 12.

## II.   LEGAL STANDARDS

Symbology "bears the burden of establishing proper venue." *AptusTech LLC v. Trimfoot*

*Co., LLC*, No. 4:19-cv-00133-ALM, 2020 WL 1190070, at *1 (E.D. Tex. Mar. 12, 2020).

Because Valve is incorporated in the United States, 28 U.S.C. § 1400(b) is the "sole and

exclusive" provision controlling venue.[4] *TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 581

U.S. 258, 265-66 (2017). Under Section 1400(b), Symbology can only establish venue in a

district where a corporate defendant "resides" (i.e., is incorporated) or "where the defendant has

committed acts of infringement and has a regular and established place of business." *Id*. To find

that Valve has a regular and established place of business, "(1) there must be a physical place in

the district; (2) it must be a regular and established place of business; and (3) it must be the place

of the defendant." *In re Cray Inc*., 871 F.3d 1355, 1360 (Fed. Cir. 2017). Venue is improper if

just one of these three requirements is missing. *Id*. To establish that Valve has a "regular and

established place of business" in this District, "considerations include whether [Valve] owns or

leases the place, or exercises other attributes of possession or control over the place." *Id*. at 1363.

## III.   ARGUMENT

Neither party disputes that Valve is incorporated in Washington state, and accordingly, it

---

[4] Symbology's § 1391 arguments run headfirst into this undisputed law. Dkt. 52, ¶¶ 54-55. The Court should disregard as irrelevant—and wrong—Symbology's belief that § 1391 applies here.

█████████████████████████

does not "reside" in Texas. Therefore, Symbology must show that Valve has a physical place in this District and that the place is a "regular and established place of business." *In re Cray*, 871 F.3d at 1360. Symbology does not plausibly allege facts to meet this burden.

### A.   Venue Is Improper in the Eastern District of Texas Because Valve Has No Physical Place in This District

#### 1.   Valve Has No Office Space or Real Property in This District

Symbology does not allege that Valve owns or leases any real property or maintains any office space in this District. Symbology does not allege that Valve operates any stores, warehouses, fulfillment centers, or computer servers to sell or distribute its products. Indeed, it cannot, as Valve does not have any physical presence here. Schenck Decl., ¶¶ 5-6.

Valve has servers that it owns ████████████. Plaintiff acknowledges that these servers are not in this District. Dkt. 52, ¶ 40. They are thus not relevant to venue. *In re Cray*, 871 F.3d at 1362. Plaintiff attempts to manufacture venue by alleging that Valve ██████████ ███████████████████████████████████████████ Dkt. 52, ¶ 59. ████████████████████████████████████████ ████████████████████████ Ex. 3, 14:1-9; 95:9-15. Further, alleging (without proof) that ████████████████████████████████████████ is inadequate to show that Valve has a "regular and established place of business" in this District. *In re Cray*, 871 F.3d at 1360.

#### 2.   PC Cafés Are Not Physical Places of Valve in the District

Symbology's threadbare allegations about PC Cafés fail to clear the Federal Circuit's high bar for imputing the contacts of third parties to Valve. When determining whether to impute third-party contacts to Valve for the purposes of venue, "the most significant factor to consider is the degree of control that [Valve] maintains over the daily operations of the [third party]." *In re*

6

*Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1210 (Fed. Cir. 2022). The control must be so expansive and fulsome to amount to an "agency relationship [where] the 'principle ha[s] the right throughout the duration of the relationship to control the agent's acts.'" *Id.* (citation omitted). Merely setting standards and providing constraints is insufficient to rise to an agency relationship and impute the contacts of a third party to Valve. *Id.*

For example, in *In re Volkswagen,* the Federal Circuit determined the defendant car manufacturers did not have control over dealerships that sold defendants' products, despite contractual provisions mandating the dealerships:

> (1) employ certain types of employees…; (2) maintain a minimum amount of inventory; (3) perform warranty work…; (4) use specified tools…; (5) use distributor-approved computer hardware and software; (6) comply with the distributors' standards regarding dealership appearance…; (7) comply with the distributors' working capital requirements; and (8) attend mandatory training…

*Id.* at 1211. Instead, the eight contractual obligations placed on the dealerships by the manufacturers were merely found to be constraints and standards and did not amount to "step-by-step instructions" on how the car dealerships were to run their business. *Id.* at 1211-12.

