THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VALVE CORPORATION,<br>GEARBOX SOFTWARE, L.L.C.,<br><br>　　　　　Defendants. | CASE NO. 2:23-cv-419-JRG<br><br><br><br><br><br>JURY TRIAL DEMANDED |

### OPPOSITION TO VALVE CORPORATION'S MOTION TO STRIKE THE THIRD AMENDED COMPLAINT [DKT. 57]

Plaintiff files this opposition to Valve Corporation's motion to strike the operative complaint in this case, a Third Amended Complaint filed on or about March 22, 2024. Under the Court's Docket Control Order, the parties are allowed to amend the pleadings until August 29, 2024. Dkt. 29 at 4. Plaintiff amended within its allowed time under the DCO. Plaintiff's amendment did not include any additional patents.

In its motion to strike, Defendant applies the wrong legal standard to come to the incorrect legal result. Specifically, Defendant applies Rules 15 and 16 that involve a party missing a deadline on the docket control order and not seeking leave to amend before filing a document with the Court. In support, Defendant cites to cases that have factual situations where the Court set a deadline to amend the pleadings and a party missed that deadline. Dkt. 57 at 3 (citing *Ishmon v. USAA Fed. Sav. Bank*, No. 3:23-CV-158-S-BN, 2023 WL 9659174, at *3 (N.D. Tex. Dec. 27, 2023).

A more appropriate case to cite is *Cellspin Soft, Inc. v. v. Fitbit, Inc*., 927 F.3d 1306, 1319-1320 (2019), which explains the proper factual situation in play here. In *Cellspin*, there was a pending motion to dismiss based on Rule 12(b)(6) for failure to state a claim due to a lack of patentability under Section 101. In reversing and remanding, the Federal Circuit addressed a

similar procedural mistake that Valve invites here. The parties had submitted a joint docket control order, which the Court entered. It allowed the parties freely amend the pleadings until a certain date, which Plaintiff Cellspin did. *Cellspin*, 927 F.3d at 1319. The Federal Circuit found Cellspin's amended complaint to be appropriate under the scheduling order the Court had just entered three days prior to Cellspin amending. *Cellspin*, 927 F.3d at 1320.

In clarifying the amended complaint was procedurally correct, notwithstanding the motion to dismiss involving Section 101 patentability pending and even a hearing on said pending motion to dismiss coming up in just 3-days, the Federal Circuit cited *Aatrix Software, Inc. v. Green Shades Software, Inc.,* 882 F.3d 1121 (Fed. Cir. 2018) and explained that the Plaintiff was allowed to amend its complaint. *Cellspin*, 927 F.3d at 1320 (citing *Aatrix,* 882 F.3d at 1128 ("Aatrix is entitled to file its proposed second amended complaint. . . .").

Tellingly, Valve Corporation ignores these Federal Circuit cases directly applicable to denying its Motion to Strike when, like here, there is a scheduling order that allows amendments to the pleadings without leave of the Court.

In closing, Valve Corporation has not met its burden that the Court should grant its motion to strike.[1] It applies the wrong legal standard that results on an improper law conclusion. Under the correct Federal Circuit precedent, Cellspin is entitled to amend its complaint even if there was

---

[1] Plaintiff attempted to coordinate with Defendant Valve Corporation in this case and two related cases involving plaintiff's Quantum Technology Innovations, LLC and Social Position and Input Systems, LLC, to increase on judicial economy and reduce costs. Here, Plaintiff isn't amending just to make Defendant file another revised motion. Instead, Defendant refused a request by Plaintiff to let it amend before it filed its most recent motion to dismiss under Rule 12(b)(3). When Defendant states to this Court that produced the vast majority of its venue discovery, it implicitly admits it had not until March 20, 2024, produced a specific agreement Plaintiff had requested. *Quantum Tech. Innovations, LLC v. Valve Corporation,* Case 2:23-cv-00425-JRG-RSP, Dkt. 35 at 4 (Valve' counsel recites that "Valve produced one agreement on . . . March 20 [, 2024] (5 documents total)"). Since Defendant said it needed more time to get third party permission to produce an agreement, Plaintiff agreed to give Defendant an extension. Plaintiff explained that it understood and Plaintiff offered to extend Defendant's deadline to respond to the operative complaint, as needed, until Valve got approval to produce this particular agreement and Plaintiff had sufficient time to review it and amend its complaint. Defendant refused this stipulation. As such, any alleged prejudice by Defendant is self-imposed.

a briefing schedule in place for Valve's motion to dismiss via another order or local rule.  *Cf. Cellspin,* 927 F.3d at 1319 ("The district court also faulted Cellspin for amending its complaint **just a few days before the scheduled hearing on Appellees' motions to dismiss**. But Cellspin's amendment was timely based on a scheduling order. . . .") (emphasis added).

Thus, the Court should deny Valve Corporation's motion to strike filed at Docket No. 57.

| | |
|---|---|
| April 22, 2024 | Respectfully submitted,<br><br>*/s/ Randall Garteiser*<br>Christopher A. Honea<br>   Texas Bar No. 24059967<br>   chonea@ghiplaw.com<br>Randall Garteiser<br>   Texas Bar No. 24038912<br>   rgarteiser@ghiplaw.com<br>M. Scott Fuller<br>   Texas Bar No. 24036607<br>   rgarteiser@ghiplaw.com<br><br>**GARTEISER HONEA, PLLC**<br>119 W. Ferguson Street<br>Tyler, Texas 75702<br>Telephone: (903) 705-7420<br>Facsimile: (903) 405-3999<br><br>**COUNSEL FOR PLAINTIFF** |

## CERTIFICATE OF CONFERENCE

The undersigned certifies that in February and March 2024, counsel for the parties met and conferred several times.  Counsel for Plaintiff had agreed to provide Defendant extensions to avoid it prematurely filing a revised motion to dismiss until Defendant had sufficient time to complete its production of relevant and responsive venue discovery agreements that Defendant had with third parties, whose names are confidential.  Defendant was aware of the August 29, 2024 deadline

to amend the pleadings without leave of the Court, but took the position that the venue discovery order controlled over the Docket Control Order. Regardless, Plaintiff explained that it was going to amend so if it wanted to wait to re-file its motion to dismiss Plaintiff would not oppose an extension. Defendant refused opting to file its revised motion to dismiss under Rule 12(b)(3).

/s/ Randall Garteiser
Randall Garteiser

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 22, 2024, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

/s/ Randall Garteiser
Randall Garteiser