THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLY INNOVATIONS, LLC, | |
| Plaintiff, | CASE NO. 2:23-cv-419-JRG |
| v. | |
| VALVE CORPORATION, GEARBOX SOFTWARE, L.L.C., | |
| Defendants. | JURY TRIAL DEMANDED |

# OPPOSITION TO VALVE CORPORATION'S MOTION TO DISMISS UNDER RULE 12(B)(3)

**TABLE OF CONTENTS**

*I.   PERSONAL JURISDICTION IS PROPER OVER DEFENDANT VALVE
        CORPORATION*..................................................................................................................*1*
   A.   Valve Corporation Contractually Personal Jurisdiction is Proper In This District...1
      1.   The Forum Selection Clause is Reasonable. ...................................................6
   B.   General and Specific Jurisdiction Are Both Proper Over Valve Corporation............7
*II.   VENUE IS PROPER OVER VALVE CORPORATION*........................................................7
   A.   Valve Corporation Waived Any Objection to Venue........................................................7
   B.   Venue is Proper Under § 1391(c)(2)..................................................................................8
   C.   Venue is Proper Under § 1400(b)......................................................................................8
*III.   CONCLUSION*..........................................................................................................................*9*

# TABLE OF AUTHORITIES

**Cases**

*5 Annot. Patent Digest (Matthews)* .................................................................................................2

*Display Technologies, LLC v. Valve Corporation*, Case No. 2:15-cv-00998 (E.D. Tex. June 8, 2015) .............................................................................................................................................8

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (2000) ...........................................................6

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) ....................................................2, 7

*Manetti-Farrow, Inc. v. Gucci Am. Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) .................................2

*Nat'l Equip. Rental, Ltd. v. Szukhent,* 375 U.S. 311, 316 (1964) ...................................................2

*Plesha v. Ferguson*, 2009 WL 8729579, at *2 (W.D. Tex. Aug. 19, 2009) ...................................7

*Sundesa, LLC v. IQ Formulations, LLC*, Case No. 2:19-cv-06467-AB-MAA, 2020 WL 8125541, at *2 (C.D. Cal. Aug. 19, 2020) ..................................................................................................2

**Statutes**

28 U.S.C. § 1400(b) ................................................................................................................2, 7, 8

§ 36:152.40 (2020) ..........................................................................................................................2

28 U.S.C. § 1391(c)(2) ................................................................................................................7, 8

Plaintiff files this opposition to Valve Corporation's motion to dismiss under Rule 12(b)(3). The operative complaint is the Third Amended Complaint filed on or about March 22, 2024.[1] Dkt. 52 (The Operative Complaint or "Complaint" hereinafter). As the Complaint explains in detail venue is proper over Defendant Valve Corporation in this District for at least three separate and independent reasons. In short, venue is proper over Defendant Valve Corporation because personal jurisdiction is proper over it in this District.

The analysis of venue starts with a determination of whether personal jurisdiction is proper.

## I. PERSONAL JURISDICTION IS PROPER OVER DEFENDANT VALVE CORPORATION

The Court has personal jurisdiction over Defendant Valve Corporation under three theories: (1) waiver, (2) general personal jurisdiction, and (3) specific personal jurisdiction. Under the Texas Long-Arm Statue, personal jurisdiction exists over Defendant Valve Corporation. Dkt. 52 at ¶ 8.

### A. Valve Corporation Contractually Personal Jurisdiction is Proper In This District.

Valve Corporation agreed that personal jurisdiction is proper in this Court and waived any objection to Venue in this District. Exhibit 1 at ¶11 (Dkt. 52 at Exhibit 2).

> terms hereof.
>
> **11. General Terms**
>
> 11.1. The construction, validity and performance of the Agreement shall be governed in all respects (without regard to conflicts of law provisions) by the law of the State of Texas, United States of America, as such law applies to contracts signed and fully performed in the State of Texas. The Parties hereby submit to the jurisdiction of, and waive any venue objections against, the State and Federal courts in Texas.

