**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:23-CV-00419-JRG |
| | § | |
| VALVE CORPORATION, GEARBOX | § | |
| SOFTWARE, L.L.C., | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

### I.    INTRODUCTION

Before the Court are the Motion to Strike Plaintiff's Third Amended Complaint (the "Motion to Strike") (Dkt. No. 57) and the Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(3) for Improper Venue (the "Motion to Dismiss") (Dkt. No. 55) filed by Defendant Valve Corporation ("Valve"). Also before the Court are the Motion to Expedite Briefing on Motion to Strike Plaintiff's Third Amended Complaint and Motion to Expedite Briefing on Motion to Dismiss Plaintiff's Third Amended Complaint (the "Motions to Expedite") filed by Valve. (Dkt. Nos. 56, 58). In the Motion to Strike, Valve asks the Court to strike Plaintiff Symbology Innovations, LLC's ("Symbology") Third Amended Complaint (Dkt. No. 52) and to order Symbology to file a response to Valve's motion to dismiss for improper venue. (Dkt. No. 57 at 1).

### II.    FACTUAL BACKGROUND

Symbology filed its Original Complaint on September 15, 2023. (Dkt. No. 1). Symbology alleged that venue was proper in this District because Valve "maintains a regular and established

business presence in this District." (Dkt. No. 1, ¶ 8). Valve moved to dismiss Symbology's Original Complaint under Rule 12(b)(3) for improper venue. (Dkt. No. 11). In response, the parties requested to "conduct limited, expedited venue discovery," which the Court granted. (Dkt. No. 24 (the "Venue Discovery Order") at 1). During venue discovery, Symbology twice amended its complaint. (Dkt. Nos. 35, 40). In its January 16, 2024 First Amended Complaint, Symbology re-alleged its previous venue allegations and added new ones as well. *See, e.g.*, (Dkt. No. 35, ¶ 12). In response, Valve filed a renewed motion to dismiss. (Dkt. No. 37). On February 13, 2024, Symbology filed a Second Amended Complaint. (Dkt. No. 40). Valve renewed its motion to dismiss again in response to the Second Amended Complaint. (Dkt. No. 45).

Per the Court's Venue Discovery Order, Symbology's response to Valve's motion to dismiss was to be filed by March 11, 2024. (Dkt. No. 24, ¶ 7). The Court granted an extension of this deadline to March 21, 2024 at Symbology's unopposed request. (Dkt. No. 50). On March 21, 2024, Symbology did not file a response to Valve's motion to dismiss and instead filed its Third Amended Complaint. (Dkt. No. 52). On April 8, 2024, Valve renewed its Motion to Dismiss for improper venue in response to Symbology's Third Amended Complaint. (Dkt. No. 55). The same day, Valve also filed the present Motion to Strike the Third Amended Complaint. (Dkt. No. 57).

## III.    DISCUSSION

In the Motion to Strike, Valve argues that the Third Amended Complaint should be stricken because "Symbology violated this Court's order on venue discovery (Dkt. 24, 'Venue Order') by not filing a response to Valve's motion to dismiss." (Dkt. No. 57 at 1). Valve contends that Symbology is "purposefully seek[ing] to delay the Court's orderly process for timely resolving the issue of whether venue over Value is proper in this District." (*Id.*).

Symbology argues that "[u]nder the Court's Docket Control Order, the parties are allowed to amend the pleadings until August 29, 2024," and that it "amended within its allowed time under the DCO." (Dkt. No. 61 at 1). Symbology contends that it "is entitled to amend its complaint even if there was a briefing schedule in place for Valve's motion to dismiss via another order or local rule." (*Id.* at 3).

Symbology is correct that the Court's Docket Control Order sets August 29, 2024 as the deadline for the parties to amend pleadings, prior to which Symbology need not seek leave of Court to amend its pleadings. *See* (Dkt. No. 29 at 4). However, the DCO's deadline for amended pleadings does not allow Symbology to avoid responding to Valve's Motion to Dismiss. The parties have conducted expedited venue discovery, and Symbology should have all of the information it needs to respond to Valve's Motion to Dismiss. As such, the Court **GRANTS** Valve's request to order Symbology to file a response to Valve's renewed Motion to Dismiss (Dkt. No. 55).

## IV.    CONCLUSION

Having considered the Motion to Strike (Dkt. No. 57), the Court finds that it should be **GRANTED-IN-PART** and **DENIED-IN-PART** as described herein. Accordingly, the Court **ORDERS** that Symbology must file its response to the Motion to Dismiss (Dkt. No. 55) within **five days** of the issuance of this Order.[1] The Court **DENIES** Valve's request to strike Symbology's Third Amended Complaint under Federal Rules of Civil Procedure 15 or 16. The Court further **DENIES AS MOOT** the Motions to Expedite (Dkt. Nos. 56, 58) and Valve's earlier-filed motion to dismiss for improper venue (Dkt. No. 45) in view of the relief granted in this Order. Finally, the Court **ORDERS** that Symbology is prohibited from further amending its complaint prior to the

---

[1] For avoidance of doubt, the timing of Valve's reply brief and Symbology's sur-reply brief will be governed by the local rules.

Court's order addressing the Motion to Dismiss on the venue issue without first receiving leave of

Court.

**So ORDERED and SIGNED this 29th day of April, 2024.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE