**FUNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

SYMBOLOGY INNOVATIONS, LLC,

                  Plaintiff,

      v.

VALVE CORPORATION, GEARBOX
SOFTWARE, L.L.C.,

                Defendant.

Civil Action No. 2:23-cv-00419-JRG

JURY TRIAL DEMANDED

**JOINT MOTION TO SEVER AND STAY CLAIMS
<u>AGAINST DEFENDANT GEARBOX SOFTWARE, L.L.C.</u>**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................1

II.    FACTUAL BACKGROUND ..................................................................................1

III.   SYMBOLOGY'S CASE AGAINST GEARBOX SHOULD BE SEVERED
       AND STAYED PENDING RESOLUTION OF SYMBOLOGY'S CASE
       AGAINST VALVE ...................................................................................................2

       A.    Symbology's Case Against Gearbox Should be Severed and Stayed
             Pursuant to the Customer-Suit Exception .................................................3

       B.    Symbology's Case Against Gearbox Should Be Severed and Stayed
             Pursuant to Fed. R. Civ. P. 21 ..................................................................4

       C.    The Traditional Stay Factors Also Favor Severing and Staying Claims
             Against Gearbox .......................................................................................6

IV.    CONCLUSION .......................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Brunet v. United Gas Pipeline Co.*,
    15 F.3d 500 (5th Cir. 1994) ...................................................................................2

*Cellular Commc'ns Equip., LLC. v. Apple Inc.*,
    No. 14-cv-251, 2016 WL 6884648 (E.D. Tex. Aug. 26, 2016)..........................................2, 5

*Dali Wireless, Inc. v. AT&T Corp.*,
    No. 22-CV-0012, 2023 WL 2898423 (E.D. Tex. Apr. 8, 2023)...........................................4, 5

*GreatGigz Sols., LLC v. Costco Wholesale Corp.*,
    No. 21-cv-00807, 2022 WL 1037114 (W.D. Tex. Apr. 6, 2022) ...........................................4

*In re Google Inc.*,
    588 F. App'x 988 (Fed. Cir. 2014) ........................................................................2

*In re Nintendo of Am., Inc.*,
    756 F.3d 1363 (Fed. Cir. 2014)...........................................................................2

*Network Sys. Techs., LLC v. Samsung Elecs. Co.*,
    No. 22-cv-00481-JRG, 2023 WL 7649372 (E.D. Tex. Nov. 14, 2023) ...................................6

*Quantum Tech. Innovations v. Valve Corp. et al*,
    No. 23-cv-425 (E.D. Tex. Sept. 18, 2023) ("*Quantum*")......................................................1, 4

*Saint Lawrence Commc'ns LLC v. Apple Inc.*,
    No. 16-cv-82-JRG, 2017 WL 3712912 (E.D. Tex. July 12, 2017).........................................5

*Westport Fuel Sys. Can., Inc. v. Nissan N. Am., Inc.*,
    No. 21-cv-0455-JRG, 2023 WL 346807 (E.D. Tex. Jan. 20, 2023) ......................................3, 4

OTHER AUTHORITIES

Fed. R. Civ. P. 21 ...................................................................................... *passim*

Local Rule CV-7(h) ............................................................................................1

## I.      INTRODUCTION

Defendant Gearbox Software, L.L.C. ("Gearbox") and Plaintiff Symbology Innovations, LLC ("Symbology") respectfully submit this Joint Motion to Sever and Stay Symbology's case against Gearbox.  Gearbox's Co-Defendant, Valve Corporation ("Valve") does not oppose this motion.  Gearbox, Symbology, and Valve have met and conferred regarding this motion pursuant to Local Rule CV-7(h).[1]

Symbology's allegations of infringement in this case are directed solely to the Steam mobile application, which is a product of another defendant in this case, Valve.  Resolution of Symbology's claims against Valve will resolve major issues concerning the claims against Gearbox, and staying the case as to Gearbox will serve the goals of efficiency and judicial economy.  Under each of the customer-suit doctrine, Federal Rule of Civil Procedure 21, and the traditional stay factors, this Court should sever and stay Symbology's claims against Gearbox.

