# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC<br><br>            Plaintiff,<br><br>v.<br><br>VALVE CORPORATION,<br>GEARBOX SOFTWARE, LLC<br>            Defendant. | Civil Action No. 2:23-cv-419-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT VALVE CORPORATION'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS UNDER FEDERAL
RULE OF CIVIL PROCEDURE 12(B)(3) FOR IMPROPER VENUE**

Symbology's Third Amended Complaint, like those before it, fails to articulate a plausible theory of venue over Valve. After conducting months' worth of venue discovery, Symbology and the other Rothschild plaintiffs[1] do not directly address any of Valve's arguments from its various motions to dismiss. Instead, Plaintiffs resort simply to copying and pasting entire paragraphs from the complaint (including paragraph numbers).

Plaintiffs focus their opposition efforts on the recently concocted allegation that the Global Settlement and License Agreement ("GSALA") means Valve waived its venue objections. Plaintiffs do not try to defend their transparent attempt to use the agreement as both a sword (to keep Valve in this District) and a shield (by threatening to strike any license defense Valve might raise).[2] Plaintiffs' arguments are internally contradictory and legally incorrect. The few other arguments that Plaintiffs hang on to (like that § 1391 applies here) are frivolous.

The end result of over six months of litigation over venue has led to one, simple conclusion: Valve does not belong in this District.

**I.     THE GSALA DOES NOT APPLY TO THIS CASE**

Despite devoting nine-and-a-half pages to the issue of waiver, Plaintiffs spend almost no effort addressing the first step in determining whether the forum selection clause applies here: "whether the clause applies to the type of claims asserted in the lawsuit." *Braspetro Oil Servs.*

---

[1] Per the Court's Order (Dkt. 24), Symbology's Response and Valve's Reply "applie[s] with equal force to all three cases." Accordingly, the arguments made in Valve's Reply apply to the operative complaints in the three Rothschild cases: *Symbology Innovation, LLC v. Valve Corp. et al.*, No. 2:23-419 (E.D. Tex. Sept. 15, 2023); *Social Position Input Systems, LLC v. Valve Corp. et al.*, No. 2:23-cv-00425 (E.D. Tex. Sept. 18, 2023); and *Quantum Technology Innovations, LLC v. Valve Corp. et al.*, No. 2:23-cv-00422 (E.D. Tex. Sept. 18, 2023). To capture all three cases, this brief references "Plaintiffs" rather than just "Symbology," where "Plaintiffs" means Symbology Innovations, Social Position Input Systems, and Quantum Technology Innovations.
[2] Plaintiffs make much out of Valve refusing the waive its implied licensing defense. To avoid any ambiguity, Valve's position is that the GSALA does not govern these cases in any way, and Valve has never indicated that it would raise an implied licensing defense based on the GSALA.

*Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 616 (5th Cir. 2007); *see also Qualls v. Prewett Enterprises, Inc.*, 594 F. Supp. 3d 813, 821 (S.D. Tex. 2022). Instead of explaining how the infringement claims are "controlled, managed, or governed by" the GSALA, Plaintiffs assert in a single sentence that "Valve Corporation makes the forum selection clause controlling because it is part of the nexus of operative facts." Opp. at 2; *Qualls*, 594 F. Supp. 3d at 821.

Plaintiffs do not explain what "operative facts" are connected to the GSALA. That is likely because no relevant facts in Plaintiffs' cases are connected to that agreement. The GSALA does not reference any of the Plaintiffs. The asserted patents are not included in the GSALA—a fact Plaintiffs readily admit. Opp. at 5. Plaintiffs do not even allege that the patents included in the GSALA are *related to* the asserted patents. *See* Dkts. 52 & 63. The technology also differs between the GSALA and the current cases. In *Display Technologies*, the lawsuit that led to the agreement, the accused technology was Valve's Steam Operating System. *Display Technologies, LLC v. Valve Corp.*, 2:15-cv-999, Dkt. 1 ¶ 10 (E.D. Tex. June 8, 2015). In contrast, Plaintiffs now accuse QR code functionality (*Symbology*), VR headsets (*Social Pos. Input Sys.*), and content distribution systems (*Quantum Tech.*).

