THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC, | |
| Plaintiff, | CASE NO. 2:23-cv-419-JRG |
| v. | |
| VALVE CORPORATION, GEARBOX SOFTWARE, L.L.C., | |
| Defendants. | JURY TRIAL DEMANDED |

**SUR-REPLY IN SUPPORT OF OPPOSITION TO VALVE CORPORATION'S MOTION TO DISMISS UNDER  RULE 12(B)(3)**

Plaintiff files this sur-reply in support of its opposition to Valve Corporation's motion to dismiss under Rule 12(b)(3).[1]  The operative complaint is the Third Amended Complaint filed on March 22, 2024. Dkt. 52 (The operative complaint or "Complaint" hereinafter).  As explained in the operative complaint, and ignored by Valve in its Reply, venue is proper over Defendant Valve Corporation under Section 1400(b) due to it ratifying its Valve Steam PC Cafes, that would not exist but for the support of defendant Valve.  In addition, to providing step by step instructions to the employees at the STEAM PC Cafes, Valve provides support to its brick and mortar licensed PC cafes locations in the Collin County (this District).  And lastly, due to Valve's joint development of games with Gearbox Software, located within this district.

With respect to Valve's HTC Vive VR headset, an accused product in the SPIS litigation, along with the software that connects and allows for gaming controllers to work with Valve's gaming platform, STEAM. Valve directs and controls how to use its Virtual Reality headsets that contains software that connects with Valve's STEAM gaming platform.  This is the operating system and does overlap completely with the Display Technology accused instrumentalities in the prior settlement, contrary to Valve's strained attempt to distinguish that accused instrumentality in its Reply.  STEAM uses Equinix data centers located in Dallas, Texas within 10 miles of the Eastern District of Texas to support the STEAM PC Cafes

---

[1] Counsel for Plaintiff requests a hearing on this Motion to Dismiss based on Venue. Defendant ignores the operative complaint, then without citing any case law ridicules Plaintiff's Opposition for relying on and incorporating by reference the detailed Operative Complaint. Reply at fn1. Having recently amended multiple times itself (Exhibit 11 to the Operative Complaint (Dkt. 52-11)), Defendant was well aware of the weakness in its own argument.  Plaintiff explained it to Defendant. Exhibit A to Declaration of Randall Garteiser, filed concurrently.  Defendant knew this when it proceeded to file a barrage of motions on this Court without complying with Rule 7(h) such that Plaintiff would be time strapped to respond three (3) motions all on April 22, 2024. Dkt. Nos. 61, 62, 63 (three oppositions filed by Plaintiff on April 22, 2024).  And Defendants mislead the Court has Plaintiff attempting to not file another pleading under seal to protect Defendants' overly designated document production.  Plaintiff did so by incorporating the operative complaint (Dkt. 52) by reference that was filed under seal due solely to Defendant's designations under the Protective Order.

**I    Because of the GSALA – Valve Waived its Venue Objection.²**

    **A.  Valve's Concessions – Personal Jurisdiction and Waiver of Section 1400(b).**

Valve's Reply concedes Plaintiff's case law indicating "a forum selection clause can operate as a waiver of § 1400(b)." Dkt. 63 at 2 (*citing 5 Annot. Patent Digest* (Matthews), § 36:152.40 (2020)); *Sundesa, LLC v. IQ Formulations, LLC,* Case No. 2:19-cv- 06467-AB-MAA, 2020 WL 8125541, at *2 (C.D. Cal. Aug. 19, 2020)). In doing so, Valve also concedes that personal jurisdiction is proper in this District and tellingly fails to address the plain statement in the Operative Complaint that venue is proper in this District due to Valve's waiver of Section 1400(b). Dkt. 52 at ¶ 66.

> 66. Thus, venue is proper for Valve Corporation because it waived its objections to venue in EDTX in the GSALA, such that Section 1400(b) is not applicable. *See Sundesa, LLC v. IQ Formulations, LLC*, Case No. 2:19-cv-06467-AB-MAA, 2020 WL 8125541, at *2 (C.D. Cal. Aug. 19, 2020). Alternatively, venue is proper under Section 1400(b) as Valve Corporation ratified the two Valve PC Cafes running the steam platform. Additionally, venue is proper under § 1391(c)(2) because Defendant Valve Corporation 'resides' in the EDTX where the Court has personal jurisdiction over Defendant Valve Corporation.

