FUNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>VALVE CORPORATION, GEARBOX SOFTWARE, L.L.C.,<br><br>  Defendant. | Civil Action No. 2:23-cv-00419-JRG<br><br>**JURY TRIAL DEMANDED** |

**JOINT NOTICE OF CLARIFICATION REGARDING
JOINT MOTION TO SEVER AND STAY SYMBOLOGY'S CLAIMS AGAINST
DEFENDANT GEARBOX SOFTWARE, L.L.C.**

Pursuant to Dkt. 71, Plaintiff Symbology Innovations, LLC ("Symbology") and Defendant Gearbox Software, L.L.C. ("Gearbox") respectfully file this Joint Notice providing clarification regarding the ruling and decisions Gearbox agrees to bound by if the Court grants the parties' request to sever and stay the claims against Gearbox.

Gearbox states that it agrees to be bound by the infringement determination of the accused instrumentalities in the action between Symbology and Valve. Symbology has accused QR codes associated with Valve's Steam App. (Dkt. 52 ¶ 96.) For the avoidance of doubt, consistent with Gearbox's position in its Motions to Dismiss (*see* Dkt. Nos. 31, 36), Gearbox states that it does not use the accused instrumentalities, and thus this notice is not an agreement regarding the extent of use by Gearbox and/or any damages owed to Symbology. For the avoidance of doubt, Gearbox does not agree to be bound by the outcome of any determination of validity of the asserted patents.

Nonetheless, the parties agree that resolution of Symbology's claims as to Valve will completely resolve Symbology's claims against Gearbox, and thus Symbology's claims against

Gearbox should also be severed and stayed under Federal Rule of Civil Procedure 21. If the accused QR codes associated with Valve's Steam App are found to not infringe in the case against Valve, then the ruling is dispositive as to Symbology's claims against Gearbox (which are based on the same accused instrumentalities).

Furthermore, even if Symbology obtains a judgment in its favor against Valve, Symbology agrees to not seek recovery from Gearbox. Indeed, Symbology will have exhausted its rights as a patent holder and will be precluded from collecting duplicative damages with respect to the same feature of the Steam application from Gearbox. Any recovery that Symbology may obtain from Valve would exhaust its claims as to Gearbox, even with respect to method claims. *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 629–631 (2008) ("method patents were exhausted by the sale of an item that embodied the method;' patentees cannot "extend their rights through each downstream purchaser"); *In re Katz Interactive Call Processing Patent Litigation*, Nos. 07-ML-1816-B-RGK (FFMx), 07-CV-2322-RGK (FFMx), 2009 WL 8635161, at *4–5 (C.D. Cal. May 1, 2009) (applying the rationale of *Quanta* to find that "[o]nce a service is lawfully sold, [there is] no reason why the patentee should be able to somehow prevent the purchaser from enjoying the use of the service.").

Because resolving the claims against Valve will resolve the claims against Symbology, the parties thus respectfully submit that this stipulation weighs in favor of staying Symbology's claims against Gearbox. Gearbox is, at most, a user of the accused instrumentalities. Therefore, Valve is the "true defendant" in the present case. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). The burdens of trial should not be unnecessarily imposed upon its customer, Gearbox, and in the interest of judicial economy, the case should be stayed as to Gearbox. *Id.*; *Opticurrent, LLC v. Power Integrations, Inc.*, No. 16-CV-325-JRG, 2016 WL 9275395, at *4–5 (E.D. Tex. Oct. 19, 2016) (staying the claims against a reseller where "a finding that [the seller] infringes is a

prerequisite to recovery from [reseller/distributor]" because "the burdens of trial should not be unnecessarily imposed upon [the] customer"); *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 17-CV-495-WCB, 2018 WL 4002776, at *4 (E.D. Tex. Aug. 22, 2018) (holding that an agreement to be bound by the infringement determination supports a stay).

Dated: May 14, 2024                                       Respectfully submitted,

By: */s/ Randall Garteiser*                               By: */s/ Michael J. Sacksteder*
    Christopher A. Honea                                        Michael J. Sacksteder
    Texas Bar No. 24059967                                      CA Bar No. 191605 (Admitted to E.D. Texas)
    Email: chonea@ghiplaw.com                                   Email: msacksteder@fenwick.com
    Randall Garteiser                                           **FENWICK & WEST LLP**
    Texas Bar No. 24038912                                      555 California Street, 12th Floor
    Email: rgarteiser@ghiplaw.com                               San Francisco, CA 94104
    M. Scott Fuller                                             Telephone: (415) 875-2300
    Texas Bar No. 24036607
    Email: sfuller@ghiplaw.com                                  Geoffrey Miller, TBN 24094847
    **GARTEISER HONEA, PLLC**                                   Email: gmiller@fenwick.com
    119 W. Ferguson Street                                      **FENWICK & WEST LLP**
    Tyler, TX 75702                                             902 Broadway, 18th Floor
    Telephone: (903) 705-7420                                   New York, NY 10010
    Facsimile: (903) 405-3999                                   Tel: (212) 921-2001

    *Attorneys for Symbology*                                   Jessica M. Kaempf
    *Innovations, LLC*                                          WA Bar No. 51666 (Admitted to E.D. Texas)
                                                                Email: jkaempf@fenwick.com
                                                                **FENWICK & WEST LLP**
                                                                401 Union Street, 5th Floor
                                                                Seattle, WA 98101
                                                                Telephone: (206) 389-4510

                                                                Attorneys for *Gearbox Software, L.L.C.*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby represents and confirms that a conference was conducted with counsel for all parties prior to filing this Notice and counsel indicated their agreement with the relief requested herein.

Dated: May 14, 2024                        */s/ Michael J. Sacksteder*
                                                                  Michael J. Sacksteder

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Dated: May 14, 2024                        */s/ Michael J. Sacksteder*
                                                                  Michael J. Sacksteder