# Exhibit 1

| | |
|---|---|
| **From:** | Randall Garteiser |
| **To:** | Machleidt, Dario |
| **Cc:** | Geyer, Kate; Damitio, Chris; mikejones@potterminton.com; Shaun Hassett; Jessica.kaempf.opposing.counsel.gearbox Kaempf; Hannah Reid; Michael Sacksteder |
| **Subject:** | Re: Quantum v. Valve Corp. - motion and proposed order to file Valve"s motion to dismiss under seal. |
| **Date:** | Thursday, April 4, 2024 1:54:51 PM |

Hello Dario,

Again, I appreciate Kate forwarding me your email today. We are trying to move as fast as possible here, now that everything is in real time in our practice of law. We also are trying to be accommodating to your team and your client. Unfortunately, we are not able to communicate as quickly with our client.

We need to discuss with our client these items 1 and 2, so it now it looks like Monday or Tuesday, respectfully. But we confirm via this email that Valve has met and conferred under Rule 7(h), so Valve can proceed to file its motions opposed. Plaintiffs are not going to claim lack of a meet and confer as an opposition to any of these motions. Valve already filed its motion to dismiss again after I asked your team to pause until we amended to reduce judicial resources, but to no avail.

We simply have to get authority from our clients to agree to any of these motions now that Valve has confirmed it will not stipulate to a stay in exchange for a stand down on attorney fees motion practice. And now also that Valve has confirmed it will not agree to waive its licensing defense under the prior global agreement between plaintiffs parent company Patent Asset Management, LLC, Leigh Rothschild and Display Technologies, LLC.

If I am able to talk to our client representatives prior to next week, I will call you directly at whatever number you provide us.


Be well,
Randy


> On Apr 4, 2024, at 1:08 PM, Machleidt, Dario <dmachleidt@ktslaw.com> wrote:
>
> Randy,
>
> It is improper to delay a meet and confer on Valve's upcoming motions when we requested it days ago. None of the issues you raise are relevant to the motions Valve intends to file.
>
> To avoid further gamesmanship by you in delaying our meeting – no, Valve will not stipulate to items 1 and 2.
>
> You said you're free today to talk. Please send a dial in for 1:30 pm PT or another time, today, that works for you. Thank you.
>
> Sincerely,
>
> Dario Machleidt
> dmachleidt@ktslaw.com
> Kilpatrick Townsend & Stockton LLP

1420 Fifth Avenue |  Suite 3700 |  Seattle,  WA  98101
T 206 224 2857 |  F 206 374 2199
My Profile   |   vCard

**From:** Randall Garteiser <rgarteiser@ghiplaw.com>
**Sent:** Thursday, April 4, 2024 10:33 AM
**To:** Geyer, Kate <KGeyer@ktslaw.com>
**Cc:** Damitio, Chris <CDamitio@ktslaw.com>; Machleidt, Dario <dmachleidt@ktslaw.com>; mikejones@potterminton.com; Shaun Hassett <shaunhassett@potterminton.com>; Jessica Kaempf <jkaempf@fenwick.com>; Hannah Reid <HReid@fenwick.com>; Michael Sacksteder <msacksteder@fenwick.com>
**Subject:** Re: Quantum v. Valve Corp. - motion and proposed order to file Valve's motion to dismiss under seal.

Thanks, for sending the Saturday email to me.
So after delaying weeks on providing 2 deposition dates and a date for source code review now, Valve would like to stay the cases after insuring to me that Valve was going to work on getting dates so there was no need to bother the discover judge?

And, now Valve wants to file a slew of motions when we know the joint DCO allows for amendments to pleadings and indeed Valve itself amended multiple times in Washington just recently, resulting in the entire briefing schedule being entered by order by that court to accommodate Valve Corp.  Plaintiffs reserve their rights.

1. Will Valve stipulate to not asserting a licensing defense?  Specifically, will Valve confirm that it will not contend that under the prior "global" settlement and licensing agreement that it is licensed to the patents asserted in these 3 cases?

2. Would Valve be willing to waive filing fees motion in exchange for the stays in all 3 cases?

What can I offer my Clients, as a stay seems great for the well-funded Valve Corp., but not for our patent holder plaintiffs.

Respectfully, lets push off talking until Valve has a chance to confirm its position on items 1 and 2 above so we can have a productive call.  Monday afternoon works for us, as I will need to get confirmation from my client once I hear back on items 1 and 2 above.

Be well,
Randy



**Randall Garteiser**  / Partner
888.908.4400 x100 / rgarteiser@ghiplaw.com
119 W Ferguson, Tyler, TX 75702
795 Folsom St, Floor 1, San Francisco, CA  94107-4226
http://www.ghiplaw.com

On Apr 4, 2024, at 10:59 AM, Geyer, Kate <KGeyer@ktslaw.com> wrote:

Randy –

Dario's email from March 30 which is attached for reference sets forth the motions we intend to file. We asked for a meet and confer on Monday. Plaintiff has been on notice of these motions for days and there is no reason to delay a meet and confer on these issues.

