IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLY INNOVATIONS, LLC<br><br>    Plaintiff,<br><br>v.<br><br>VALVE CORPORATION,<br>GEARBOX SOFTWARE, LLC<br>    Defendant. | Civil Action No. 2:23-cv-419-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT VALVE CORPORATION'S OPPOSITION TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL REGARDING COSTS, EXPENSES, AND FEES**

Defendant Valve Corporation ("Valve") opposes Plaintiff's Notice of Voluntary Dismissal with Prejudice (Dkt. 82) because it states that "[e]ach Party will bear its own costs, expenses, and attorneys' fees." Dkt. 82 at 1. Valve does not agree to this part of Plaintiff's Notice.

At 10:29 PM CT on July 25, 2024, counsel for Plaintiff asked Valve to "let us know if we can agree on a joint dismissal with prejudice each side bear their own costs." Ex. A at 1. Without waiting for a response from Valve, Plaintiff filed its Notice of Voluntary Dismissal with Prejudice.

Valve did not agree, and does not agree, that "[e]ach Party will bear its own costs, expenses, and attorneys' fees." Dkt. 82 at 1. Nor does Rule 41(a) dismissal require each side to bear their own costs, expenses, and fees. Instead, the Fifth Circuit is clear that even after a voluntary dismissal under Rule 41, Valve may still seek sanctions and fees from Plaintiff. *See, e.g.*, *Automation Support, Inc. v. Humble Design, L.L.C.*, 982 F.3d 392, 394 (5th Cir. 2020) ("Automation Support's new attack—that the Rule 41 joint dismissal deprived the district court

1

of jurisdiction to later award fees—is wrong. This latest effort to undo the fee award flies in the face of well-established law that a court can award attorney's fees after a voluntary dismissal."); *see also Royal Schnauzers, LLC v. Dukes Royal Schnauzers*, No. 1:20-CV-00170-DAK, 2021 WL 2457654, at *2 (D. Utah June 16, 2021) ("Regarding Rule 11, the Supreme Court held that 'nothing in the language of Rule 41(a)(1)(A)(i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal.' (quoting *Cooter v. Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990)).

Valve therefore reserves its rights to seek its attorney fees and other sanctions from Plaintiff in this case. Valve requests that the Court not find that "[e]ach Party will bear its own costs, expenses, and attorneys' fees."

In addition, the parties have stipulated that the briefing on Valve's motion to dismiss under Rule 12(b)(3) in this case (Dkts. 55, 63, 66, 69, 76) apply to the co-pending and still active cases *Social Position Input Systems v. Valve Corp. et al.*, Case No. 23-425 (E.D. Tex. Sept. 18, 2023), and *Quantum Technology Innovations v. Valve Corp. et al.*, Case No. 23-422 (E.D. Tex. Sept. 18, 2023). Dkt. 23 at 2; Dkt 24 at 2. Therefore, Valve requests that any dismissal of this matter not moot Valve's pending motion to dismiss.

Dated: July 26, 2024                                Respectfully submitted,

*/s/ Shaun W. Hassett, with permission for
Kathleen R. Geyer*
Mike Jones
Potter Minton
102 North College, Ste. 900
Tyler, Texas 75702
903-597-8311 (telephone)
mikejones@potterminton.com

Dario A. Machleidt
Kathleen R. Geyer
Christopher P. Damitio
Kilpatrick Townsend & Stockton
1420 Fifth Avenue Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
Facsimile: (206) 623-6793
DMachleidt@kilpatricktownsend.com
KGeyer@kilpatricktownsend.com
CDamitio@kilpatricktownsend.com

*Attorneys for Defendant
Valve Corp.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on April 8, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Shaun W. Hassett*
Shaun W. Hassett

## CERTIFICATE OF CONFERENCE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-7(i), I hereby certify that, on April 4, 2024, counsel for Valve met and conferred with counsel for Plaintiff regarding the subject of the above motion. Plaintiff indicated that they opposed the motion.

*/s/ Shaun W. Hassett*
Shaun W. Hassett