IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLY INNOVATIONS LLC<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>VALVE CORPORATION,<br>GEARBOX SOFTWARE, LLC<br>　　　　　　　　　Defendant. | Civil Action No. 2:23-cv-419-JRG<br><br>**JURY TRIAL DEMANDED** |

**VALVE'S UNOPPOSED MOTION TO STAY BRIEFING ON ITS
MOTION FOR SANCTIONS PENDING RESOLUTION OF ITS
<u>MOTION TO DISMISS FOR IMPROPER VENUE IN RELATED CASES</u>**

Valve Corporation ("Valve") respectfully requests that the Court stay further briefing on its motion for sanctions (Dkt. 85) until after the Court has resolved Valve's motion to dismiss for improper venue (Dkt. 55)[1]. In doing so, Valve respectfully shows the Court the following:

The issues raised in Valve's motion for sanctions are closely tied to the facts and arguments addressed in its motion to dismiss. And, more specifically, Valve's contention that the Third Amended Complaint contained false and frivolous venue allegations, and that Symbology's and its counsel acted in an improper manner which prevented the timely resolution of Valve's Motion to Dismiss. *See* Dkt. 85.

On April 22, 2024, in response to Symbology's Third Amended Complaint (Dkt. 52), Valve served its Rule 11 letter and motion for sanctions on Symbology's counsel. In response, Symbology chose to not withdraw the Third Amended Complaint. The safe harbor period for Symbology to do so expired on May 13, 2024. Fed. R. Civ. P. 11(c)(2).

---

[1] Symbology does not oppose Valve's motion.

1

On July 26, 2024, Symbology voluntarily dismissed its case against Valve with prejudice. Dkts. 82, 84. However, despite Symbology's notice of voluntary dismissal, Valve's motion to dismiss remains pending as it applies to two related cases in this Court: *Social Positioning Input Sys., LLC v. Valve Corp. et al.*, Case No. 2:23-422 (E.D. Tex. Sept. 19, 2023) (the "*Social Positioning*" case); and *Quantum Tech. Innovations, LLC v. Valve Corp et al.*, Case No. 2:23-425 (E.D. Tex. Sept. 19, 2023) (the "*Quantum*" case). The same counsel represents plaintiffs in all of these cases.

In view of the procedural posture between the three relevant cases (*Symbology, Social Positioning,* and *Quantum*), Valve desires to bring to the Court's attention that Rule 11 issues remains to be decided in this case despite Plaintiff's voluntary dismissal. At the same time, however, Valve recognizes that because its motion for sanctions is closely tied to the facts and arguments in its motion to dismiss, the Court's consideration of Valve's motion for sanctions after the Court's ruling on Valve's motion to dismiss best promotes judicial economy and avoids duplicative work.

Accordingly, Valve respectfully moves this Court to stay further briefing of Valve's motion for sanctions until the Court has ruled on the motion to dismiss in the *Quantum* and *Social Positioning* cases. Staying resolution of the sanctions motion serves important goals of judicial economy and efficiency because any findings this Court makes as part of its ruling on Valve's motion to dismiss will likely relate to whether to impose sanctions against Symbology and its counsel.

Dated: July 30, 2024

Respectfully submitted,

*/s/ Shaun W. Hassett, with permission for Kathleen R. Geyer*
Michael E. Jones
SBN: 10929400
Shaun W. Hassett
SBN: 24074372
Potter Minton
102 North College, Ste. 900
Tyler, Texas 75702
903-597-8311 (telephone)
mikejones@potterminton.com
shaunhassett@potterminton.com

Dario A. Machleidt
Kathleen R. Geyer
Christopher P. Damitio
Kilpatrick Townsend & Stockton
1420 Fifth Avenue Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
Facsimile: (206) 623-6793
DMachleidt@kilpatricktownsend.com
KGeyer@kilpatricktownsend.com
CDamitio@kilpatricktownsend.com

*Attorneys for Defendant Valve Corp.*

3

## CERTIFICATE OF CONFERENCE

     Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-7(i), I hereby certify that, on July 30, 2024, counsel for Valve met and conferred with counsel for Plaintiff regarding the subject of the above motion. Plaintiff indicated that they did not oppose the motion.

                                                  */s/ Shaun W. Hassett*
                                                  Shaun W. Hassett