**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC<br><br>        Plaintiff,<br><br>v.<br><br>VALVE CORPORATION,<br>GEARBOX SOFTWARE, LLC<br>        Defendant. | Civil Action No. 2:23-cv-419-JRG-RSP<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |

**DEFENDANT VALVE CORPORATION'S MOTION FOR SANCTIONS**

## <u>TABLE OF CONTENTS</u>

**Pages**

I.  INTRODUCTION ..................................................................................................1

II.  BACKGROUND ..................................................................................................2

III.  LEGAL STANDARDS .......................................................................................4

    A.  Sanctions Under Rule 11 .........................................................................4

IV.  ARGUMENT ......................................................................................................5

    A.  Plaintiff violated Rule 11(b)(1) because it filed the Third Amended Complaint for the improper purpose of delaying resolution of Valve's motion to dismiss and increasing Valve's costs to litigate this case....................5

    B.  Plaintiff's counsel violated Rule 11(b)(2) because the legal contentions in the Third Amended Complaint conflict with current venue laws....................6

        1.  The Third Amended Complaint repeats legal allegations already shown to be frivolous..................................................................................7

        2.  The Third Amended Complaint contains legal allegations that a required Rule 11 investigation would have revealed are frivolous. ..................................................................................8

        3.  Plaintiff's counsel knows better than to make the arguments raised in the Third Amended Complaint....................................9

    C.  Plaintiff's Third Amended violates Rule 11(b)(3) because it contains factual contentions that Plaintiff knows are false. .................................11

        1.  Plaintiff repeats facts it has known for months are wrong......................11

        2.  Plaintiff's Third Amended Complaint includes new factual allegations that venue discovery has already proven false. ....................12

    D.  Plaintiff's allegations regarding the Global Settlement and License Agreement are factually wrong and legally frivolous..........................13

    E.  Plaintiff's allegations regarding Valve's control of Steam PC Cafés are factually wrong and legally frivolous. ..................................................14

V.  CONCLUSION...................................................................................................14

    CERTIFICATE OF SERVICE .....................................................................................16

i

CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL ..........................................16

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*3D Scan Guide, LLC v. Chrome Full Arch Guided Sys.*,
No. 2:23-CV-00194-JRG, 2024 WL 1117933 (E.D. Tex. Mar. 14, 2024)..............................10

*Braspetro Oil Servs. Co. v. Modec (USA), Inc.*,
240 F. App'x 612 (5th Cir. 2007) ........................................................................13

*Bullard v. Chrysler Corp.*,
925 F. Supp. 1180 (E.D. Tex. 1996)......................................................................5

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990)...........................................................................................4

*Decapolis Sys., LLC v. Epic Sys. Corp.*,
No. W-21-CV-00434-ADA, 2021 WL 5908403 (W.D. Tex. Dec. 14, 2021) .........................6

*Display Techs., LLC v. Valve Corp.*,
2:22-cv-1365-TSJ (W.D. Wash. Sept. 27, 2022).....................................................1

*Frank v. P N K (Lake Charles) L.L.C.*,
947 F.3d 331 (5th Cir. 2020) ................................................................................9

*Gabriela Leos v. City of El Monte et al.*,
No. 2:23-CV-02427-JLS-JPR, 2023 WL 10406561 (C.D. Cal. Nov. 9, 2023) ....................11

*GreatGigz Sols., LLC v. ZipRecruiter, Inc.*,
No. W-21-CV-00172-ADA, 2022 WL 432558 (W.D. Tex. Feb. 11, 2022).......................8, 10

*Jennings v. Joshua Indep. Sch. Dist.*,
948 F.2d 194 (5th Cir. 1991) ...............................................................................4

*Kranos IP Corp. v. Riddell, Inc.*,
No. 2:17-CV-443-JRG, 2017 WL 3704762 (E.D. Tex. Aug. 28, 2017)..................................6

*M2 Tech., Inc. v. M2 Software, Inc.*,
No. 4:12-CV-458, 2016 WL 6996169 (E.D. Tex. Mar. 4, 2016), *aff'd sub
nom. Escamilla v. M2 Tech., Inc.*, 657 F. App'x 318 (5th Cir. 2016) ......................................6

*Mirror Imaging, LLC v. Viewpointe Archive Servs. LLC*,
No. 3:22-CV-2857-X, 2023 WL 5311491 (N.D. Tex. Aug. 17, 2023) ...............................10

