# Exhibit 6



1420 Fifth Ave, Suite 3700
Seattle , WA 98101
www.kilpatricktownsend.com

direct dial 206 224 2857
kgeyer@kilpatricktownsend.com

*Via Email to rgarteiser@ghiplaw.com*

November 15, 2023

Randall A. Garteiser
Garteiser Honea, PLLC
119 W. Ferguson Street
Tyler, Texas 75702

> Re:   *Quantum Tech. Innovations, LLC v. Valve Corp., Gearbox Software L.L.C, No. 2:23-cv-425-JRG-RSP; Social Positioning Input Sys., LLC v. Valve Corp., Gearbox Software L.L.C, No. 2:23-cv-422-JRG-RSP; Symbology Innovations v. Valve Corp., Gearbox Software, L.L.C, No. 2:23-cv-419-JRG-RSP*

Dear Mr. Garteiser:

I write to follow up on our October 2, 2023 letter regarding your clients' deficient venue allegations in each of the retaliatory cases reference above. As you know, Valve has moved to dismiss the complaint in the *Symbology* case under Rule 12(b)(3) for lack of venue. Valve will file similar motions in the *Quantum Tech.* and *Social Positioning* cases if Plaintiffs decide to proceed with service.

As we stated in our October 2 letter, Plaintiffs' venue allegations in its complaints are objectively baseless and cannot support a good faith belief that venue is proper in the Eastern District of Texas. Now in light of Valve's motion to dismiss, Plaintiffs cannot maintain that their allegations have any evidentiary support. As Valve's motion makes clear, the Eastern District of Texas is not a proper venue for these cases.

Plaintiff never identified any physical presence of Valve in the District, let alone a "regular and established place of business" as required under *TC Heartland*. Instead, Plaintiffs' allegations are based on a single employee allegedly residing in the District[1] and a decades-old partnership with Gearbox.

First, as the sworn declarations submitted with Valve's motion makes clear, Valve has **no** employees in the Eastern District of Texas, now or at the time Plaintiffs filed their complaints.

Second, it is clear from the face of Symbology's complaint that Gearbox's inclusion in this case is a blatant and improper attempt to manufacture venue over Valve. This is being done to drive up Valve's litigation costs by forcing it to litigate against these retaliatory lawsuits in a

---

[1] Plaintiffs attempted sleight of hand identifying four individuals in *Texas* but not in the District is legally irrelevant for proper venue.

Randall A. Garteiser
November 15, 2023
Page 2

district which has no connection to Valve. Symbology's allegations throughout the complaint are directed only to a single defendant—Valve. This is confirmed by Symbology's infringement charts that do not contain a single substantive allegation of infringement toward Gearbox or any of its products. Moreover, as supported by sworn declarations from Valve in its motion to dismiss, Valve and Gearbox had a single development agreement that lasted a year and have not had any product development relationship in the two decades since then.

With no established place of business, no employees residing in the District, and no reasonable argument that Gearbox's contacts with the Eastern District of Texas should be imputed to Valve, venue cannot be found to be proper. Symbology's remaining allegations regarding venue are legally irrelevant and frivolous as explained in Valve's motion to dismiss.

I am writing to renew Valve's demand that you dismiss all three cases you have filed against Valve. There can be no further dispute that the venue allegations in Plaintiffs' complaints are so frivolous and lacking in merit as to render the three cases you have filed against Valve exceptional. Accordingly, Valve intends to seek fees and other relief associated with having to file a motion to dismiss a case that should have never been brought in the Eastern District of Texas. Failure to promptly dismiss all three cases will result in Valve incurring additional costs associated with having to move to dismiss the *Quantum Techs.* and *Social Positioning* complaints, as well as continuing to litigate the *Symbology* case. *See Khan v. Hemosphere Inc.*, 825 F. App'x 762, 770-71 (Fed. Cir. 2020) (affirming the imposition of Rule 11 sanctions against a Plaintiff for frivolous venue allegations made in the wake of *TC Heartland*).

Please let me know by November 20, 2023, if your clients will agree to dismiss their complaints.

Sincerely,

Kathleen R. Geyer