# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC <br><br> Plaintiff, <br><br> v. <br><br> VALVE CORPORATION, <br> GEARBOX SOFTWARE, LLC <br> Defendant. | Civil Action No. 2:23-cv-419-JRG-RSP <br><br> **JURY TRIAL DEMANDED** <br><br> **FILED UNDER SEAL** |

## DEFENDANT VALVE CORPORATION'S MOTION
## FOR SANCTIONS UNDER THE COURT'S INHERENT AUTHORITY

# **TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND .............................................................................................................1

III. LEGAL FRAMEWORK .................................................................................................4

IV. ARGUMENT...................................................................................................................4

    A. The Court should rule on Valve's motion for sanctions despite Symbology's attempt to avoid a ruling by filing a Rule 41 voluntary dismissal..................................................................................................................5

    B. The Court should use its inherent authority to sanction Symbology for raising and maintaining venue allegations in bad faith..........................................7

        1. Symbology raised and refused to abandon frivolous venue arguments. ..................................................................................................7

        2. Symbology ignored facts learned during jurisdictional discovery. ..................................................................................................9

    C. The Court should use its inherent authority to sanction Symbology because it used this suit for oppressive and improper purposes. ........................11

    D. The Court should hold Symbology and its counsel jointly and severally liable.....................................................................................................................13

    E. The Court should set a schedule for the parties to brief the recoverable amount of fees to which Valve is entitled............................................................14

V. CONCLUSION..............................................................................................................14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Avirgan v. Hull*,
  932 F.2d 1572 (11th Cir. 1991) ...................................................................................9

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991)..................................................................................................4, 11

*Clark v. Mortenson*,
  93 F. App'x 643 (5th Cir. 2004) ..................................................................................5

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990)......................................................................................................6

*Decapolis Sys., LLC v. Epic Sys. Corp.*,
  No. W-21-CV-00434-ADA, 2021 WL 5908403 (W.D. Tex. Dec. 14, 2021) ..........12

*Display Techs. LLC v. Valve Corp.*,
  No. 2-22-cv-01365 (W.D. Wash.) ................................................................................1

*Fink v. Gomez*,
  239 F.3d 989 (9th Cir. 2001) .....................................................................................11

*Gate Guard Servs., L.P. v. Perez*,
  792 F.3d 554 (5th Cir. 2015) .......................................................................................4

*In re Google*,
  949 F.3d 1338 (Fed. Cir. 2020)....................................................................................9

*Haviland v. Specter*,
  561 F. App'x 146 (3d Cir. 2014) ..................................................................................6

*Inc. v. Simon Prop. Grp. (Texas), L.P.*,
  2021 WL 8441707 (E.D. Tex. 2021) ............................................................................8

*Intirion Corp. v. College Prods.*,
  6:22-cv-459-ADA, Dkt. 49 (W.D. Tex. May 6, 2022).................................................9

*Kennard L. P.C. v. United Airlines, Inc.*,
  No. 23-20430, 2024 WL 3717272 (5th Cir. Aug. 8, 2024) ........................4, 7, 9, 11

*Kranos IP Corp. v. Riddell, Inc.*,
  No. 2:17-CV-443-JRG, 2017 WL 3704762 (E.D. Tex. Aug. 28, 2017).................12

*Lowe v. ShieldMark, Inc.*,
 No. 1:19-CV-00748, 2023 WL 3043769 (N.D. Ohio Apr. 21, 2023) ........................................5

*Portillo v. Cunningham*,
 872 F.3d 728 (5th Cir. 2017) ...................................................................................................4

*Pulse Supply Chain Sols., Inc. v. Tagliamonte*,
 No. 3:21-CV-2706-B, 2023 WL 4497007 (N.D. Tex. July 11, 2023),
 reconsideration denied, 2023 WL 5658929 (N.D. Tex. Aug. 31, 2023) ..............................5, 6

*Quantum Tech. Innovations LLC v. Valve Corp. et al.*,
 No. 2:23-425 (E.D. Tex.) ...............................................................................................2, 4, 12

*Qureshi v. United States*,
 600 F.3d 523 (5th Cir. 2010) ...................................................................................................5