This Court has also found relationships between defendants and third parties to lack the high level of control necessary to impute the contacts of the third party to the defendant even when the defendant "provided detailed instructions to [third-party] employees tasked with inspecting the products and making them commercial ready; supervised and reviewed issues with the supply chain; [] worked with [third-party] to improve processes," and "was able to access [third-party] facilities to review [third-party] processes and work." *Wireless Protocol Innovations, Inc. v. TCT Mobile (US) Inc.*, No. 6:15-cv-918-KNM, 2023 WL 4626659, at *11 (E.D. Tex. July 19, 2023). The Court explained that "adherence to quality control standards set out by [defendant] is insufficient to establish that [defendant] had the requisite interim control

████████████████████████████████

over [third-party] or [their] employees necessary to create an agency relationship." *Id.* at *12.

Like *In re Volkswagen* and *Wireless Protocol*, the PC Cafés operate independently of Valve. Plaintiff identifies no facts supporting its conclusory statement that Valve "controls the day-to-day operations" of the PC Cafés. ***First***, Plaintiff alleges that Valve ████████████ ████████████████████████████████████████ *Compare* Dkt. 52 at 31 *with* Ex. 2, § 4A. ***Second***, Plaintiff alleges that Valve provides ████████████████ ██████████████████████████████ *Compare* Dkt. 52, ¶ 31 *with* Ex. 3, 35:22-25. ████████████████████████████████████████████████.

***Third***, Plaintiff alleges that Valve ██████████████████████████████ ████████████████ *Compare* Dkt. 52, ¶ 45 *with* Ex. 3, 78:18-19 ████████████ ██████████████ *and* 79:13-17 ████████████████████ ████████████████████████████ Plaintiff's only evidence is a ████████████████████████████████████████████ ████████████████ Dkt. 52, ¶ 45, Fig. 11; *see also EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-CV-1001-ADA, 2022 WL 1241967, at *7, *9 (W.D. Tex. Apr. 26, 2022) (finding that after three months of venue discovery, plaintiff failed to make a prima facie case for venue because allegations in its complaint were specifically controverted by defendant's evidence, and "well-pleaded facts are only accepted as true if uncontroverted").

The only purported "step-by-step instructions" Plaintiff points to are the sign-up instructions Valve posts to guide individuals interested in becoming PC Cafés. Dkt. 52, Fig. 5. These cannot support that Valve "controls the actions" of the PC Cafés. *In re Volkswagen*, 28 F.4th at 1210. Instead, once an individual signs the PC Café Agreement, ████████████ ████████████████████████████████████████████████



▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 3 at 74:18-21.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2 at 1; Schenck Decl., ¶ 7. The PC Café

Agreement makes clear that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2 at §§ 4A; 4D.

Under the PC Café Agreement, Valve merely ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. For example, Valve

allows PC Café operations to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ Ex. 2 at 2(C). These mere "constraints on the service provider" are

insufficient to rise to the level of the "right to give instructions" or have control over daily

operations. *See In re Volkswagen*, 28 F.4th at 1209-10. The PC Café Agreement also allows

Valve ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Schenck Decl., ¶ 8. Even if

Valve had, ▮▮▮▮▮▮▮▮ does not rise to the level of day-to-day control sufficient to convert

the PC Café to a regular an established place of Valve. *See Westport Fuel Sys. Canada, Inc. v.*

*Nissan N. Am., Inc.*, No. 2:21-cv-00455-JRG-RSP, 2022 WL 4594036, at *3 (E.D. Tex. Sept. 12,

2022) (finding that employees visiting dealerships in the district at least 44 times and 32 times

does not convert the dealership into a regular and established place of Nissan).

At all times, PC Cafés are independently created, owned, and operated by third parties.

███████████████████████████

Valve's licensing of digital content to these entities with certain restrictions and standards is insufficient to impute the contacts of PC Cafés to Valve. *Wireless Protocol*, 2023 WL 4626659 at *11. Thus, PC Cafés located in this District cannot be a regular and established place of Valve.