*Figure 1* – Excerpt from Global Settlement and License Agreement ("GSALA") (involving Valve Corporation and the parent company of plaintiff and a sister company named Display Technologies, LLC and lastly Leigh Rothschild as a named inventor and director).

---

[1] Plaintiff herein incorporates by reference the facts and arguments contained within its Third Amended Complaint. Dkt. 52. It contains material Defendant Valve Corporation has designated as protected material and thus is filed under seal.

Enforcing freely negotiated forum selection clauses that are not unreasonable and unjust "does not offend due process"); *see also Nat'l Equip. Rental, Ltd. v. Szukhent,* 375 U.S. 311, 316 (1964) ("parties to a contract may agree in advance to submit to the jurisdiction of a given court").

Accordingly, a forum selection clause can operate as a waiver of § 1400(b) because it shows that the parties consented to litigate in a particular forum. *See 5 Annot. Patent Digest (Matthews),* § 36:152.40 (2020)); *Sundesa, LLC v. IQ Formulations, LLC*, Case No. 2:19-cv-06467-AB-MAA, 2020 WL 8125541, at *2 (C.D. Cal. Aug. 19, 2020) (Court held that "a forum selection clause can operate as a waiver of § 1400(b).").

Federal law governs the enforceability of forum selection clauses. Dkt. 52 at ¶ 10 (citing *Manetti-Farrow, Inc. v. Gucci Am. Inc*., 858 F.2d 509, 513 (9th Cir. 1988). Forum selection clauses are "prima facie valid" and should be enforced unless the challenging party demonstrates enforcement is unreasonable under the circumstances. *See M/S Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 10 (1972). Here, Valve Corporation makes the forum selection clause controlling because it is part of the nexus of operative facts. Valve Corporation refuses to stipulate to not raising a licensing defense in this case based on this prior GSALA entered into by the parties. Exhibit 1.[2] Counsel for Patent Asset Management, LLC subsidiaries asked Valve Corporation's Counsel if it would agree to not assert a licensing defense in this case due to the definition of Valve Products in the GSALA. Garteiser Declaration, ¶ 2. Valve Corporation refused to stipulate that it would not raise a licensing defense in March 2024, thus forcing Plaintiff to amend to add this waiver argument as yet another basis for venue being proper in this district along with personal jurisdiction.

---

[2] Exhibit 1 is a redacted, complete version of Exhibit 2 to the operative complaint, where the latter just contains excerpts. Dkt. 52 at Ex. 2. Parties including Valve Corporation, Patent Asset Management, Inc, Leigh Rothschild and others to the lawsuit Valve Corporation filed in the Western District of Washington this Exhibit with just the amount paid redacted as Exhibit 1 to the Complaint. As such, Plaintiff is not going to file it under seal in this litigation as it was not filed by Valve Corporation under seal in that prior litigation except for the amount paid under the GSALA to Display Technologies, LLC and Patent Asset Management, LLC.

15. The GSALA is a bargained for exchange between two sophisticated parties for fully paidup lump sum license for a patent license to some of the patents owned by PAM subsidiaries. The licensed patents were selected by Valve Corporation. The patent numbers are identified in the GSALA at Exhibit C. (Exhibit 2). For a patent license to some of the available patents but importantly not all of the additional patents owned by the Patent Asset Management, LLC subsidiaries. Indeed, Valve Corporation paid a lower amount than it would have paid for a license to all of the patents. (Exhibit 2).

16. In the GSALA, the parties, including Valve Corporation, stipulated to a forum selection clause indicating personal jurisdiction is proper over the parties in Texas and that the parties all agreed to not object to venue in Texas state or federal courts. Dkt. 52 at ¶ 16(citing Exhibit 2, ¶ 11.1). Under the definition of "Affiliates" the GSALA defines as a party Patent Asset Management, LLC and all of its subsidiaries including Display Technologies, LLC; Symbology Innovations, LLC; Quantum Technologies Innovations, LLC; and Social Positioning Input Systems, LLC.  Exhibit 1 at 1.1 ("1.1. "Affiliate" means, in relation to any Party hereto, any and all "Persons" (as hereinafter defined) now, at any time since the filing of the Pending Litigation, or in the future "Controlled"  (the term "Control" and correlatives thereof shall have the meaning more particularly set forth herein) by, Controlling, or under common Control with that Party or any parent company of a Party and any subsidiary thereto.").