## II.     FACTUAL BACKGROUND

Symbology asserts two patents:   U.S. Patent Nos. 8,651,369 ("the '369 Patent") and 8.936,190 ("the '190 Patent") (collectively, "the patents-in-suit").  (*See* Dkt. 52 ("Third Amended Complaint" or "TAC") at 1.)  The Third Amended Complaint identifies the allegedly infringing technology as Valve's Steam mobile application.  (*Id.*, Ex. 8 at 2; *see generally, id.*.)  Valve is another defendant in the current case.  (*See*, e.g., *id.*, ¶ 2.)

---

[1] In a related case, *Quantum Tech. Innovations v. Valve Corp. et al*,, No. 23-cv-425 (E.D. Tex. Sept. 18, 2023) ("*Quantum*"), Gearbox and the plaintiff, Quantum Technology Innovations, LLC, jointly filed a motion to sever and stay the case against Gearbox pursuant to the customer suit doctrine.  *Quantum* at Dkt. 29.  That joint motion remains pending.

III.    **SYMBOLOGY'S CASE AGAINST GEARBOX SHOULD BE SEVERED AND STAYED PENDING RESOLUTION OF SYMBOLOGY'S CASE AGAINST VALVE**

The trial court has broad discretion in severing and staying actions. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (citing Fed. R. Civ. P. 21). Under Federal Rule of Civil Procedure 21, a court may "sever any claim against a party." Fed. R. Civ. P. 21. Courts have found that one reason for severance exists under the "customer suit doctrine." That is, "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take precedence." *In re Nintendo of Am., Inc*., 756 F.3d 1363, 1365 (Fed. Cir. 2014). The doctrine "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Id.* If the two suits against the manufacturer and against the customer are so closely related that "substantial savings of litigation resources can be expected," then the court will stay the proceedings until resolution of at least the "major premises." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014). The customer suit doctrine is also applicable where the manufacturer and customer are sued in the same action. In that situation, the court may sever and stay the claims against the customer, pending resolution of the claims against the manufacturer. *In re Nintendo*, 756 F.3d at 1365 (vacating district court decision and ordering the stay of the case as to the retailer defendants, pending resolution of the case against the manufacturer); *see also Cellular Commc'ns Equip., LLC. v. Apple Inc.*, No. 14-cv-251, 2016 WL 6884648 (E.D. Tex. Aug. 26, 2016) (severing and staying claims against cell phone service carriers in a suit, where the accused products were the iPhone and iPad because the "true defendant" was Apple).

2

A.    **Symbology's Case Against Gearbox Should be Severed and Stayed Pursuant to the Customer-Suit Exception**

Because Valve, the developer of the Steam platform and mobile application, is the true defendant in this case and because doing so would promote judicial efficiency, the Court should sever and stay Symbology's claims against Gearbox under the customer-suit doctrine.  Three factors are evaluated to determine whether the customer-suit exception applies: "(1) whether the customer[s] in the first filed action [are] mere reseller[s] of products manufactured [ ] by the party in the second filed action, (2) whether the customer[s] in the first filed action [have] agreed to be bound by any decision in the second filed action, and (3) whether the [manufacturers] in the second filed action [are] the only source of the allegedly infringing activity or product."  *Westport Fuel Sys. Can., Inc. v. Nissan N. Am., Inc.*, No. 21-cv-0455-JRG, 2023 WL 346807, at *1 (E.D. Tex. Jan. 20, 2023).  Each of the three customer-suit factors favor severing and staying the case as to Gearbox.

**As to the first factor**, Gearbox is, at most, a user of the accused product.  The Third Amended Complaint in this action does not accuse any Gearbox product of infringement; rather, the only allegations of infringement are based on the Steam mobile application—a product of co-defendant Valve.[2]  (*See, e.g.*, TAC, Ex. 8 at 1 (The only infringement contentions Symbology attached to the TAC are directed solely to Valve and contain no references to Gearbox or any Gearbox technology); *see also* Dkt. 55 at 4 (Valve confirming that it "did not work together [with Gearbox] to develop the Steam mobile app that is accused of infringement.").)  Indeed, the Third

---

[2]   Indeed, Gearbox moved to dismiss the Original Complaint, First Amended Complaint, and Second Amended Complaint based on, *inter alia*, failure to state a claim of infringement against Gearbox.  (Dkts. 31, 36, 44.)  Gearbox maintains that Symbology's Third Amended Complaint similarly fails to allege facts that plausibly state a claim of infringement against Gearbox. Regardless, Gearbox understands that Symbology's only claims of infringement would be based on Valve's product (and not on any Gearbox product), and thus brings, together with Symbology, the present motion on that basis.