Lacking actual facts to support their argument, Plaintiffs allege that "Valve Corporation refuses to stipulate to not raising a license defense in this case based on this prior GSALA." Opp. at 2. This fact is irrelevant to the question of proper venue. **First**, Valve has not raised or asserted a license defense (or even answered the complaints). Plaintiffs merely attempt to manufacture venue using a hypothetical argument about what defenses Valve might assert, which is insufficient to keep Valve in this District. *See Indus. Print Techs. v. Canon U.S.A.*, No. 2:14-CV-00019, 2014 WL 7240050, at *5 (E.D. Tex. Dec. 19, 2014) ("[U]nless the contract is … at the very core of the dispute, the Court will not likely conclude that the facts fall within the scope of

the contract. This is especially true if the Court perceives that the party who asserts the forum-selection clause attempts to manufacture a contract dispute simply as a means to import the forum-selection clause into the case for venue purposes.").

*Second*, Plaintiffs' allegation that "Valve refused to stipulate that it would not raise a licensing defense in March 2024" is misleading.[3] Plaintiffs offered to *stay litigation* in exchange for Valve agreeing to two conditions: (1) Plaintiffs required Valve to "stipulate to not asserting a licensing defense"; and (2) Plaintiffs demanded Valve be "willing to waive filing fees motion in exchange for the stays." Ex. 1 at 1. Valve's refusal to accept Plaintiffs' invitation to waive its rights were divorced from any discussion or dispute regarding the GSALA and cannot be used to fabricate a nexus to the GSALA.

*Third*, Plaintiffs contradict their own argument that Valve's unraised, hypothetical licensing defense creates a nexus to the GSALA. For example, they allege "plaintiff is considered a party to the GSALA such that this patent dispute is controlled by the forum selection clause." Opp. at 8. Yet in the very next sentence, Plaintiffs contend that Valve "does not have a license to the patents-in-suit in any of the EDTX cases" and threaten to move to strike "any licensing defense." *Id*.; *see also id*. (Valve "did not include these patents as 'Licensed Patents' in GSALA…" Plaintiffs' use of the GSALA as a sword to manufacture venue and a shield from any unraised licensing defense is fatal to their argument that this case arises from the

---

[3] Plaintiffs' recounting of Valve's Washington case is similarly misleading. Opp. at 6 n.3. Valve has not argued the GSALA is unenforceable, and Defendants have not "moved to dismiss indicating venue is improper." *Id*. In response to Defendants' motion to transfer under 27 U.S.C. § 1404, Valve argued that the forum selection clause of the GSALA is permissive, not mandatory. *Valve v. Rothschild et al.*, 2:23-cv-1016-JNW, Dkt. 29 at 5-6 (W.D. Wash. Nov. 13, 2023). Valve did not amend its complaint in response to Defendants' motion to transfer.

3

GSALA. *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011).[4]

## II.   PLAINTIFFS' REMAINING ARGUMENTS ARE LEGALLY FORECLOSED

Plaintiffs half-heartedly argue that venue over Valve is proper for three additional reasons. Case law forecloses each argument. *First,* Plaintiffs argue that "venue is proper under § 1391(c)(2) because Defendant Valve Corporation 'resides' in the EDTX where the Court has personal jurisdiction over [Valve].[5]" Opp. at 8. This argument is frivolous. Section 1391 does not apply to this case. *TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 581 U.S. 258, 265-66 (2017). Valve is not subject to venue in this District merely because it might be subject to personal jurisdiction. *In re Cray Inc.*, 871 F.3d 1355, 1361 (Fed. Cir. 2017).

*Second,* Plaintiffs argue PC Cafés that "advertise Valve's STEAM gaming platform and that Valve can inspect" them shows Valve has "ratified" these establishments. Opp. at 8-9. This Court has already ruled such allegations are insufficient to establish venue. *See Westport Fuel Sys. Canada, Inc. v. Nissan N. Am., Inc.*, No. 2:21-cv-00455-JRG-RSP, 2022 WL 4594036, at *1, 3 (E.D. Tex. Sept. 12, 2022). Plaintiffs do not address or rebut Valve's arguments on this point, nor explain why the Court should depart from prior precedent.