**Figure 1** – *Dkt.* 52 at ¶ 66.

    **B.  Heavy Burden To Overcome The Forum Selection Clause.**

Valve Reply's does not aid Valve in meeting its burden to overcome the operative complaints' (Dkt. 52 – sealed) detailed explanation of as to why the forum selection clause in the GSALA (complete copy of GSALA is located at Dkt. 63-1) applying to these parties.

Valve's Reply contends no waiver of venue exists under the GSALA because (1) Valve has not raised a licensing defense, (2) Plaintiffs' invitation to waive Valve's licensing defenses "were divorced from any discussion or dispute regarding the GSALA and cannot be used to

---

² Even if Venue is waived by the Defendant, Plaintiff has the burden to prove the personal jurisdiction is proper over a Defendant. Plaintiff did so in its Operative Complaint to ensure this Court of limited jurisdiction has not only general but specific personal jurisdiction over Defendant Valve Corporation. Dkt. 52 at ¶¶ ???

fabricate a nexus to the GSALA," and (3) Plaintiff contradicts itself by saying the GSALA is the same nexus of operative facts yet claiming the Patents-in-Suit now were not licensed under the GSALA. Valve's arguments are rebutted below.

1. **The Operative Complaint States the GSALA Applies and that Valve Does Not Have a License.**

Whether Valve has raised a 'licensing defense' is asking the wrong question; it is a red herring argument. The operative complaint controls the inquiry on a motion to dismiss, and it recites "There is presently a dispute amongst some of those parties to the GSALA given the definition of "parties" used in the GSALA by Valve Corporation." Dkt. 52 at ¶ 57 (citing (Exhibit 2)).

> 57. Additionally, in prior litigation titled *Display Technologies, LLC v. Valve Corporation*, Case No. 2:15-cv-00998 (E.D. Tex. June 8, 2015), a requirement relating to disputes amongst the parties in the future requires resolution in this District. (Exhibit 2, ¶ 11.1). There is presently a dispute amongst some of those parties to the GSALA given the definition of "parties" used in the GSALA by Valve Corporation. (Exhibit 2).
>
> 58. Valve Corporation does not have a license to the patents-in-suit in any of the EDTX cases involving plaintiffs Symbology, QTI and SPIS and defendant Valve Corporation. All three plaintiffs are subsidiaries of Patent Asset Management, LLC, the parent company to Plaintiff Display Technologies, LLC, who is a named party in the GSALA. (Exhibit 2). Plaintiffs Symbology, QTI and SPIS intend to move to strike any licensing defense Valve Corporation raises, including a licensing defense under the GSALA where Valve Corporation contends that under the definition of "Licensed Products" it has a license to use the asserted patents-in-suit in these three cases even though Valve Corporation did not include these patents as "Licensed Patents" in GSALA and furthermore Valve Corporation did not provide any additional consideration for any of these additional patents. (Exhibit 2).

*Figure 2* – Dkt. 52 at ¶¶ 57, 58.

The operative complaint explains that because the of the definition of "Licensed Products" there is a case or controversy as to whether Valve has a license due to the GSALA. Dkt. 52 ¶ 58, Exhibit 2 to the operative complaint at ¶ 1.7 (definition of licensed products).

Also, the operative complaint contends that Valve does not have a license to infringe the Plaintiff's asserted patents, including under the GSALA. The operative complaint explains why the GSALA applies because its involves the same parties. Dkt. 52 at ¶¶ 12, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 57, 58, 62, 120, 149; TAC Figures 1, 2, figure at page 6.

Here, all of the parties (Valve, PAM, Symbology, QTI and SPIS) are bound by the SALA even if they not signature parties due to the broad definitions of affiliates and controlling interest used in the GSALA that the parties bargained for in their agreement.