Kate Geyer
KGeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
**T** 206 516 3094 | **F** 206 299 3458
My Profile | vCard

**From:** Randall Garteiser <rgarteiser@ghiplaw.com>
**Sent:** Thursday, April 4, 2024 4:59 AM
**To:** Geyer, Kate <KGeyer@ktslaw.com>
**Cc:** Damitio, Chris <CDamitio@ktslaw.com>; Machleidt, Dario <dmachleidt@ktslaw.com>; mikejones@potterminton.com; Shaun Hassett <shaunhassett@potterminton.com>; Jessica Kaempf <jkaempf@fenwick.com>; Hannah Reid <HReid@fenwick.com>; Michael Sacksteder <msacksteder@fenwick.com>
**Subject:** Re: Quantum v. Valve Corp. - motion and proposed order to file Valve's motion to dismiss under seal.

What 'motions' does your client Valve want to file now so we can determine if we need more time to prepare for this meet and confer?

**Randall Garteiser**  / Partner
888.908.4400 x100 / rgarteiser@ghiplaw.com
119 W Ferguson, Tyler, TX 75702
795 Folsom St, Floor 1, San Francisco, CA 94107-4226
http://www.ghiplaw.com

On Apr 3, 2024, at 6:40 PM, Geyer, Kate <KGeyer@ktslaw.com>

wrote:

Randy –

We requested a meet and confer on March 30 regarding motions Valve intends to file. We are available tomorrow April 4 at 1:30 pm PT / 3:30 pm CT. Please confirm that works for you and if so, please circulate a dial in.

Thank you,
Kate

Kate Geyer
KGeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
**T** 206 516 3094 | **F** 206 299 3458
My Profile | vCard

---

**From:** Geyer, Kate
**Sent:** Monday, April 1, 2024 5:55 PM
**To:** Randall Garteiser <rgarteiser@ghiplaw.com>; Damitio, Chris <CDamitio@ktslaw.com>
**Cc:** Machleidt, Dario <dmachleidt@ktslaw.com>;mikejones@potterminton.com; Shaun Hassett <shaunhassett@potterminton.com>
**Subject:** RE: Quantum v. Valve Corp. - motion and proposed order to file Valve's motion to dismiss under seal.

Randy,

Valve wants to resolve its motion to dismiss as expeditiously as possible. Unfortunately, it is Plaintiffs' repeated amending of complaints—thus mooting all the prior briefing—that has delayed resolution of the motion. Valve proposed staying both the QTI and SPIS cases in their entirety while the Court resolves the Rule 12(b)(3) motion in Symbology, a request you apparently rejected. It is Plaintiffs that are wasting the parties' and Court's resources.

You cannot "oppose[] Valve filing any response until QTI amends" where Valve is, in fact, legally allowed and required to do so. The consolidated briefing in the Symbology case only applies to Plaintiff's Response and Valve's Reply—it does not apply to the motions to dismiss themselves. Indeed, as Dario's email on March 30 stated, it is Plaintiff who put the parties in this position where there are different venue allegations in each case that Valve must respond to separately.

Moreover, Plaintiff disclosed for the first time one business day before Valve's motion to dismiss was due that it intended to file an amended complaint in QTI. Valve had already undertaken the expense of preparing its motion. If you planned to amend the complaint in QTI, you should have told us before Valve undertook the expense of preparing and finalizing the motion.

Valve objects and opposes Plaintiffs' serially filing complaints, including anything you have planned in QTI and SPIS. You know that the 12(b)(3) motion will be resolved on additional venue evidence that Plaintiffs can submit in their response—there is no need to amend yet again. Your only reason for doing so is to delay giving the Court the chance to rule on Valve's motion.

Kate Geyer
KGeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
**T** 206 516 3094 | **F** 206 299 3458
My Profile  |  vCard

**From:** Randall Garteiser <rgarteiser@ghiplaw.com>
**Sent:** Monday, April 1, 2024 1:47 PM
**To:** Damitio, Chris <CDamitio@ktslaw.com>
**Cc:** Machleidt, Dario <dmachleidt@ktslaw.com>; Geyer, Kate <KGeyer@ktslaw.com>; mikejones@potterminton.com; Shaun Hassett <shaunhassett@potterminton.com>
**Subject:** Re: Quantum v. Valve Corp. - motion and proposed order to file Valve's motion to dismiss under seal.

**CAUTION: External Email**

QTI opposes Valve filing any response until QTI amends.   Valve knows QTI is going to amend to include additional documentation discovered during venue discovery.  Valve has permission to file an extension.  Today, Kate made it clear that Valve does not agree for the court to rule on Symbology motion on Rule 12(b)(3) and instead Valve wants to brief all 3.

This is news to me and we ask that Valve file an unopposed extension for one week while QTI and SPIS amend to avoid a waste of judicial resources and out of cooperation as required under Rule 1.

**Randall Garteiser**  / Partner
888.908.4400 x100 / rgarteiser@ghiplaw.com
119 W Ferguson, Tyler, TX 75702
795 Folsom St, Floor 1, San Francisco, CA  94107-4226
http://www.ghiplaw.com

On Apr 1, 2024, at 2:25 PM, Damitio, Chris <CDamitio@ktslaw.com> wrote:

Randy,

Valve intends to file the attached motion to seal its motion to dismiss and attached exhibits in the *Quantum* case. Please confirm you do not oppose Valve's motion to file under seal.

Many thanks,
Chris

<image001.png>

**Chris Damitio**
CDamitio@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
**T** 206 516 3097
My Profile  |  vCard

'

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.
'

<Valve motion to seal.docx>

<Proposed order granting Valve motion to seal.docx>

<mime-attachment>