*Morrison v. Walker*,
No. 1:13-CV-00327-KFG, 2018 WL 9812756 (E.D. Tex. Aug. 22, 2018),
*aff'd*, 939 F.3d 633 (5th Cir. 2019)........................................................................6

iii

*Social Positioning Input Sys. v. Valve Corp.*,
2-22-cv-1366-JHC (W.D. Wash. Sept. 27, 2022) ..................................................................1

*Valve Corp. v. Rothschild et al*,
2:23-cv-1016-JNW (W.D. Wash. July 7, 2023) ...................................................................1

**Statutes**

28 U.S.C. § 1391 ..........................................................................................................................8

28 U.S.C. § 1400 ..........................................................................................................................8

28 U.S.C. § 1400(b) ..................................................................................................................8, 10

28 U.S.C. § 1404 ........................................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 11 ...............................................................................................................1, 4, 8

Fed. R. Civ. P. 11(b) ...........................................................................................................4, 5

Fed. R. Civ. P. 11(b)(1) .......................................................................................................1, 5

Fed. R. Civ. P. 11(b)(2) .................................................................................................1, 6, 7, 13

Fed. R. Civ. P. 11(b)(3) ..................................................................................................1, 11, 13

Fed. R. Civ. P. 11(c)(1) ........................................................................................................4

Fed. R. Civ. P. 12(b)(3) .......................................................................................................2, 8

Fed. R. Civ. P. 12(b)(6) .........................................................................................................2

Fed. R. Civ. P. 15(a) .............................................................................................................6

## I.      INTRODUCTION

Plaintiff Symbology Innovations, LLC ("Symbology" or "Plaintiff") sued Valve Corporation ("Valve") in this District for a single, improper purpose: to force Valve to devote resources defending itself in a venue far from home, because Symbology's corporate parent Patent Asset Management, LLC ("PAM") and owner Leigh Rothschild ("Rothschild") are upset that Valve sued them in the Western District of Washington for their continued violations of the Washington Anti-Patent Troll statute.[1] The Western District of Washington is where this case belongs too, which Plaintiff has known all along. Indeed, other corporate entities controlled by PAM and Rothschild sued Valve in the Western District of Washington just last year.[2]

To avoid any doubt, in addition to its multiple motions to dismiss, Valve sent Plaintiff three letters explaining why this District is an improper venue to litigate the parties' dispute. Rather than dismiss and refile, Plaintiff doubled down, filing a Third Amended Complaint after the close of venue discovery. Plaintiff filed its Third Amended Complaint in violation of this Courts order (Dkt. 24) and, to make matters worse, that complaint contains numerous false allegations.

Valve does not seek Rule 11 sanctions lightly. But enough is enough. Plaintiff and its counsel know that their venue allegations are frivolous.[3] Their decision to ignore the venue laws and overlook facts learned during venue discovery needlessly—and intentionally—increases Valve's costs and warrants sanctions.

---

[1] *Valve Corp. v. Rothschild et al*, 2:23-cv-1016-JNW (W.D. Wash. July 7, 2023).
[2] *Display Techs., LLC v. Valve Corp*., 2:22-cv-1365-TSJ (W.D. Wash. Sept. 27, 2022); *Social Positioning Input Sys. v. Valve Corp*., 2-22-cv-1366-JHC (W.D. Wash. Sept. 27, 2022).
[3] Valve refers to "Plaintiff" throughout this motion to refer, collectively, to Symbology and its counsel. To avoid any doubt, Valve seeks sanctions against Plaintiff and its counsel for violating Rules 11(b)(1) and (b)(3). Because Plaintiff is a represented party, Valve only requests sanctions against Plaintiff's counsel for violating Rule 11(b)(2).

## II.    BACKGROUND

Plaintiff filed its Original Complaint September 15, 2023. Plaintiff alleged that venue was proper in this District because Valve "maintains a regular and established business presence in this District." Dkt. 1 ¶ 8. Plaintiff premised its entire venue argument on five allegations:

1.  Valve's alleged collaboration with Frisco-based Gearbox Software. Dkt. 1 ¶ 7.
2.  Valve has a Texas Taxpayer number. *Id.* ¶ 7.1
3.  Valve did not challenge venue in 2013 and 2015 lawsuits in this District. *Id.* ¶ 7.2-3.
4.  Valve sells gift cards in this District through third-party retailers. *Id.* ¶ 7.4.
5.  The false claim that Valve has five employees who reside in the state of Texas and have information related to the lawsuit. *Id.* ¶ 7.5.