*In re S. California Sunbelt Developer's Inc. v. S. California Sunbelt Devs., Inc.*,
 No. SACV 06-00270, 2009 WL 2138490 (C.D. Cal. July 15, 2009) ....................................13

*Shuler v. Liberty Consulting Servs., Ltd.*,
 No. 20CV5779KAMCLP, 2022 WL 1552039 (E.D.N.Y. Apr. 4, 2022) ...............................13

*Social Positioning Input Sys., LLC v. Valve Corp. et al*,
 No. 2:23-422 (E.D. Tex) ..........................................................................................................2

*Social Positioning Input Sys., LLC v. Valve Corp.*,
 No. 2-22-cv-01366 (W.D. Wash.) ....................................................................................1, 2, 4

*Symbology Innovations LLC v. Valve Corp. et al.*,
 No. 2:23-cv-419 (E.D. Tex.) ................................................................................................2, 3

*Szabo Food Serv., Inc. v. Canteen Corp.*,
 823 F.2d 1073 (7th Cir. 1987) .................................................................................................6

*Terra Partners v. Rabo Agrifinance, Inc.*,
 504 F. App'x 288 (5th Cir. 2012) ............................................................................................7

*Valve Corp. v. Rothschild et al.*,
 No. 2:23-cv-1016 (W.D. Wash.) ..........................................................................................2, 7

**Statutes**

28 U.S.C. § 1391(c)(2) ....................................................................................................................7

28 U.S.C. § 1400(b) ........................................................................................................................1

**Other Authorities**

Fed. R. Civ. P. Rule 11 ............................................................................................................ *passim*

Fed. R. Civ. P. Rule 11(b) ................................................................................................................3

Fed. R. Civ. P. Rule 12(b)(3) ............................................................................................................3

Fed. R. Civ. P. Rule 41 ............................................................................................................4, 5, 6

Fed. R. Civ. P. Rule 41(a) ............................................................................................................5, 6

Fed. R. Civ. P. Rule 41(a)(1) ............................................................................................................6

## I.   INTRODUCTION

Symbology Innovations, LLC ("Symbology") forced Valve Corporation ("Valve") to litigate against ever-changing and baseless venue allegations for nearly a year. The end result of three amended complaints and months of jurisdictional discovery was a Report and Recommendation rejecting each of Symbology's myriad venue theories and confirming what Valve repeatedly told Symbology since the outset of this case: that venue against Valve was improper in this District. Valve already filed its Rule 11 motion on Symbology's Third Amended Complaint, and through the present motion, Valve also requests sanctions against Symbology and its counsel under the Court's inherent authority for their pattern of bad faith litigation before and after the Third Amended Complaint. This sanctionable conduct reaches back to the filing of Symbology's original complaint and encompasses conduct after service of Valve's Rule 11 motion. In other words, Symbology's course of conduct through this entire dispute justifies sanctions.

## II.   BACKGROUND

In September 2022, two Rothschild-controlled companies sued Valve in the U.S. District Court for the Western District of Washington. *See Display Techs. LLC v. Valve Corp.*, No. 2-22-cv-01365 (W.D. Wash.), and *Social Positioning Input Sys., LLC v. Valve Corp.*, No. 2-22-cv-01366 (W.D. Wash.). In its complaint, Social Positioning Input Systems, LLC ("SPIS") explained that "venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant [Valve] is deemed to reside in this District … and Defendant has a regular and established place of business in this District." Ex. 1, ¶ 7. Jay Johnson of Kizzia Johnson PLLC, based in Dallas, Texas, entered an appearance as lead counsel for SPIS. Ex. 2.

In both cases, plaintiffs SPIS and Display Technologies, LLC ("Display Technologies") filed notices of voluntary dismissal before Valve answered the complaints. Display Technologies

1

filed its voluntarily dismissal after Valve reminded the Rothschild company that it was asserting a patent to which Valve was already licensed. Ex. 3.