### 3.   Valve Does Not Control Developers Who Place Content on Steam

#### a.   Valve's Decades-Old Collaboration with Gearbox

Symbology uses Gearbox in a transparent attempt to manufacture venue against Valve by imputing Gearbox's contacts with this District to Valve. This is legally insufficient to find venue over Valve in this District. *See In re Cray Inc.*, 871 F.3d at 1360. Valve and Gearbox are separate entities that do not share any common ownership, employees, or office space. Schenck Decl. ¶ 23; *see also* Dkt. 36 at 2-3 ("Valve and Gearbox are wholly different entities..."). Valve does not have any control or authority over the actions of Gearbox. *Id.*

From 2001 to 2002, Gearbox and Valve collaborated to create video game content. Schenck Decl., ¶¶ 19-20. Valve terminated that agreement in 2002. Ex. 13. This product-development work occurred two decades before Plaintiff filed its complaint and is irrelevant to venue. *AGIS Software Dev. LLC v. T-Mobile USA, Inc.*, No. 22:1-cv-24-JRG-RSP, 2021 WL 6616856, *1 n. 1 (E.D. Tex. Nov. 10, 2021).

Since the project ended in 2002, Valve and Gearbox have had no further collaboration on the creation of any product, including those Symbology accuses of infringement. Schenck Decl., ¶¶ 21-22. Valve's 30(b)(6) deponent confirmed that ████████████████████████ ████████████████████████████ Ex. 3 at 56:18-25. Despite confirming the current state of Valve and Gearbox's relationship, Symbology incorrectly alleges that Valve collaborated with Gearbox to develop Tiny Tina's Wonderland, a game that was released in 2022. Dkt. 52, ¶¶ 41; 49; Ex. 14. The game's public listing shows "Gearbox Software" is the only developer, and "2K" is the only publisher. Ex. 14. Valve had no involvement in the

████████████████████████████████████

development of Tiny Tina's Wonderland. Ex. 6 at 56:18-25. ████████████████

███████████████████████████████████████████████ Ex. 3, 37:15-38:8.

The Court should disregard Plaintiff's unfounded factual averments made after months of venue

discovery that proves them false. *See EMA Electromechanics*, 2022 WL 1241967, at *7, *9.

### b. Valve's Current Relationship with Game Developers

Despite having three months of venue discovery, other than Gearbox, Symbology never

asked Valve about any of the allegedly Texas-based companies mentioned in Paragraph 43 of the

Third Amended Complaint. Yet it now boldly claims that Valve has ███████████████████

███████████████████████████████████████ Dkt. 52, ¶ 43.

This is wrong because, even if these newly introduced companies are ███████████████

███████████████████████████████████████████████

███████████████████████████████████████

████████████ Ex. 3, 70:15-18; *see also EMA Electromechanics*, 2022 WL 1241967, at *7,

*9. ████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████ Ex. 11. The agreement does not provide any

████████████████████████████████████████

███████████████████████████ Ex. 11; *see*

*also In re Volkswagen*, 28 F.4th at 1210-11. The agreement ██████████████████

███████████████████ Ex.11, ¶ 15.7. Thus, the

presence of game developers in this District cannot be used to support venue over Valve. *See,*

*e.g.*, *Unity Opto Tech. Co. v. Lowe's Home Centers, LLC*, No. 18-cv-27-JDP, 2018 WL

2087250, at *3 (W.D. Wis. May 4, 2018) (finding no venue where "one corporation simply …

'works closely' with another corporation" in the disputed district).

██████████████████████████

Symbology alleges that Valve provides ████████████████████████████

███████████████████████ and Valve █████████████████████████

██████████████████████████████████ Dkt. 52 at ¶¶ 42-43.

Symbology's allegations about Valve's "partners" are contradicted by the evidence it received

during venue discovery. Ex. 3, 70:15-18 As the SDA makes clear, ███████████████████

█████████████████████████ Ex. 11, ¶ 2.1. Further, the Steam Software Developer

Kit ("SDK") that Symbology references is used only to ensure that already completed games are

compatible with Steam. Ex. 3, 55:1-14. The SDK cannot be used to "build games" as Plaintiff

alleges. *Id*.; Ex. 12 ("The Steamworks SDK provides a range of features which are designed to

help ship your application or game on Steam in an efficient manner.").