Thus, EDTX plaintiffs Symbology Innovations, LLC; Quantum Technologies Innovations, LLC; and Social Positioning Input Systems, LLC are parties to the GSALA.

For clarity, they have each had to file a lawsuit against Valve Corporation for patent infringement to obtain no less than a reasonable royalty. These cases are as follows:

1. Social Positioning Input Systems, LLC v Valve Corp., Case No. 2:23-cv-00422-JRGRSP (E.D. Tex. 2023).

2. Quantum Technology Innovations, LLC v. Valve Corporation, Case 2:23-cv-00425-JRG-RSP (E.D. Tex. 2023).

3. *Symbology Innovations, LLC v. Valve Corporation,* Case No. 2:23-cv-00419-JRG (E.D. Tex. 2023).

17. Again, under the definition of "Affiliate" in the Global Settlement and License Agreement (Exhibit 2), Leigh Rothschild and Patent Asset Management, LLC are included as a "Party" to the GSALA. Dkt. 52 at ¶ 17. Valve Corporation and its Attorneys, agreed to the "Affiliate" definition that includes subsidiaries of Patent Asset Management, LLC, which includes Social Positioning Input Systems, LLC; Quantum Technology Innovations, LLC; and Symbology Innovations, LLC; and others through the inclusion of specific language in Paragraph 1.1 of the GSALA that states "or under common Control with that Party or any parent company of a Party and any subsidiary thereto." Dkt. 52 at ¶ 17 (citing Exhibit 2 at ¶ 1.1).

> 1.1. "Affiliate" means, in relation to any Party hereto, any and all "Persons" (as hereinafter defined) now, at any time since the filing of the Pending Litigation, or in the future "Controlled" (the term "Control" and correlatives thereof shall have the meaning more particularly set forth herein) by, Controlling, or under common Control with that Party or any parent company of a Party and any subsidiary thereto.

*Figure 2* – Excerpt from Complaint citing Exhibit 2 (the GSALA).

Under the definition of "Control" in the GSALA, Valve Corporation and its counsel used language that would include Patent Asset Management, LLC and its subsidiaries, any of them, including the three subsidiaries that are Plaintiffs in the EDTX – Social Positioning Input Systems, LLC; Quantum Technology Innovations, LLC; and Symbology Innovations, LLC. Leigh Rothschild agreed to it so there was a meeting of the minds and consideration provided by the parties, including Valve Corporation.  Dkt. 52 at ¶ 18.

> 1.4. "Control" (and correlatives thereof) with respect to a Party or Person means (a) the legal, beneficial, or equitable ownership, directly or indirectly of fifty percent (50%) or more of the securities (or other equity interests) of the Person that ordinarily have voting rights in the election of the directors or equivalent managers of the Person, or (b) the possession, directly or indirectly, of the power to direct or cause the direction of management or policies of the Person, whether through the legal, beneficial, or equitable ownership or control of voting securities of the Person, appointment of more than fifty percent (50%) of the board of directors of the Person, by contract, or otherwise.

*Figure 3* – Excerpt from Complaint citing Exhibit 2 (the GSALA).

Valve Corporation spent money to have a patent attorney at a top tier law firm review patents owned by Patent Asset Management, LLC subsidiaries to ascertain patents to be included in the GSALA. The patents identified are included in the GSALA are listed in the GSALA at Exhibit C. Dkt. 52 at 19 (citing Exhibit 2 at Exhibit C). Valve Corporation did not pay compensation for a license to any of the patents not listed in Exhibit C of the GSALA that are now being asserted in the EDTX. Dkt. 52 at 20. Improperly, now Valve Corporation willfully continues to infringe the patents-in-suit in three (3) cases pending in the EDTX that contain no patents listed in Exhibit C of the GSALA. Valve Corporation does so under a licensing defense. Valve Corporation did not enter into a covenant not to sue agreement with Patent Asset Management, LLC or its subsidiaries in the GSALA. (Exhibit 2). Dkt. 52 at ¶ 21.