Amended Complaint makes clear that Gearbox is not the manufacturer of the Steam mobile application, but rather simply "a gaming developer"—like many others—whose games are sold on Valve's Steam platform.  (TAC ¶¶ 42–43.)  The infringement contentions Symbology served on Gearbox are substantively identical to the contentions served on Valve.  Because the Third Amended Complaint, at most, alleges infringement through use of the *Valve* Steam mobile application and Symbology's infringement contentions focus solely on Valve's mobile application platform, this factor weighs in favor of a stay.  *See GreatGigz Sols., LLC v. Costco Wholesale Corp.*, No. 21-cv-00807, 2022 WL 1037114, at *3 (W.D. Tex. Apr. 6, 2022); *see also Westport*, 2023 WL 346807, at *3 (finding GM was a mere reseller of the allegedly infringing fuel injector where GM simply incorporated the accused product into its vehicles and did not in any way modify the accused technology).  ***As to the second factor***, to the extent decisions in Symbology's case against Valve resolve whether the accused Valve product meets the patent claims for purposes of infringement, Gearbox agrees to be bound by such rulings.  ***As to the third factor***, Valve is, to Gearbox's knowledge, the only source of the accused Valve product.  Indeed, there is no dispute that Valve is the sole source of the accused product.  (*See, e.g.*, Dkt. 55 at 2 n.3, 14 (Valve referring to "Valve's Steam platform").)

Accordingly, all three factors under the customer-suit doctrine weigh in favor of severing and staying the Gearbox case.

### B.  Symbology's Case Against Gearbox Should Be Severed and Stayed Pursuant to Fed. R. Civ. P. 21

"Even when the customer-suit exception does not strictly apply, courts have analyzed whether Rule 21 applies to sever and stay a case."  *Dali Wireless, Inc. v. AT&T Corp.*, No. 22-CV-0012, 2023 WL 2898423, at *2 (E.D. Tex. Apr. 8, 2023).  "In such circumstances, courts consider two factors:  (1) whether the remaining claims are peripheral to the severed claims, and (2) whether

adjudication of the severed claims would potentially dispose of the remaining claims." *Id.* (citing *Saint Lawrence Commc'ns LLC v. Apple Inc.*, No. 16-cv-82-JRG, 2017 WL 3712912, at *2 (E.D. Tex. July 12, 2017)).  The Rule 21 factors likewise favor severing and staying the case as to Gearbox.

    ***Regarding the first factor***, "where a single manufacturer is the only entity in the U.S. who makes and sells the only accused products to retailers, a patent infringement claim against a retailer is peripheral to the claims against the manufacturer." *Cellular Commc'ns*, 2016 WL 6884648, at *2 (quoting *Shifferaw v. Emson USA*, No. 09-cv-54, 2010 WL 1064380, at *3 (E.D. Tex. Mar. 18, 2010)).  Here, Symbology's claims against Gearbox are peripheral to Symbology's claims against Valve because Valve is the only entity in the U.S. that makes and distributes the accused Valve mobile application.   Further, Gearbox has played no role in the development, design, or implementation of the Valve platform—indeed, as the Third Amended Complaint alleges, Gearbox is merely "a gaming developer"—like many others—whose games are sold on Valve's Steam platform.  (TAC ¶¶ 42–43.)  Symbology's claims as to Gearbox are thus peripheral to those asserted against Valve.  *See Saint Lawrence Commc'ns*, 2017 WL 3712912, at *2 (finding the plaintiff's claims against the carrier defendants peripheral to those against Apple, where the only accused product was the iPhone, because the carrier defendants played no role in the "development, design, or implementation of the relevant software code").