*Third,* Plaintiffs argue Valve "has agency over employees that reside in this district perform inspections of its dedicated servers." Opp. at 9. Plaintiffs copy this argument from Symbology's Third Amended Complaint with no additional facts or argument to support it. It is

---

[4] Even if this Court were to find that the current lawsuits arises out of the GSALA, Plaintiffs still cannot invoke the forum selection clause because they are not parties to that agreement. The term "Parties" is a defined term that exclusively refers to Valve, Display Technologies, and Leigh Rothschild. Dkt. 55-3 at 1. Despite Plaintiffs' undue focus on the term "Affiliate," the agreement never uses it to refer to the subsidiaries of Patent Assert Management.  Instead, the term is used exclusively to reference Valve's "Affiliates," to clarify the scope of protection that Valve and its "Affiliates" were given under the GSALA. *See, e.g.*, Dkt. 55-3 at 4 (§§ 3.1-.2).

[5] Valve disputes that it is subject to personal jurisdiction in the Eastern District of Texas.

4

insufficient for the same reasons laid out in Valve's motion. Dkt. 55 at 6. Namely, Valve has no employees who live in this District, and alleging (without proof) that third-party employees live in this District but perform work related to Valve outside this District cannot show that Valve has a "regular and established place of business" here. *In re Cray*, 871 F.3d at 1360.

### III. PLAINTIFFS CONCEDE THE FALSITY OF THEIR REMAINING ALLEGATIONS CONTAINED IN THEIR COMPLAINTS BUT MISSING FROM THEIR OPPOSITION.

Plaintiffs attempt multiple times to incorporate 24 pages of allegations from Symbology's Third Amended Complaint into their 15 page-opposition. Opp. at 1, n. 1; *see also id.*, at 7. This is an improper attempt to circumvent this Court's Local Rules and should be disregarded.

Plaintiffs abandon many of the allegations made in their various complaints for why venue is purportedly proper in this District. Uncontroverted arguments from Valve's motion to dismiss include the complete irrelevance of Valve's: (1) prior consent to venue (Dkt. 55 at 14-15); (2) sale of gift cards in the District (*id*. at 15); (3) distribution of video games from Texas game developers (*id*. at 11-12); (4) previous game development with Gearbox Software (*id*. at 10-11); (5) Texas Franchise Account and Texas Taxpayer Number (*id*. at 14); (6) Dallas-based server (*id.* at 3-4); and (7) Texas-based "employees"[6] (No. 23-422, Dkt. 11 at 5-6, ¶ 7(d)). Plaintiffs' failure to rebut Valve's arguments concedes that these allegations are insufficient. *Wilson v. Chase Home Fin., LLC*, No. A-10-CA-597-SS, 2011 WL 13324379, at *1 (W.D. Tex. Feb. 25, 2011) (granting motion to dismiss where Plaintiff did not file a substantive response).

### IV. CONCLUSION

Valve requests the Court dismiss these cases. Valve also requests that, should the Court dismiss, the Court keep the cases open to hear any fee request that Valve chooses to file.

---

[6] As explained in Valve's motion to dismiss in the Social Positioning case, Plaintiff's allegation is wrong. Valve has no Texas employees. 23-422, Dkt. 11 at 4-7.

| | |
|---|---|
| Dated: April 30, 2024 | Respectfully submitted,<br><br>*/s/ Shaun W. Hassett, with permission for Kathleen R. Geyer*<br>Michael E. Jones (SBN: 10929400)<br>Shaun W. Hassett (SBN: 24074372)<br>Potter Minton, PC<br>102 North College, Ste. 900<br>Tyler, Texas 75702<br>903-597-8311 (telephone)<br>mikejones@potterminton.com<br>shaunhassett@potterminton.com<br><br>Dario A. Machleidt<br>Kathleen R. Geyer<br>Christopher P. Damitio<br>Kilpatrick Townsend & Stockton<br>1420 Fifth Avenue Suite 3700<br>Seattle, WA 98101<br>Telephone: (206) 467-9600<br>Facsimile: (206) 623-6793<br>DMachleidt@kilpatricktownsend.com<br>KGeyer@kilpatricktownsend.com<br>CDamitio@kilpatricktownsend.com<br><br>*Attorneys for Defendant Valve Corp.* |