Moreover, Valve knows that non-signatures defined as "affiliates" are "parties" under the GSALA. Indeed, Valve told a court in the Western District of Washington that a non-signatory was bound by the GSALA by a later assignment. Exhibit 1, at ¶ 69; Figure 1.

| 13 | 69.   As a condition of being assigned the '221 Patent, RBDS is bound by the |
| 14 | 2016 Global Settlement and License Agreement as if it was an original signatory to |
| 15 | the agreement. |

*Figure 3* – Exhibit 1 excerpt of Paragraph 69 of Valve's Second Amended Complaint, Case 2:23-cv-01016-JNW, Dkt. 38 (W.D. Wash. January 16, 2024).

Valve's Reply attempts to gloss over the detailed analysis in the operative complaint as to why the GSALA applies here. Plaintiff cannot do better in an opposition than it did in the operative complaint. *See e.g.* Dkt. 52 at ¶¶ 57, 58. It is disingenuous for Valve to tell this Court that Plaintiff is not a named party, when Valve told another court in January of 2024 that Rothschild Broadcast Distribution Systems, LLC ("RBDS") was **bound** by the GSALA even though it was not a "party" to the GSALA because of a later patent assignment. Exhibit 1 at ¶ 69.

Valve concedes that it already has a bargained for exchange with Patent Asset Management, LLC ("PAM"), the parent company of Display Technologies, Symbology

Innovations, as well as, QTI and SPIS. Thus, demonstrating the importance of the GSALA to the parties. *See* Exhibit 1 at ¶ 41; ¶ 44.

### 2. Plaintiff's email was not divorced from the GSALA.

Valve's reply states that Plaintiff's offer to waive Valve's licensing defenses "were divorced from any discussion or dispute regarding the GSALA and cannot be used to fabricate a nexus to the GSALA." Reply at 5. This is not true. The entire context was about the Global Settlement and Licensing Agreement, ergo GSALA. Exhibit 1 to Valve's Reply undermines Valve's statements made to this Court. *See* Dkt. 66-2 (excerpt below).

> 1. Will Valve stipulate to not asserting a licensing defense? Specifically, will Valve confirm that it will not contend that under the prior "global" settlement and licensing agreement that it is licensed to the patents asserted in these 3 cases?

*Figure 4* – Dkt. 66-2 excerpt asking if Valve will waive a licensing defense under the GSALA.

Thus, Valve has not met its burden. *See Atl. Marine Constr. Co. v. United States Dist. Court,* 571 U.S. 49, 63, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013).

### 3. GSALA is the Same Nexus of Operative Facts.

Valve's Reply argues that plaintiff contradicts itself by saying the "GSALA is the same nexus of operative facts yet claiming the Patents-in-Suit now were not licensed under the GSALA." As explained in the operative complaint (figure 2 above) a dispute exists about whether Valve has a license to the accused instrumentalities in this case as they are include the STEAM gaming platform, even the VR headsets infringe because of their connection with the STEAM gaming platform. Also, Valve attempts to distinguish the accused instrumentalities is not on point. The definition of "Licensed Products" controls, and that is a definition contained in the GSALA that is controlling between the parties.

## II.     Plaintiff Is Not Abandoning Its Additional Arguments.

The operative complaint stands and speaks for itself. The burden is on Valve, not Plaintiff. Here, Valve has not met its burden and its motion should be denied. *Jackson v. Payday*

*Financial, LLC,* 764 F.3d 765, 776 (7th Cir. 2014); *FCX Solar, LLC v. FTC Solar, Inc.*, No. 6:21-CV-548-ADA, 2021 WL 4953912, at *3 (W.D. Tex. Oct. 25, 2021).

### III. CONCLUSION

Venue is proper over Valve Corporation. Thus, the Court should deny Valve Corporation's motion to dismiss under Rule 12(b)(3) filed at Docket No. 56.

May 8, 2024

Respectfully submitted,

*/s/ Randall Garteiser*
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Randall Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
M. Scott Fuller
  Texas Bar No. 24036607
  rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

The undersigned certifies that on May 8, 2024, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ Randall Garteiser*
Randall Garteiser