Valve moved to dismiss Plaintiff's Original Complaint under Rule 12(b)(3) for improper venue. Dkt. 11. Valve provided a sworn declaration in support of its motion that confirmed the following: (1) Valve "does not own any real property, rent any office space, or possess or control any 'shelf-space'" in the Eastern District of Texas; (2) Valve does not have any records of any Valve employee residing in Texas when Plaintiff's complaint was filed; and (3) Valve "has not collaborated with Gearbox to develop any products" since 2002. *See* Dkt. 11-1 ¶¶ 6, 7-11, 19.

In response to Valve's motion, Plaintiff requested (and Valve agreed to) venue discovery. The Court granted limited venue-related discovery on "the issues raised in Defendant's Motion to Dismiss and associated exhibits, information and Defendant's ties to the Eastern District of Texas." Dkt. 24 ¶¶ 2, 7. Plaintiff obtained the discovery it sought regarding the parties' dispute. Ex. 1 (Valve's Responses and Objections to Plaintiff's Venue Interrogatories); Ex. 2 (Valve's Responses and Objections to Plaintiff's Venue-Related Document Requests).

While venue discovery was ongoing, co-Defendant Gearbox moved to dismiss Plaintiff's Original Complaint under Rule 12(b)(6). Plaintiff amended its complaint rather than oppose the motion. Dkt. 35 ("First Amended Complaint"). In its First Amended Complaint, Plaintiff re-alleged its previous venue allegations and added new venue allegations. *E.g.*, Dkt. 35 ¶ 12

2

(alleging Valve has "franchisees" with PC Cafés). In response, Valve and Gearbox filed renewed motions to dismiss. Dkts. 36-37. Valve again refuted each of Plaintiff's allegations with declarations and citations to specific documents produced during venue discovery. Dkt. 37.

Plaintiff amended its complaint a second time after the close of venue discovery. Dkt. 40 ("Second Amended Complaint"). Doing so allowed Plaintiff once more to avoid opposing Gearbox's motion to dismiss. This time, despite venue discovery being nearly complete, Plaintiff did not change any of its venue allegations. Nonetheless, Plaintiff's actions forced Valve and Gearbox to renew their respective motions to dismiss yet again. Dkts. 44-45. For a third time, Valve provided declarations, documentary evidence, and case law refuting each of Plaintiff's venue allegations. Dkt. 45.

This Court ordered that after engaging in venue discovery, "Plaintiff's response to the Motion to Dismiss shall be filed" by March 11, 2024. Dkt. 24 ¶ 7. Valve agreed to extend this deadline to March 21. Dkts. 48-49.[4] Plaintiff, however, did not file a "response." Instead, Plaintiff opted for a Third Amended Complaint that dramatically expanded its venue allegations. Among the new arguments were dozens of allegations Plaintiff drew from publicly available information that Plaintiff should have been aware of since before venue discovery even began or before it filed this lawsuit. *See, e.g.*, Dkt. 52 Figs. 3-14, ¶¶ 43-49; *see also* Dkt 52 ¶¶ 9-26, 58, 66 (alleging that Valve waived its venue objections based on a license agreement between certain Rothschild-controlled entities,[5] Rothschild himself, and Valve, hereinafter the "GSALA"); Ex. 3 (Nov. 2023 email from Symbology referencing Valve's execution of the GSALA). This new

---

[4] Plaintiff's counsel acknowledged that "the Court's Venue Order (Dkt. 24) required a response *brief* by March 11 (extended to the 21st)." Ex. 4 (April 2024 Valve confirmatory email to Plaintiff's counsel) (emphasis added).
[5] Leigh Rothschild controls Symbology. Symbology is not a named party to the GSALA.

complaint only included two allegations related to information Symbology learned during three

months of venue discovery: ███████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████   *See* Dkt. 52 ¶¶ 39-40.

Valve has repeatedly informed Plaintiff that its actions were sanctionable. Indeed, Valve

sent Plaintiff three letters regarding its frivolous venue allegations. Exs. 5-7.