In July 2023, Valve sued Rothschild, his lawyer, and several of Rothschild's patent-assertion companies (including Symbology's corporate parent, Patent Asset Management, LLC, or "PAM"), for violating Washington State's Patent Troll Prevention Act. Valve accused Rothschild and the other defendants of, among other things, threatening Valve with another infringement litigation over patents to which it was already licensed. Ex. 4, ¶¶ 24-26. Valve filed its suit in the U.S. District Court for the Western District of Washington. *Valve Corp. v. Rothschild et al.*, No. 2:23-cv-1016 (W.D. Wash.).

In September 2023, three Rothschild-controlled companies sued Valve in this Court: Symbology, Quantum Technology Innovations ("QTI"), and SPIS (collectively, the "Rothschild Plaintiffs"). *See Symbology Innovations LLC v. Valve Corp. et al.*, No. 2:23-cv-419 (E.D. Tex.); *Quantum Tech. Innovations LLC v. Valve Corp. et al.*, No. 2:23-425 (E.D. Tex.) ("*Quantum*, No. 23-425"); *Social Positioning Input Sys., LLC v. Valve Corp. et al*, No. 2:23-422 (E.D. Tex) ("*Social Positioning*, No. 23-422"). Rothschild owns and controls the Rothschild Plaintiffs through his holding company, PAM. *See* Dkt. 17; *Social Positioning*, No. 23-422, Dkt. 8; *Quantum*, No. 23-425, Dkt. 5. Randall Garteiser ("Mr. Garteiser") represents the Rothschild Plaintiffs in their suits against Valve in this District.

The Rothschild Plaintiffs accused Valve of infringing various patents naming Rothschild himself as their alleged inventor. SPIS, which in 2022 sued Valve in Washington for allegedly infringing U.S. Patent No. 9,261,365 but later voluntarily dismissed that lawsuit, sued Valve one year later for alleged infringement of that same patent. *Social Positioning*, No. 23-422, Dkt. 1. This time, it chose to file in Texas.

Valve moved to dismiss each of the Rothschild Plaintiffs' complaints under Rule 12(b)(3) for improper venue. Because the original complaints contained nearly identical venue allegations, the parties agreed to consolidated jurisdictional discovery and briefing in the lead *Symbology* case. *See, e.g.*, Dkt. 24.[1] Symbology proceeded to file three successive amendments to its complaint (Dkts. 35, 41, 52) that required Valve to re-file and modify its motion to dismiss (Dkts. 37, 45, 55).

Over the course of this lawsuit, Valve has given Symbology and Mr. Garteiser three warnings—in the form of letters sent in October 2023, November 2023, and March 2024—that their venue allegations were baseless and sanctionable. Dkts. 85-6–85-8. Symbology and Mr. Garteiser did not change course in response to any of Valve's communications.

On April 22, 2024, while briefing on Valve's motion to dismiss Symbology's Third Amended Complaint was ongoing, Valve served Symbology and Mr. Garteiser with a Rule 11 letter targeting the operative Third Amended Complaint. Valve explained that Symbology's "Third Amended Complaint violates every subsection of Rule 11(b)" and that "Valve reserves its right to seek additional sanctions." Ex. 5 at 1. Valve filed its Rule 11 motion on July 30, 2024. Dkt. 85. There, Valve "reserve[d] the right to seek additional fees and costs under other statutory authority or the Court's inherent authority." *Id.* at 14 n. 10.

Less than a month after receiving Valve's Rule 11 letter, Symbology filed its sur-reply in support of its opposition to Valve's motion to dismiss. Dkt. 75. Despite being warned in the Rule 11 letter about the false allegations in its Third Amended Complaint, Symbology's five-page sur-reply contained five material misrepresentations. Dkt. 75. In response, Valve filed a sur-sur reply to correct Symbology's misrepresentations. Dkt. 76.

---

[1] Nearly identical stipulations were filed in *QTI* and *SPIS* cases.

3

On July 29, 2024, Symbology voluntary dismissed its case against Valve with prejudice under Rule 41 after this Court invalidated the asserted patents in another case. Dkt. 84. In its dismissal Order, this Court stated that "the parties' briefing on [venue] will be considered by the Court in resolving Defendant's motions to dismiss" in the *QTI* and *SPIS* cases. Dkt. 87.