Even if Plaintiff's allegations were true (they are not), Valve providing resources to

ensure technical compatibility is insufficient to treat the developers and Valve as interchangeable

for the purpose of determining whether Valve has a place of business in this District. Nothing in

the ██████████████████████████████████████████████████

██████████████████████████ *In re Volkswagen*, 28 F.4th at 1210.

**B.    The GSALA Does Not Apply to This Lawsuit**

Plaintiff alleges for the first time that Valve has waived its right to object to venue

because of a forum selection clause in the GSALA to which (a) Plaintiff was not a party and

(b) that does not license, let alone mention, the Asserted Patents. Dkt. ¶¶ 9-26, 57-60, 66. The

GSALA does not govern venue in this lawsuit. Its forum selection clause states, "Parties hereby

submit to the jurisdiction of, and waive any venue objections against, the State and Federal

courts in Texas." Ex. 1, § 11.1. "Parties" is defined as Valve, Display Technologies, and Leigh

Rothschild. Despite Plaintiff's extensive focus on the term "Affiliate" in the GSALA (Dkt. 52 ¶¶

17-18), Plaintiff is not a Party nor an Assignee to whom the Agreement applies. Ex. 1 at 14;

Ex. C. Indeed, "Affiliate" is exclusively used in the agreement to refer to *Valve's* Affiliates, not Rothschild's or Display Technologies' Affiliates. Ex. 1, §§ 1.2; 1.3; 2.1; 3.1; 3.2; 7.1. Symbology is not a Party to the GSALA and cannot enforce the forum selection clause.

Further, this lawsuit does not "aris[e]" out of the GSALA, making the forum selection clause inapplicable. Symbology is not named in the GSALA. The Asserted Patents are not licensed to Valve in the GSALA. Plaintiff does not dispute this. *See* Dkt. 52, ¶¶ 21, 58 ("Valve Corporation does not have a license to the patents-in-suit"); ¶ 58 ("Plaintiffs…intend to move to strike … a licensing defense under the GSALA where Valve Corporation contends that under the definition of 'Licensed Products' it has a license to use the asserted patents-in-suit"). The GSALA is not related to any of Symbology's claims. *See Indus. Print Techs. v. Canon U.S.A.*, No. 2:14-CV-00019, 2014 WL 7240050, at *5 (E.D. Tex. Dec. 19, 2014).

Despite admitting that the GSALA is irrelevant to the Asserted Patents and this lawsuit, Plaintiff attempts to use the GSALA as a *sword* to enforce the forum selection clause and as a *shield* from any defense of Valve's that it has a license to the Asserted Patents. This Court faced a nearly identical situation in *Industrial Print*, where the plaintiff both opposed application of a forum selection clause in an agreement and simultaneously raised a dispute over facts squarely within the agreement. *Indus. Print Techs.*, 2014 WL 7240050, at *5. The Court warned that it "will look with serious skepticism on parties that assert the forum-selection clause of an (otherwise ancillary) contract when the real dispute is clearly not wedded to the contract containing the forum-selection clause." *Id.* That skepticism is warranted here. Symbology attempts to manufacture a venue dispute out of an unrelated contract based on a hypothetical licensing defense that Valve (1) has not asserted and (2) Plaintiff alleges cannot be asserted. The "real dispute" in this case involves a party not subject to the GSALA, patents not licensed in the

GSALA, and claims that do not arise out of any provision of the GSALA. Plaintiff is improperly "attempt[ing] to manufacture a contract dispute simply as a means to import the forum-selection clause into the case for venue purposes." *Id.* The Court should reject this attempt.

### C.    The Court Should Disregard Symbology's Remaining, Irrelevant Allegations

#### 1.    Valve's Texas Taxpayer Number Is Irrelevant to Venue

Valve's Texas Franchise Tax Account and Texas Taxpayer Number show only that Valve conducts business in Texas, not that venue is proper in this District. "The Texas franchise tax is a privilege tax imposed on each taxable entity formed or organized in Texas or doing business in Texas." *Franchise Tax*, https://comptroller.texas.gov/taxes/franchise/. The Supreme Court confirmed merely conducting business in the state, without more, is insufficient to prove that venue is proper. *TC Heartland*, 581 U.S. at 266.