Indeed, as part of GSALA the parties negotiated and agreed and put into the GSALA that parties submitted to personal jurisdiction of the "State and Federal court in Texas." (Exhibit 2 at ¶11.1, shown in Figure below).

> 11. **General Terms**
>
> 11.1. The construction, validity and performance of the Agreement shall be governed in all respects (without regard to conflicts of law provisions) by the law of the State of Texas, United States of America, as such law applies to contracts signed and fully performed in the State of Texas. The Parties hereby submit to the jurisdiction of, and waive any venue objections against, the State and Federal courts in Texas.

Opposition to Motion to Dismiss 5

*Figure 4* – Excerpt from Complaint citing Exhibit 2 (the GSALA).

The parties made this agreement submitting to personal jurisdiction in any of the "Federal Courts in Texas" that includes the EDTX. Dkt. 52 at ¶ 23 (citing Exhibit 2 at ¶11.1, shown in Figure above).

Thus, the three (3) cases related to this motion to dismiss with plaintiffs Quantum Technology Innovations, LLC, Social Position Input Systems, LLC, and Symbology Innovations, LLC, are all parties to the GSALA that controls personal and venue in this litigation because all three are owned by Patent Asset Management, LLC.

### 1. The Forum Selection Clause is Reasonable.

Forum selection clauses are unreasonable, and should be set aside, if (1) the inclusion of the clause was the product of fraud or overreaching; (2) enforcing the clause would deprive the challenging party of their day in court; or (3) "enforcement contravenes a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision." *Id.* at 15–16.

The challenging party bears the "heavy burden" of establishing one of these three grounds. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (2000). Here, Plaintiff contends that the forum selection is reasonable. Thus, the burden is on Valve Corporation to meet the heavy burden of proving the forum selection clause in the GSALA is not enforceable. *Jones*, 211 F.3d at 497.

There is no fraud or overreaching in the forum selection clause. Exhibit 1 at ¶ 11.1. And Valve Corporation is not being denied its day in court. Lastly, Valve Corporation fails to identify how enforcement of the GSALA personal jurisdiction provision contravenes any public policies, because it does not. Thus, the forum selection clause is deemed enforceable.[3] *Jones,* 211 F.3d at 497.

---

[3] Valve Corporation is presently defending its same position – that the GSALA is not enforceable in a lawsuit Valve brought against Patent Asset Management, LLC, among others, in the Western District of Washington. Patent Asset Management, LLC has moved to dismiss indicating venue is improper their under the Forum Selection Clause. Exhibit 1 at ¶ 11.1. Valve Corporation amended its complaint to attempt to overcome the defendants' motion to dismiss. That court presently has the motion to dismiss under submission.

Absent a strong showing that the forum selection clause should be set aside, the forum selection clause controls. *See M/S Bremen*, 407 U.S. at 15. Valve Corporation cannot meet its 'heavy' burden that the forum selection clause is unreasonable, as it is not. *See Plesha v. Ferguson*, 2009 WL 8729579, at *2 (W.D. Tex. Aug. 19, 2009) (citing M/S Bremen, 407 U.S. at 12–13, 15, 18, 92 S.Ct. 1907).

### B. General and Specific Jurisdiction Are Both Proper Over Valve Corporation.

As explained in detail in the operative Complaint and incorporated herein by reference, the Court has personal jurisdiction over Valve Corporation both generally and specifically. Dkt. 52 at ¶¶ 28 – 52.

## II. VENUE IS PROPER OVER VALVE CORPORATION

Plaintiff incorporates by reference the paragraphs above herein to its venue analysis due to the substantial overlap with personal jurisdiction and Valve's waiver of its ability object to venue in the EDTX through its forum selection clause. Venue is proper in this District as to Defendant pursuant to at least Valve Corporation prior waiver venue objections in Texas Federal Courts that includes the EDTX, and also under 28 U.S.C. §§ 1391(c)(2) and 1400(b).