    ***Regarding the second factor***, this Court has instructed that a case involving the manufacturer "need only have the potential to resolve 'major issues' concerning the claims against the customer—not every issue—in order to justify a stay of customer suits." *Id.* (quoting *Cellular Commc'ns*, 2016 WL 6884648, at *3).  Here, a decision in Symbology's case against Valve would resolve major issues in the claims against Gearbox, as Symbology's claims of infringement by Gearbox are based on a Valve product, and Symbology's case against Valve will resolve whether that Valve product meets the claimed limitations for purposes of infringement.

Accordingly, like the customer-suit factors, the factors provided under Federal Rule of Civil Procedure 21 weigh in favor of severing and staying Symbology's claims against Gearbox.

### C.     The Traditional Stay Factors Also Favor Severing and Staying Claims Against Gearbox

Finally, the traditional stay factors also favor severing and staying Symbology's claims against Gearbox.  In the context of customer suits, three factors are evaluated: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set."  *Network Sys. Techs., LLC v. Samsung Elecs. Co.*, No. 22-cv-00481-JRG, 2023 WL 7649372, at *8 (E.D. Tex. Nov. 14, 2023).  Each of the traditional stay factors weigh in favor of a stay.

***First***, Symbology will not be prejudiced by staying the case against Gearbox.  Notably, this motion is jointly filed by both Symbology and Gearbox.  Symbology will not be prejudiced or harmed by staying the claims against Gearbox and Symbology does not argue otherwise.

***Second***, as discussed above, staying Symbology's case against Gearbox will simplify the issues and promote judicial economy.

***Third***, the timing of this case weighs in favor of a stay.  Gearbox and Symbology jointly file this motion at the start of discovery, and this case is well within the timeframe that this Court has considered appropriate to grant such a stay.  Staying the case against Gearbox at this point will give effect to the purposes of the customer suit exception, promote judicial efficiency, and protect Valve's customer, Gearbox, from unnecessary litigation.

### IV.    CONCLUSION

For the foregoing reasons, Gearbox and Symbology respectfully request the Court grant their joint motion to sever and stay the case against Gearbox pending final resolution of

Symbology's case against Valve.  The other party in this case, Defendant Valve does not oppose the requested stay.

Dated:  April 29, 2024                          Respectfully submitted,


By:  */s/ Randall Garteiser*                     By:  */s/ Michael J. Sacksteder*
    Christopher A. Honea                     Michael J. Sacksteder
    Texas Bar No. 24059967                  CA Bar No. 191605 (Admitted to E.D. Texas)
    Email: chonea@ghiplaw.com               Email:  msacksteder@fenwick.com
    Randall Garteiser                       **FENWICK & WEST LLP**
    Texas Bar No. 24038912                  555 California Street, 12th Floor
    Email: rgarteiser@ghiplaw.com           San Francisco, CA  94104
    M. Scott Fuller                         Telephone:  (415) 875-2300
    Texas Bar No. 24036607
    Email: sfuller@ghiplaw.com              Geoffrey Miller, TBN 24094847
    **GARTEISER HONEA, PLLC**                Email: gmiller@fenwick.com
    119 W. Ferguson Street                  **FENWICK & WEST LLP**
    Tyler, TX 75702                         902 Broadway, 18th Floor
    Telephone: (903) 705-7420               New York, NY 10010
    Facsimile: (903) 405-3999               Tel: (212) 921-2001


    *Attorneys for Symbology*                Jessica M. Kaempf
    *Innovations, LLC*                       WA Bar No. 51666 (Admitted to E.D. Texas)
                                            Email:  jkaempf@fenwick.com
                                            **FENWICK & WEST LLP**
                                            401 Union Street, 5th Floor
                                            Seattle, WA  98101
                                            Telephone:  (206) 389-4510


                                            Attorneys for *Gearbox Software, L.L.C.*

7

## CERTIFICATE OF CONFERENCE

The undersigned hereby represents and confirms that a conference was conducted with counsel for all parties prior to filing this Motion and counsel indicated their agreement with the relief requested herein.

Dated:  April 29, 2024                              */s/ Michael J. Sacksteder*
                                                    Michael J. Sacksteder

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Dated:  April 29, 2024                              */s/ Michael J. Sacksteder*
                                                    Michael J. Sacksteder