## III.   LEGAL STANDARDS

### A.   Sanctions Under Rule 11

The Court "may impose an appropriate sanction on any attorney, law firm, or party ... that

violated" Rule 11. Fed. R. Civ. P. 11(c)(1). Rule 11 provides that, by signing and filing a

pleading, written motion, or other paper, an attorney certifies:

> [(1)] it is not being presented for any improper purpose, such as to harass, cause
> unnecessary delay or needlessly increase the cost of litigation; (2) the claims,
> defenses, and other legal contentions are warranted by existing law or by non-
> frivolous argument for extending modifying, or reversing existing law or for
> establishing new law; (3) the factual contentions have evidentiary support or, if
> specifically so identified, will likely have evidentiary support after a reasonable
> opportunity for further investigation or discovery; (4) the denials of factual
> contentions are warranted on the evidence or, if specifically so identified, are
> reasonably based on belief or lack of information.

Fed. R. Civ. P. 11(b).

Sanctions under Rule 11 are "aimed at curbing abuses of the judicial system." *Cooter &
Gell v. Hartmarx Corp*., 496 U.S. 384, 397 (1990). "The reasonableness of the conduct involved

is to be viewed at the time counsel ... signed the document alleged to be the basis for the Rule 11

violation." *Jennings v. Joshua Indep. Sch. Dist*., 948 F.2d 194, 197 (5th Cir. 1991). In deciding

what form of sanction to impose, the Court may consider:

> (1) whether the conduct was willful or negligent; (2) whether the activity was
> isolated or part of a pattern of activity; (3) whether the conduct affected only a
> single event within the case or the entire litigation; (4) any previous similar

4

04a92332b01c0791

conduct by the attorney; (5) whether the conduct was intended to cause injury; (6) the effect of the conduct on the litigation in terms of time and expense; (7) whether the responsible party was trained in the law; and (8) what sanction, given the financial resources of the responsible person, is needed to deter similar activity by other litigants.

*See Bullard v. Chrysler Corp*., 925 F. Supp. 1180, 1190 (E.D. Tex. 1996).

## IV.   ARGUMENT

Plaintiff violated every part of Rule 11(b) when it filed the Third Amended Complaint. It filed that complaint for an improper purpose, ignored controlling venue law in doing so, and intentionally overlooked facts it learned during discovery. Plaintiff took these steps hoping to gain leverage against Valve by forcing it to continue litigating in an improper forum. Plaintiff's conduct is sanctionable.

### A.   Plaintiff violated Rule 11(b)(1) because it filed the Third Amended Complaint for the improper purpose of delaying resolution of Valve's motion to dismiss and increasing Valve's costs to litigate this case.

Plaintiff filed amended complaints to avoid responding to Valve's motions to dismiss, including in violation of this Court's Order on venue discovery. Counting Symbology's withdrawn "corrected Second Amended Complaint," it has filed four different complaints in this case. Dkts. 1, 35, 40, 52. Across its four complaints, Symbology has maintained three different sets of operative venue allegations, forcing Valve to file a revised motion to dismiss each time.

By Court Order, Plaintiff's response to Valve's motion to dismiss was due on March 11. Dkt. 24.[6] On the day Plaintiff was ordered to file a response, it instead chose to concoct a third set of venue allegations, repurposing materials it received during venue discovery and combining that with publicly available information. Each of the allegations in Plaintiff's Third Amended Complaint are arguments that could have, and should have, been included in an opposition brief.

---

[6] This date was extended to March 21. Dkt. 49.

By filing yet another complaint and violating the Court's Order, Plaintiff reset the briefing

deadlines, delayed resolution of Valve's motion, and forced Valve to incur the expenses

associated with preparing a fourth (and greatly expanded) motion to dismiss. This is sanctionable

behavior. *See, e.g.*, *Morrison v. Walker*, No. 1:13-CV-00327-KFG, 2018 WL 9812756, at *9

(E.D. Tex. Aug. 22, 2018), *aff'd*, 939 F.3d 633 (5th Cir. 2019) (sanctions warranted against

plaintiff for filing a series of amended complaints to "prolong the meritless case").