On August 8, 2024, Magistrate Judge Payne recommended that Valve's motion to dismiss for improper venue should be granted. *Quantum*, No. 2:23-cv-00425, Dkt. 52 (hereinafter, "R&R"). That same day, QTI and SPIS filed notices of voluntary dismissal, withdrawing all of their respective claims against Valve. *See Social Positioning*, 23-422, Dkt. 29; *Quantum*, 23-425, Dkt. 53. In the QTI action, the Court's Order explained that "[a]ll pending requests for relief involving Valve Corporation in the above-captioned case not explicitly granted herein are **DENIED AS MOOT**." *Quantum*, 23-425, Dkt. 56 (emphasis in original).

### III.  LEGAL FRAMEWORK

A court may award attorney fees under its inherent equitable authority if it finds the losing party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-47 (1991) (recognizing that courts' inherent power to impose sanctions are "governed not by rule or statute but by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). "Bad faith exists when a party knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Kennard L. P.C. v. United Airlines, Inc.*, No. 23-20430, 2024 WL 3717272, at *4 (5th Cir. Aug. 8, 2024) (citing *Portillo v. Cunningham*, 872 F.3d 728, 740 n.29 (5th Cir. 2017), and *Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 561 n.4 (5th Cir. 2015)).

### IV.  ARGUMENT

The Court should use its inherent authority to sanction Symbology and Mr. Garteiser

4

because they litigated in bad faith.[2] First, Rule 41 dismissals do not divest the Court of jurisdiction to rule on Valve's motions and request for sanctions. Second, sanctions are warranted because Symbology raised and maintained frivolous arguments that ignored facts and disregarded well-settled venue law. Third, sanctions are also justified because Symbology used this suit, and specifically, the venue-discovery process, for oppressive and improper reasons aimed at harassing Valve.

The Court should find Symbology and Mr. Garteiser jointly and severally liable for the fees Valve incurred in refuting their unfounded allegations. Both Mr. Garteiser and Symbology engaged in a persistent course of bad faith conduct and should be sanctioned for it.

### A.  The Court should rule on Valve's motion for sanctions despite Symbology's attempt to avoid a ruling by filing a Rule 41 voluntary dismissal.

It is well-established that even after a Rule 41(a) dismissal, courts retain jurisdiction on collateral issues such as motions for sanctions. *Pulse Supply Chain Sols., Inc. v. Tagliamonte*, No. 3:21-CV-2706-B, 2023 WL 4497007, at *2 (N.D. Tex. July 11, 2023), reconsideration denied, 2023 WL 5658929 (N.D. Tex. Aug. 31, 2023) (quoting *Qureshi v. United States*, 600

---

[2] The Court should also sanction Symbology and Mr. Garteiser under Rule 11 for the Third Amended Complaint. Dkt. 85. This present motion for sanctions—filed after Judge Payne sided with Valve on the merits of its motion to dismiss—addresses sanctionable conduct beyond the Third Amended Complaint. It explains that Symbology's and Mr. Garteiser's sanctionable conduct began before they filed their Third Amended Complaint (the subject of Valve's Rule 11 motion) and persisted even after they received Valve's accompanying Rule 11 letter. In other words, the Court should sanction them under both Rule 11 and its inherent authority. *Clark v. Mortenson*, 93 F. App'x 643, 653 (5th Cir. 2004) ("The Baums, in a footnote, argue that the district court's failure to state whether it was basing the sanction order on Rule 11 … and/or its inherent power itself mandates reversal of the sanction order … the district court's sanction order, which was ten pages in length, was sufficiently detailed for the purpose of appellate review and the fact that the district court did not state what authority it was basing the sanctions on does not require reversal."); *see also Lowe v. ShieldMark, Inc.*, No. 1:19-CV-00748, 2023 WL 3043769, at *5 (N.D. Ohio Apr. 21, 2023) ("The Court notes that its inherent power to craft sanctions also serves as an alternative basis to award Defendants the above patent litigation fees.").

F.3d 523, 525 (5th Cir. 2010)); *accord Haviland v. Specter*, 561 F. App'x 146, 150 (3d Cir. 2014) (upholding award of sanctions after voluntary dismissal under Rule 41 and stating that "we cannot see any principled reason by the Court's decision" in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) that "Rule 41(a)(1) dismissal does not deprive a district court of jurisdiction over a Rule 11 motion … would not apply equally to sanctions imposed pursuant to a district court's inherent authority").