#### 2.    Valve's Participation in Old Cases Does Not Confer Venue Here

In 2013, Valve intervened in a case where Uniloc alleged that Valve's customer infringed its patents through sales of products on Valve's Steam platform. *Uniloc v. Activision Blizzard, Inc.*, No. 6:13-cv-00256-LED, Dkt. 1, ¶ 12(c) (E.D. Tex. Mar. 21, 2013). As Symbology recognizes, Valve consented to venue "for the purposes of this litigation only." *Id.* at Dkt. 154-1. Similarly, Valve stated in response to a 2015 lawsuit that "Valve does not dispute, for the purposes of this action only, that venue is proper in this judicial district." *Display Techs., LLC v. Nvida Corp.*, No. 2:15-cv-00998-JRG-RSP, Dkt. 41, ¶ 4 (E.D. Tex. Oct. 28, 2015).

Valve's limited consent to venue in 2013 and in 2015 is irrelevant to the question of whether venue is proper as to Valve in this case. *See Toshiba Int'l Corp. v. Fritz*, 993 F. Supp. 571, 573 (S.D. Tex. 1998). Symbology's arguments would require a party to forever waive venue in a district if it seeks to intervene in a case for which it was not a named defendant. That is simply not the law. *V&A Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127, 132 (2d Cir.

██████████████████████████████████

2022) ("'A party's consent to jurisdiction in one case [ ] extends to that case alone.'"). Further, Valve's decision not to challenge venue in 2013 and 2015 cannot be used as a waiver to the present challenge because of an intervening change in law in the wake of the Supreme Court's decision in *TC Heartland. In re Micron Tech., Inc.*, 875 F.3d 1091, 1096, 1099 (Fed. Cir. 2017).

### 3.    Valve's Sale of Gift Cards in This District Is Irrelevant to Venue

Allegations that Valve sells gift cards in this District are insufficient to prove venue over Valve. *See supra* § IV.C.1; Dkt. 40, ¶ 11. This Court already rejected such allegations. *Alexsam, Inc. v. Simon Prop. Grp. (Texas), L.P.*, No. 2:19-CV-00331-JRG, 2021 WL 8441707, at *2 (E.D. Tex. Sept. 3, 2021) (rejecting argument that venue is proper because AMEX sold "prepaid, reloadable gift cards" through vendors as "not consistent with current venue law").

### 4.    Third-Party Servers Not in This District

Plaintiff alleges Valve ███████████████████████████████████████ ████████████████████████ Dkt 52, ¶ 39. Missing from Plaintiff's argument is any allegation that ████████████████████████ Valve does not ████████████████████ ██████████████████████ Ex. 9, at 13. Regardless, ████████████████████ ████████████████████████████████████████ *See In re Volkswagen*, 28 F.4th at 1209-10; *Mirror Imaging, LLC v. Viewpointe Archive Servs. LLC*, No. 3:22-CV-2857-X, 2023 WL 5311491, at *1 (N.D. Tex. Aug. 17, 2023).

### IV.    CONCLUSION

Valve requests the Court dismiss this case for improper venue. Valve also requests that, after doing so, the Court keep the case open to hear any fee request that Valve chooses to file.

Dated: April 8, 2024

Respectfully submitted,

*/s/ Shaun W. Hassett, with permission for*
*Kathleen R. Geyer*
Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
Potter Minton, PC
102 North College, Ste. 900
Tyler, Texas 75702
903-597-8311 (telephone)
mikejones@potterminton.com
shaunhassett@potterminton.com

Dario A. Machleidt
Kathleen R. Geyer
Christopher P. Damitio
Kilpatrick Townsend & Stockton
1420 Fifth Avenue Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
Facsimile: (206) 623-6793
DMachleidt@kilpatricktownsend.com
KGeyer@kilpatricktownsend.com
CDamitio@kilpatricktownsend.com

*Attorneys for Defendant*
*Valve Corp.*

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on April 8, 2024.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on April 8, 2024.

*/s/ Shaun W. Hassett*

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Shaun W. Hassett*

17