### A. Valve Corporation Waived Any Objection to Venue.

Courts routinely hold that venue can be waived by the parties. Dkt. 52 at ¶ 9 (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)). *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) ("parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction."

In prior litigation titled *Display Technologies, LLC v. Valve Corporation*, Case No. 2:15-cv-00998 (E.D. Tex. June 8, 2015), a requirement relating to disputes amongst the parties in the future requires resolution in this District. Exhibit 1, ¶ 11.1; Dkt 52 at ¶ 57. There is presently a dispute amongst those parties to the GSALA given the definition of "parties" used in the GSALA by Valve Corporation and the parent company of plaintiff. Under the definition of "Affiliate" in

the GSALA, here plaintiff is considered a party to the GSALA such that this patent dispute is controlled by the forum selection clause.

Valve Corporation does not have a license to the patents-in-suit in any of the EDTX cases involving plaintiffs Symbology, QTI and SPIS and defendant Valve Corporation. All three plaintiffs are subsidiaries of Patent Asset Management, LLC, the parent company to Plaintiff Display Technologies, LLC, who is a named party in the GSALA. Exhibit 1.

Plaintiffs Symbology, QTI and SPIS intend to move to strike any licensing defense Valve Corporation raises, including a licensing defense under the GSALA where Valve Corporation contends that under the definition of "Licensed Products" it has a license to use the asserted patents-in-suit in these three cases even though Valve Corporation did not include these patents as "Licensed Patents" in GSALA and furthermore Valve Corporation did not provide any additional consideration for any of these additional patents. Exhibit 1 at ¶ 1.5.

B.  **Venue is Proper Under § 1391(c)(2).**

Venue is proper under § 1391(c)(2) when "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c)(2). As established herein, personal jurisdiction is proper over Defendant Valve Corporation. As such, venue is proper under § 1391(c)(2) because Defendant Valve Corporation 'resides' in the EDTX where the Court has personal jurisdiction over Defendant Valve Corporation. Dkt. 52 at ¶ 55.

C.  **Venue is Proper Under § 1400(b).**

Venue is proper under § 1400(b) for Defendant Valve Corporation. It maintains a regular and established business presence in this District as established through Valve Corporation's ratification two Valve licensed PC Cafés in the EDTX. Dkt. 52 at ¶ 56. These STEAM PC gaming Cafés that are both located in this District that advertise Valve's STEAM gaming platform and

that Valve can inspect these locations at any time are sufficient to establish them as being ratified by Valve Corporation for purposes of establishing venue.

Additionally, Valve Corp. has agency over employees that reside in this district that perform inspections of its dedicated servers that Valve Corporation promotes to provide its user the fastest ping times available at its ratified Steam PC Gaming PC Café's. Dkt 52 at ¶ 59 (citing Exhibit 11, Exhibit 14).

### III.  CONCLUSION

Venue is proper over Valve Corporation. Thus, the Court should deny Valve Corporation's motion to dismiss under Rule 12(b)(3) filed at Docket No. 56.

April 22, 2024

Respectfully submitted,

*/s/ Randall Garteiser*
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Randall Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
M. Scott Fuller
  Texas Bar No. 24036607
  rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that in February and March 2024, counsel for the parties met and conferred several times. Counsel for Plaintiff had agreed to provide Defendant extensions to avoid it prematurely filing a revised motion to dismiss until Defendant had sufficient time to complete its production of relevant and responsive venue discovery agreements that Defendant had with third parties, whose names are confidential. Defendant was aware of the August 29, 2024 deadline to amend the pleadings without leave of the Court, but took the position that the venue discovery order controlled over the Docket Control Order. Regardless, Plaintiff explained that it was going to amend so if it wanted to wait to re-file its motion to dismiss Plaintiff would not oppose an extension. Defendant refused opting to file its revised motion to dismiss under Rule 12(b)(3).

*/s/ Randall Garteiser*
Randall Garteiser

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 22, 2024, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ Randall Garteiser*
Randall Garteiser