Plaintiff, of course, did not need to add facts or arguments to an amended complaint to

allow it to use those facts in an opposition to Valve's motion to dismiss. *See, e.g.*, *Kranos IP*

*Corp. v. Riddell, Inc.,* No. 2:17-CV-443-JRG, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28,

2017) ("[I]t is clear that a district court may look beyond the complaint when deciding a motion

to dismiss based on improper venue." (citation omitted)). Plaintiff's counsel knows this to be

true, having previously been admonished by the court for adding "amendments to the venue

allegations in the original complaint [that] are better suited for a response to the Motion to

Dismiss." *Decapolis Sys., LLC v. Epic Sys. Corp*., No. W-21-CV-00434-ADA, 2021 WL

5908403, *2 (W.D. Tex. Dec. 14, 2021) (striking amended complaint because plaintiff did not

comply with Rule 15(a)). Plaintiff's violation of this Court's Order, which prevented resolution

of Valve's motion in a timely manner, justifies sanctions.

### B.      Plaintiff's counsel violated Rule 11(b)(2) because the legal contentions in the Third Amended Complaint conflict with current venue laws.

Plaintiff's Third Amended Complaint relies on a series of legally irrelevant allegations to

argue why venue is proper. Plaintiff's legal theories are frivolous because they contravene

precedent set by this Court, the Federal Circuit, and the Supreme Court. *M2 Tech., Inc. v. M2*

*Software, Inc*., No. 4:12-CV-458, 2016 WL 6996169, *3 (E.D. Tex. Mar. 4, 2016), *aff'd sub*

*nom. Escamilla v. M2 Tech., Inc*., 657 F. App'x 318 (5th Cir. 2016) (sanctioning defendant under

Fed. R. Civ. P. 11(b)(2) "for fail[ing] to present any new arguments that were not already considered and rejected by this court, the Fifth Circuit and the Supreme Court").

### 1. The Third Amended Complaint repeats legal allegations already shown to be frivolous.

Plaintiff's Third Amended Complaint repeats all of the same legal arguments it originally presented in its predecessor complaints. In response to each and every complaint, Valve provided case law explaining why these allegations are unwarranted by existing law and provide no grounds to modify that law. Plaintiff's decision to advance the same arguments for a fourth time violates its duty under Rule 11(b)(2).

*First,* Plaintiff repeats that venue is proper over Valve because "Valve sells its Gift Cards in this District through prominent brick and mortar retailers including Best Buy, GameStop and Walmart." Dkt. 52 ¶¶ 37, 52. As Valve has explained in each of its motions to dismiss, this Court already rejected the sufficiency of this allegation more than two years before Plaintiff sued Valve. *See* Dkt 11 at 11-12; Dkt. 37 at 14-15; Dkt. 45 at 14-15; Dkt. 55 at 15 (citing *Alexsam, Inc. v. Simon Prop. Grp. (Texas), L.P*., No. 2:19-CV-00331-JRG, 2021 WL 8441707, at *2 (E.D. Tex. Sept. 3, 2021)).

*Second,* Plaintiff again repeats the allegation that venue is proper over Valve based on Valve's consent to jurisdiction in 2013 and 2015 cases in this District. Dkt. 52 ¶¶ 35-36, 50-51, 61-62; 63-64. Again, Valve repeatedly explained that the Federal Circuit has already foreclosed this argument. *See* Dkt 11 at 9-11; Dkt. 37 at 13-14; Dkt. 45 at 13-14; Dkt. 55 at 14-15.

Plaintiff has known these arguments are frivolous since Valve's original motion to dismiss and has done nothing to amend its allegation or distinguish itself from the facts of binding case law. Plaintiff's refusal to move away from these arguments justifies sanctions.

**2.      The Third Amended Complaint contains legal allegations that a required Rule 11 investigation would have revealed are frivolous.**

Plaintiff's Third Amended Complaint advances new legal theories for why personal jurisdiction and venue are proper over Valve. These new arguments lack legal merit.

**First,** Plaintiff alleges that "venue is proper under § 1391(c)(2) because Defendant Valve Corporation 'resides' in the EDTX where the Court has personal jurisdiction over Defendant Valve Corporation." Dkt. 52 ¶¶ 54-66. This is a patent case, and Valve is incorporated in the United States. "28 U.S.C. § 1400(b) is [therefore] the 'sole and exclusive' provision controlling venue." Dkt. 11 (*quoting TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 581 U.S. 258, 265-66 (2017)).