"Further, a voluntary dismissal under Rule 41(a) 'does not insulate [a plaintiff] from sanctions; [it] merely limits the costs which may be imposed' to the extent it stops the running of attorneys' fees.'" *Pulse Supply Chain*, 2023 WL 4497007, at *2 (citation omitted) (alteration in original). "To find otherwise would allow a party to 'absolve [itself] of responsibility [for sanctionable conduct] by dismissing [its] suits.'" *Id.* (citing *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1079 (7th Cir. 1987) ("The obligation to answer for one's act accompanies the act; a lawyer cannot absolve himself of responsibility by dismissing his client's suit.")) (alterations in original). "'If [a party] imposed costs on its adversary and the judicial system by violating [applicable sanctions rules], it must expect to pay.'" *Id.* (citation omitted) (alteration in original).

Symbology's (and QTI's and SPIS's) voluntary dismissals do not absolve them from the responsibility they must bear in making and maintaining frivolous arguments to keep Valve in this District. This Court explained that once it resolved Valve's motion to dismiss, then Symbology would have 14 days to respond to Valve's Rule 11 motion. Dkt. 89. But by voluntarily dismissing the QTI action where Judge Payne issued his R&R—and doing so before the Court adopted the R&R—the Rothschild Plaintiffs are trying to avoid responding to Valve's Rule 11 motion. The law is clear, however, that the Rothschild Plaintiffs' voluntary dismissals

do not prevent the Court from resolving Valve's request for sanctions in this Motion (against Symbology) or in the pending Rule 11 motions in this case and in *QTI*.

> **B.  The Court should use its inherent authority to sanction Symbology for raising and maintaining venue allegations in bad faith.**
>
> **1.  Symbology raised and refused to abandon frivolous venue arguments.**

"Raising a patently frivolous legal argument and threatening continued meritless litigation is the definition of bad faith." *Terra Partners v. Rabo Agrifinance, Inc.*, 504 F. App'x 288, 290 (5th Cir. 2012). This Court's inherent authority gives it ample grounds to sanction parties that engage in this type of bad faith litigation. Symbology did exactly that by "knowingly or recklessly rais[ing] a frivolous argument" on numerous occasions as it tried to force Valve to litigate in this District. *Kennard, L.P.C.,* 2024 WL 3717272, at *4.

First, Judge Payne found that "Plaintiff's argument [that 28 U.S.C. § 1391(c)(2) governs venue] is in direct contradiction to Supreme Court precedent." R&R at 3. Symbology is a frequent litigant that, as of August 2024, was a named party to over 240 cases. Ex. 6. Its counsel is likewise well-versed in patent law. Dkt. 85 at 9-10. In view of their vast and extensive experience in patent law it cannot be that either Symbology or Mr. Garteiser reasonably believed that Section 1391(c)(2) actually applied in this case, as this would contravene Supreme Court precedent.[3] Despite this fact, Symbology included the allegation that Section 1391 conferred venue over Valve in its original and all amended complaints. Dkts. 1, 35, 41, 52.

Second, Judge Payne found that Valve's prior consent to venue in this District was "made explicitly for the relevant action only" and thus did not make Valve forever subject to suit here.

---

[3] Indeed, in the co-pending Western District of Washington case, Rothschild and other Rothschild-controlled entities correctly identified Section 1404 as "[t]he statute on venue" in patent cases. *Valve v. Leigh Rothschild et al.*, No. 2:23-cv-1016, Dkt. 26 at 7 (W.D. Wash. Oct. 19, 2023).

R&R at 3. Symbology even acknowledged this fact in its original and all subsequent complaints by referencing that Valve consented to venue in 2014 and 2015 East Texas cases "for the purposes of this [litigation/action] only." Dkt. 1, ¶ 7. Symbology intentionally ignored this fact when trying to manufacture arguments to keep Valve in this District. Dkt 55 at 14-15.