Plaintiff's counsel has filed over 500 patent cases and should be aware that 28 U.S.C. § 1391 is not the proper venue statute where the defendant is incorporated in the United States.[7] *See, e.g.*, *GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, No. W-21-CV-00172-ADA, 2022 WL 432558, *1 (W.D. Tex. Feb. 11, 2022) (granting Rule 12(b)(3) motion to dismiss for improper venue brought by Plaintiff, represented by Mr. Garteiser, and stating "Section 1400(b) of Title 28 of the United States Code 'constitute[s] the exclusive provision controlling venue in patent infringement proceedings.'" (citation omitted)). To the extent that there was any doubt, Valve has explained in each of its four motions to dismiss that 28 U.S.C. § 1400 is the governing statute for venue in this case. *See* Dkt 11 at 3; Dkt. 37 at 4; Dkt. 45 at 4; Dkt. 55 at 5. Plaintiff's decision to ignore black letter law in its complaint is sanctionable conduct.

**Second,** Plaintiff alleges that Valve is subject to "general personal jurisdiction" in the State of Texas. Dkt. 52, at 7. In support, Plaintiff argues "Defendant Valve Corporation has continuous and systematic business contacts with the State of Texas." Dkt. 52 ¶ 28. This

---

[7] Ex. 8 (https://search.docketnavigator.com/patent/attorney/72043/0).

allegation, however, is insufficient for a finding of general personal jurisdiction. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020) ("[T]he [general jurisdiction] inquiry ... is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic, it is whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." (*quoting Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (alterations in original))). "[I]t has become 'incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.'" *Id.* at 336.[8] Plaintiff's allegations do not approach the level of systematic contacts with the state of Texas necessary to find general personal jurisdiction over Valve.

  **Third**, Plaintiff newly argues that Valve 

Dkt. 52 ¶¶ 39-40. As Plaintiff admits, these

And as Valve explained in moving to dismiss the Third Amended Complaint, these ▮▮▮▮ have no legal effect on the question of venue. Dkt. 55 at 6.

   **3.**  **Plaintiff's counsel knows better than to make the arguments raised in the Third Amended Complaint.**

  Plaintiff's counsel is well-versed in patent law. Mr. Garteiser, Plaintiff's lead lawyer, is a veteran litigator who has represented plaintiffs in over 500 patent cases. *See* Ex. 8

---

[8] Plaintiff's various allegations throughout this lawsuit that Valve "transacts its business in this district" (Dkt. 52 ¶ 28), "implement[s] the Steam PC Café Program at Texas locations" (*id.* ¶ 34), "previously admitted that venue was proper in this district" (Dkt. 36), and that ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 40), do not, under any existing legal theory, support an allegation that Valve is at home in this District and subject to general personal jurisdiction in Texas.

(https://search.docketnavigator.com/patent /attorney/72043/0). He likewise has extensive

experience in the post-*TC Heartland* landscape regarding venue requirements of 28 U.S.C.

§1400(b). *See id*. In fact, Mr. Garteiser's law firm touts one of its "victories" as defeating a

motion to transfer venue under 28 U.S.C. § 1404. Ex. 9 (https://ghiplaw.com/victories/). Mr.

Garteiser has represented parties in this District who defeated motions to dismiss under § 1406 as

recently as March 2024. *3D Scan Guide, LLC v. Chrome Full Arch Guided Sys*., No. 2:23-CV-

00194-JRG, 2024 WL 1117933 (E.D. Tex. Mar. 14, 2024).

      In other words, Mr. Garteiser knows the law that governs Valve's numerous motions to

dismiss. As one example previously mentioned, he knows that Section 1400(b) is "the exclusive

provision controlling venue in patent infringement proceedings." *GreatGigz Sols., LLC v.

ZipRecruiter, Inc.*, No. W-21-CV-00172-ADA, 2022 WL 432558, *1 (W.D. Tex. Feb. 11, 2022).

Mr. Garteiser also knows that allegations regarding a ████████████████████████

████████████████████████████████████████ *See Mirror Imaging,

LLC v. Viewpointe Archive Servs. LLC*, No. 3:22-CV-2857-X, 2023 WL 5311491, at *1 (N.D.