Third, Judge Payne dismissed Symbology's reliance on Valve's sale of gift cards and even noted that compared "to *Alexsam* [*Inc. v. Simon Prop. Grp. (Texas), L.P.*, 2021 WL 8441707, at *2 (E.D. Tex. 2021)], venue on gift cards is *even more tenuous here*, where the accused instrumentalities do not involve the gift cards." R&R at 7 (emphasis added). Symbology should have known of this law before it filed suit and, further, Valve repeatedly cited to *Alexsam* in its motions to dismiss. Yet, Symbology never responded to those citations or removed those allegations from its various amended complaints, instead burying its head in the sand with respect to this Court's precedent and failing to explain why that law did not foreclose its argument. Dkts. 35, 41, 52.

Fourth, Judge Payne rejected Symbology's late-raised attempt to argue that Valve waived its venue defense in the Global Settlement and License Agreement ("GSALA"). In his R&R, Judge Payne explained:

> [I]t is *clear* from the face of the agreement that the extent of that waiver applies to disputes arising from the 2016 GSALA. The Court finds that the current case *clearly* does not arise out of the 2016 GSALA since the agreement did not cover the asserted patents and Valve is not asserting a license defense based on the agreement.

R&R at 3 (citing GSALA, ¶ 11.1) (emphasis added). It is equally clear that Symbology's reliance on this 2016 GSALA agreement—kept out of the original complaint and referenced for the first time in Symbology's Third Amended Complaint only after its other arguments had been disproven through venue discovery—was done for the purpose of side-stepping Valve's venue

8

challenge through a patently frivolous waiver argument. To avoid any doubt, Symbology knew of the GSALA since before filing suit, as Rothschild controls Symbology and likewise signed the agreement with Valve in 2016.

These examples show that Symbology "knowingly or recklessly raise[d] frivolous argument[s]" from day 1 that imposed unnecessary costs on Valve. *Kennard L. P.C.*, 2024 WL 3717272, at *4. They were legally and factually frivolous when made, and at best, Symbology made them recklessly at the start of this lawsuit. Its decision to maintain them in the face of Valve's repeated motions to dismiss and months' worth of venue discovery is indefensible and confirms Symbology's bad faith.

### 2. Symbology ignored facts learned during jurisdictional discovery.

Symbology learned during discovery that no Valve employe or agent conducts business in East Texas. Yet a "'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google*, 949 F.3d 1338, 1344-45 (Fed. Cir. 2020). "When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and [its] attorney have a duty to discontinue their quest." *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991); *see also Intirion Corp. v. College Prods*., 6:22-cv-459-ADA, Dkt. 49 at 6 (W.D. Tex. May 6, 2022) ("That said, the Court agrees with College Products that after venue discovery, Intirion had no basis to maintain its venue allegations."). Symbology, however, did the opposite by doubling down on its argument, ignoring undisputed evidence, and repeating unfounded allegations about the presence of unidentified Valve employees in this District.

Judge Payne explained that "[d]espite the benefit of venue discovery, Plaintiff does not identify any employees in this District, nor where [Valve's] dedicated servers are hosted." R&R, at 7. Confirming Symbology's bad faith, Mr. Garteiser explicitly acknowledged during venue

9

discovery that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 7 at 99:10-16; Dkt. 55 at 3.

Symbology likewise knew that Valve has no employees in Texas since at least the date of Valve's first motion to dismiss to Symbology's original Complaint. In fact, Symbology's original complaint only identified *one* employee allegedly in this district based on a LinkedIn profile, and as part of Valve's motion to dismiss, that employee submitted a declaration confirming he no longer lives in this District and never worked for Valve even when he did. Dkt. 11-2, ¶¶ 6-7. Symbology knew from the time of its original complaint that the other four employees identified did not reside *in this District*. Dkt. 11 at 4-5; *see also* Dkt. 11-1, ¶¶ 7-11. Despite the fact of the LinkedIn profiles and Valve's motion to dismiss pointing out this information, Symbology maintained its allegations against those four employees for over five months in its First Amended Complaint (Dkt. 35, ¶ 13) and Second Amended Complaint (Dkt. 40, ¶ 13). The fact that Valve has no employees in Texas was again confirmed during venue discovery. Ex. 7, at 14:2-5.