Tex. Aug. 17, 2023). In *Viewpoint*, Plaintiff, represented by Mr. Garteiser, alleged defendant

"contract[ed] with [a third party] to locate its infringing systems and data within this District,"

"control[ed] the software installed on the servers," and owned "the office equipment used by its

employees in this District." *Id*. at *1 n.3. The court held this was insufficient to find venue over

the defendant because the third party "exclusively owns and operates the data center while

Viewpointe contracts with it to provide this hosting service." *Id*. at *1. Less than six months

later, Mr. Garteiser attempts ████████████████████████████████

████████████████████████ Mr. Garteiser knows this allegation cannot support

venue over Valve.

Zealous advocacy has its limits, and Mr. Garteiser's conduct in this case exceeded them. Neither the law nor the facts support forcing Valve to litigate in a district to which it has no legally relevant connection. Mr. Garteiser knows better than to keep this case in this District by filing successive (and unnecessary) complaints.

### C.     Plaintiff's Third Amended violates Rule 11(b)(3) because it contains factual contentions that Plaintiff knows are false.

#### 1.     Plaintiff repeats facts it has known for months are wrong.

Plaintiff re-alleges factual allegations for which it did not have evidentiary support in its Original Complaint and that, after discovery, Plaintiff knows are unsupported. Specially, Plaintiff alleges "Valve Corporation has corroborated [sic, collaborated] with Frisco based Gearbox Software, L.L.C. for years starting with Half-Life and Counter-Strike video games joint development. The working relationship has continued with these popular offerings being available through present day, including Tiny Tiny's [sic] Wonderland to name just one." Dkt. 52 ¶ 41.

This allegation has no evidentiary support and has been contradicted numerous times, specifically by: (1) Valve's declarations (Dkt 11-1; Dkt. 37-1; 45-1; 55-1); (2) Valve's document production made months before Plaintiff filed its Third Amended Complaint (Dkt. 55-1, at 208-09); and (3) the sworn deposition testimony of Valve's corporate deponent on venue, taken months before Plaintiff filed its latest complaint (Dkt. 55-1, at 41). Valve does not develop games with Gearbox; rather, it distributes games that Gearbox creates. Dkt. 55 at 10-12. Plaintiff knows this to be true, and its insistence on pleading facts it knows are unsupportable is sanctionable. *See, e.g.*, *Gabriela Leos v. City of El Monte et al.*, No. 2:23-CV-02427-JLS-JPR, 2023 WL 10406561, at *3 (C.D. Cal. Nov. 9, 2023) ("[T]he Court admonishes Plaintiff's Counsel that, in the future, the filing of pleadings squarely contradicted by documentary

evidence in his possession will result in monetary or other sanctions.").

> **2.**     **Plaintiff's Third Amended Complaint includes new factual allegations that venue discovery has already proven false.**

This Court granted Plaintiff over three months of venue discovery to investigate Valve's ties to the Eastern District of Texas. After that time expired, Plaintiff chose to file a Third Amended Complaint containing new factual allegations that were made without evidentiary support and, at times, specifically contradicted by evidence produced by Valve.

*First,* Plaintiff alleges "Valve advertised and co-hosted event with GG EX Gaming Café to be held an October 28, 2023, utilizing Valve's Steam platform to play Counter Strike: Global Offensive." Dkt. 52 ¶ 45. Plaintiff knows from venue discovery this allegation is incorrect and does not even try in its Third Amended Complaint to support its allegation with evidence from Valve about its involvement in this type of gaming event. Dkt. 55 at 8.

*Second,* Plaintiff lists a number of Texas-based video game developers and alleges "Valve Corporation has partnerships at a minimum through its Steam platform with Texas and also the EDTX video game creation" in part because, according to Plaintiff, "Valve Corporation is providing game inventors and companies the SDKs[9] and object code to build their games upon." Dkt. 52 ¶¶ 42-43. Here again, Plaintiff knows from venue discovery that its allegations are unsupportable and that Valve *distributes* games for its partners—it does not develop games with them. Dkt. 55 at 11-12. Plaintiff does not provide any evidence to the contrary despite having months to investigate its claims.

*Third,* Plaintiff now alleges that ███████████████████████████████

---

[9] The SDK, or Software Developer Kit, that Valve makes available "provides a range of features which are designed to help ship your [already-existing] application or game on Steam in an efficient manner." Dkt. 55-2 at 206.

███████████████████████████████████████████ Dkt. 52 ¶ 59. This

allegation is false. Plaintiff has known it is false that Valve has any employees in Texas, let alone

this district, since November 6, 2023, and Plaintiff has known it has no agency over any third

party employees since at least the deposition of Valve's venue deponent on February 5, 2024.