Without any basis, in its Third Amended Complaint, Symbology maintained that Valve had ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 52, ¶ 59. Symbology simply ignored these facts as it kept trying to force Valve to litigate in the wrong venue.

Judge Payne also made clear that Symbology's reliance on PC Cafés ignored the actual text of the relevant agreements: "Plaintiff's assertion that Valve employees provide support for these businesses is contradicted by the agreement itself." R&R at 6. Valve's standard agreement with Steam PC Cafés is publicly available online and Valve testified consistently with its terms.

10

*See, e.g.*, Ex. 8; *see also* Ex. 7 at 35:18-25; 36:16-24; 73:16-74:23. Once more, Symbology chose to ignore facts and, in doing so, forced Valve to incur unnecessary costs.

      **C.**      **The Court should use its inherent authority to sanction Symbology because it used this suit for oppressive and improper purposes.**

"In *Chambers,* the [Supreme] Court left no question that a court may levy fee-based sanctions when a party … has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (citing *Chambers*, 501 U.S. at 45-46 & n. 10); *Chambers*, 501 U.S. at 42-47 (a court may award attorney fees under its inherent equitable authority if it finds the losing party acted "for oppressive reasons"); *Kennard L. P.C.*, 2024 WL 3717272, at *4 (sanctions appropriate where losing party "harass[ed] an opponent"). That is what Symbology did against Valve. Symbology's case has been marked by repeated efforts to use pressuring and harassing tactics to influence Valve to settle for far less than the cost of litigation. This includes at least the following:

      1.      <u>Including Gearbox as a defendant despite never accusing a single Gearbox product or service of infringing the asserted patents</u>. Symbology included Gearbox, who resides in this District, as a co-defendant only as a way to manufacture venue over Valve. Yet by at least Valve's motion to dismiss the original complaint, Symbology knew that its allegations involved a 20-year-old relationship between Valve and Gearbox that was terminated in 2002. Dkt. 11 at 7-8. Indeed, Symbology knew based on Valve's motion to dismiss the original complaint that any allegations imputing Gearbox's contacts to Valve were frivolous. Dkt. 11 at 7-9; Dkt. 11-1, ¶¶ 14-22. Yet Symbology continued to include these allegations in each of its amended complaints (Dkt. 35, ¶ 7; Dkt. 40, ¶ 7)—even admitting in the Third Amended Complaint that it knew since Valve's motion to dismiss the original complaint that those allegations had no basis. Dkt. 52, ¶ 49 ("Defendant Gearbox and Valve Corporation jointly developed video games

11

together. Valve Corporation now claims that the partnership has ended."). That Symbology never maintained these arguments in its opposition to Valve's Motion to Dismiss the Third Amended Complaint, despite including allegations about venue being proper due to Valve's relationship with Gearbox in every one of the amended complaints, further confirms that Symbology knew these allegations were frivolous[4]. Dkt. 63.

2. <u>Unnecessarily changing its venue allegations in its amended complaints, forcing Valve to expand time and resource revising and refiling its motion to dismiss.</u> In response to Gearbox's three motions to dismiss on Symbology's infringement theories (Dkts. 31, 36, 44), Symbology filed amended complaints to moot Gearbox's motions, as it was arguably permitted to do under the Court's rules. However, each of Symbology's amended complaints unnecessarily changed its venue allegations while Valve and Symbology were engaged in venue discovery. This forced Valve to devote resources to revising and refiling repeated motions to dismiss to address Symbology's shifting venue allegations in piecemeal fashion, rather than addressing any new facts and arguments at the end of venue discovery in Symbology's response.[5] *See, e.g., Kranos IP Corp. v. Riddell, Inc.*, No. 2:17-CV-443-JRG, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28, 2017). Symbology continued to amend its venue allegations despite its counsel previously being placed on notice that this practice is unnecessary and improperly wastes resources. *Decapolis Sys., LLC v. Epic Sys. Corp.*, No. W-21-CV-00434-ADA, 2021 WL

---

[4] Quantum's case against Gearbox (the sole remaining active case against Gearbox) was dismissed with prejudice eight days after Quantum dismissed its case against Valve. *Quantum*, No. 23-425, Dkt. 58.