Dkt. 11-1; Dkt. 55 at 6.

### D.    Plaintiff's allegations regarding the Global Settlement and License Agreement are factually wrong and legally frivolous.

For the first time in its Third Amended Complaint, Plaintiff alleges that Valve has waived

its right to object to venue because of a forum selection clause in a 2016 settlement agreement to

which Plaintiff was not a party. Dkt. 52 ¶¶ 9-26, 57-60, 66 (referring to the 2016 GSALA).

Plaintiff's allegations are filled with factual statements that are either made without evidentiary

support or are directly contradicted by Plaintiff's other allegations and, thus, are sanctionable

under Rules 11(b)(2) and (3). Dkt. 55 at 12-13. For example, Plaintiff makes the nonsensical

argument that the forum selection clause applies in this case (Dkt. 52 ¶ 14) while the covenant

not to sue does not (Dkt. 52 ¶ 21).

Even if Plaintiff's factual allegations were true (they are not), its argument would still be

legally frivolous because the forum selection clause cannot apply to Plaintiff. Dkt. 55 at 12-14.

Plaintiff is not named in the GSALA. The patents it asserts in this lawsuit are not included in the

GSALA or licensed to Valve—a fact Plaintiff stresses in its Third Amended Complaint. Dkt. 52

¶ 58. Plaintiff goes so far as admitting that its patent infringement lawsuit does not arise out of

the GSALA, rending its argument frivolous and sanctionable. *Id*. Plaintiff's argument that the

forum selection clause of the GSALA applies to this case while the rest of the agreement does

not also contradicts Fifth Circuit precedent. *Braspetro Oil Servs. Co. v. Modec (USA), Inc*., 240

F. App'x 612 (5th Cir. 2007).

### E.      Plaintiff's allegations regarding Valve's control of Steam PC Cafés are factually wrong and legally frivolous.

Plaintiff argues that venue is proper over Valve because it has "ratified" certain Steam PC Cafés in this District by virtue of providing "step-by-step instructions to the employees to access Valve's products and services" Dkt. 52 ¶ 65; *see also id.* ¶¶ 31, 34. Repeating the talismanic phrase that Valve provides "step by step" instructions does not make it true, especially when the factual allegations purporting to show these instructions are contradicted by information Plaintiff received in venue discovery.

Plaintiff's allegations are littered with factual misstatements, this time about the materials and support that Valve gives to the PC Cafés and the oversight that Valve has once the Cafés are up and running. Dkt. 55 at 8-9. Plaintiff has provided no evidence of materials, support, or step-by-step instructions that are actually given to PC Cafés after they sign the appropriate documentation to actually become a PC Café. Without any evidence of control of the Cafés, and having months to discover whether its allegations are true, it is frivolous to argue that Valve has "ratified" the Steam PC Café's as its places of business in the District. Dkt. 55 at 9.

## V.      CONCLUSION

Plaintiff has known, since before it filed this lawsuit, that Valve is not subject to venue in this District. Despite that knowledge, Plaintiff continues to drag this issue out for as long as possible, serially filing complaints that defy venue law and ignore or contradict the facts. Plaintiff's conduct justifies imposing sanctions against it and its counsel[10]. Defendant respectfully requests fourteen (14) days after the Court grants Valve's motion to submit an accounting of any such fees and costs associated with Plaintiff's sanctioned conduct.

---

[10] Valve reserves the right to seek additional fees and costs under other statutory authority or the Court's inherent authority.

14

Dated: July 30, 2024

Respectfully submitted,

*Shaun W. Hassett, with permission for*
*/s/ Dario A. Machleidt*

Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
Potter Minton, PC
102 North College, Ste. 900
Tyler, Texas 75702
903-597-8311 (telephone)
mikejones@potterminton.com
shaunhassett@potterminton.com Mike Jones

Dario A. Machleidt
Kathleen R. Geyer
Christopher P. Damitio
Kilpatrick Townsend & Stockton
1420 Fifth Avenue Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
Facsimile: (206) 623-6793
DMachleidt@kilpatricktownsend.com
KGeyer@kilpatricktownsend.com
CDamitio@kilpatricktownsend.com

*Attorneys for Defendant*
*Valve Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on July 30, 2024.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on July 30, 2024.

*/s/ Shaun W. Hassett*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Shaun W. Hassett*

1