[5] When this strategy was brought to the Court's attention through the Docket Control Order submission procedure in *QTI*, the Court entered an order restricting Quantum from using the pleading amendment process to avoid responding to Valve's motion to dismiss for improper venue. *Quantum*, No. 23-425, Dkt. 50 at 4.

5908403, *2 (W.D. Tex. Dec. 14, 2021) (admonishing Mr. Garteiser that "amendments to the venue allegations in the original complaint are better suited for a response to the Motion to Dismiss"); *see also* Dkt. 85.

3.  <u>Misrepresenting numerous facts in its sur-reply to Valve's fourth motion to dismiss, including attributing statements and arguments to Valve that it simply did not make.</u> Dkt. 76 at 1-2 (listing misrepresentations). This final act forced Valve to undergo the time and expense to file a sur-sur reply to correct Symbology's misrepresentations. Dkt. 76. This course of conduct justifies a bad faith finding and sanctions against Symbology, especially because it came *after* Valve served its Rule 11 letter on Symbology.

Symbology's litigation campaign came to a crashing halt in this Court within the past month. This Court invalidated its patents in another case, and Judge Payne recommended that Valve's motion to dismiss Symbology's case on venue grounds be granted. Despite these losses, Symbology must be held to account for abusing the judicial system to harass Valve.

**D.      The Court should hold Symbology and its counsel jointly and severally liable.**

Mr. Garteiser represented Symbology since the beginning of this case. Dkt. 1. It is impossible to discern the source of Symbology's bad faith venue arguments: Symbology itself; its counsel, Mr. Garteiser; or both. Accordingly, the Court should hold them jointly and severally liable to Valve for the fees it incurred defending against their improper venue allegations. *See, e.g.*, *Shuler v. Liberty Consulting Servs., Ltd.*, No. 20CV5779KAMCLP, 2022 WL 1552039, at *14 (E.D.N.Y. Apr. 4, 2022) ("Defendant and defendant's counsel should be held jointly and severally liable for the sanctions in this case."); *In re S. California Sunbelt Developer's Inc. v. S. California Sunbelt Devs., Inc.*, No. SACV 06-00270, 2009 WL 2138490, at *3 (C.D. Cal. July 15, 2009) (in the appeal context, stating that "imposing sanctions against client and counsel

13

jointly and severally is preferred since the sanctioned parties are in the best position to determine who caused the frivolous appeal to be taken").

### E. The Court should set a schedule for the parties to brief the recoverable amount of fees to which Valve is entitled.

Valve filed two Rule 11 motions (one against Symbology and Mr. Garteiser; another against QTI and Mr. Garteiser) and the present inherent authority motion. Valve will be prepared to submit a bill of costs and memorandum in support thereof should the Court grant any of Valve's Motions.

## V. CONCLUSION

The Court should sanction Symbology and Mr. Garteiser. They misused the judicial system by raising and maintaining frivolous venue allegations. Their conduct forced Valve to expend considerable resources ensuring it would not be forced to litigate in the wrong venue. Their conduct justifies sanctions and a fee award.

| | |
|---|---|
| Dated: August 23, 2024 | Respectfully submitted,<br><br>*/s/ Shaun W. Hassett, with permission for Dario A. Machleidt*<br>Michael E. Jones (SBN: 10929400)<br>Shaun W. Hassett (SBN: 24074372)<br>Potter Minton, PC<br>102 North College, Ste. 900<br>Tyler, Texas 75702<br>903-597-8311 (telephone)<br>mikejones@potterminton.com<br>shaunhassett@potterminton.com<br><br>Dario A. Machleidt<br>Kathleen R. Geyer<br>Christopher P. Damitio<br>Kilpatrick Townsend & Stockton<br>1420 Fifth Avenue Suite 3700<br>Seattle, WA 98101<br>Telephone: (206) 467-9600<br>Facsimile: (206) 623-6793<br>DMachleidt@kilpatricktownsend.com<br>KGeyer@kilpatricktownsend.com<br>CDamitio@kilpatricktownsend.com<br><br>*Attorneys for Defendant*<br>*Valve Corp.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on August 23, 2024.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on August 23, 2024.

*/s/ Shaun W. Hassett*

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Shaun W. Hassett*