IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>VALVE CORPORATION, GEARBOX SOFTWARE, LLC<br><br>        Defendants. | Civil Action No. 2:23-cv-419-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**VALVE CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11**

- i -

Symbology and its counsel, Mr. Garteiser (collectively, "Plaintiff"), do not dispute any substantive arguments raised in Valve's Motion for Sanctions under Rule 11 (Dkt. 85, "Motion"). Instead, Plaintiff argues that: (i) Valve's Motion is moot and untimely; (ii) Plaintiff's filing of amended complaints was procedurally permitted by the Court; and (iii) the Court should take into account Plaintiff's actions after the safe harbor expired. Each of these arguments is irrelevant to whether Plaintiff violated Rule 11 though its Third Amended Complaint.

## I. PLAINTIFF FAILED TO RESPOND TO, AND THUS CONCEDES ALLEGATIONS RAISED IN, VALVE'S MOTION

"A party's failure to oppose a motion … creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition…." E.D. Tex. L.R. CV-7; *see also Burress v. Blake*, No. 4:14-cv-35, 2014 WL 4748618 (E.D. Tex. Sept. 23, 2014). In its motion for sanctions, Valve detailed numerous legally frivolous and factually incorrect arguments Plaintiff raised in its operative complaint. Dkt. 85 at 11-13 (addressing Plaintiff's reliance on: the wrong venue statue; Valve's relationship with developers; Valve's sponsorship of gaming tournaments; the GSALA; and Steam PC Cafés). Plaintiff does not address why its reliance on such baseless arguments is not sanctionable. The Court should therefore deem Valve's arguments conceded. *See infra* § IV.

## II. VALVE'S MOTION IS NEITHER MOOT NOR UNTIMELY

Plaintiff is incorrect that its Rule 41 dismissal, filed long after expiration of the safe harbor, renders Valve's Motion moot. Dkt. 94 at 2. The Supreme Court has held that, because "'violation of Rule 11 is complete when the paper is filed,' a voluntary dismissal does not expunge the Rule 11 violation." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (citations omitted); *see also Scott v. Wollney*, No. 3:20-CV-2825-M-BH, 2021 WL 4851848, at

*4 (N.D. Tex. Sept. 16, 2021), *report and recommendation adopted*, 2021 WL 4845778 (N.D. Tex. Oct. 18, 2021) (emphasis added) (requiring "correcti[on of] the challenged contention *prior to* the expiration of the 'safe harbor' period" to avoid sanctions (emphasis added)); *Lechter v. Aprio, LLP*, 622 F. Supp. 3d 1297, 1309 (N.D. Ga. 2022) (explaining that "the movant may wait until after final judgment to file its motion for sanctions if the 21-day safe harbor period expires without action to cure the challenged filing" (quotation omitted)).

Relatedly, Valve's decision not to file its motion immediately upon expiration of the safe harbor does not make it untimely.[1] Plaintiff cites no authority for its view that Rule 11 requires the moving party to file on the 21-day mark. Courts, in fact, hold that the opposite is true: defendants can file their Rule 11 motions after expiration of the safe harbor. *See, e.g.*, *Teno v. Iwanski*, 464 F. Supp. 3d 924, 937 (E.D. Tenn. 2020) (considering motion for sanctions where defendants served it "seventy-five days before filing the motion"); *Telesaurus VPC, LLC v. Power*, 888 F. Supp. 2d 963 (D. Ariz. 2012), *aff'd*, 584 F. App'x 905 (9th Cir. 2014) (finding a Rule 11 motion filed 15 months after service of the motion to be timely).

### III. PLAINTIFF DID NOT MITIGATE FEES BY DROPPING ITS CASE FOR REASONS UNRELATED TO VALVE'S MOTION TO DISMISS

Plaintiff's assertion that it mitigated Valve's fees by dismissing the case *after* the 21-day period expired is legally irrelevant and factually incorrect. First, as noted above, "a voluntary dismissal does not expunge the Rule 11 violation." *Cooter & Gell*, 496 U.S. at 395.

Second, Plaintiff's dismissal did not "mitigate[] additional fees Valve may have incurred in this litigation." Dkt. 95 at 2. Plaintiff's Rule 11 violation was complete at least as of the filing of the Third Amended Complaint. Dkt. 85. By the time Plaintiff dismissed the case

---

[1] There is no dispute that Valve complied with Rule 11(c)(2). Valve served its Motion on Plaintiff on April 22, 2024 (Exs. 1-5), and the 21-day safe harbor period expired on May 14. Plaintiff did not withdraw the Third Amended Complaint within that period. Dkt. 95 at 2.

months later, Valve had already incurred fees and expenses associated with responding to Plaintiff's sanctionable pleading.

Third, as Plaintiff admits, it only dismissed this lawsuit because the Court invalidated the Asserted Patents in another case. Dkt. 95 at 2. Plaintiff's dismissal was untethered to any attempt to correct its sanctionable allegations and should therefore not be credited as "mitigation" of the harm it caused Valve.

Plaintiff similarly, and incorrectly, argues that Valve failed to mitigate. Plaintiff's complaints, however, are about Valve's motion to dismiss the First Amended Complaint in the *Quantum* case—all of which occurred after the Third Amended Complaint was filed in this case. *Compare* Dkt. 95-3 (04/01/2024 Email to Valve), *with* Dkt. 52; *infra* Section VI. This allegation is irrelevant to whether the Third Amended Complaint in this case violates Rule 11.

## IV. PLAINTIFF OFFERS NO VIABLE REASON FOR THE COURT TO EXCUSE ITS SANCTIONABLE VENUE ALLEGATIONS

Plaintiff alleges its allegations about "Valve's ties to this District" are not sanctionable because they were also relevant to personal jurisdiction. Dkt. 95 at 2. That is irrelevant to Plaintiff's use of those same allegations in a frivolous manner for venue.

Plaintiff's Third Amended Complaint "incorporate[d] by reference" all of its personal jurisdiction allegations into the section titled "Venue is proper Over Valve Corporation." Dkt. 52, ¶ 53. Plaintiff does not refute that those incorporated allegations are sanctionable in the context of venue. Dkt. 95 at 2; E.D. Tex. L.R. CV-7.

Moreover, despite Plaintiff's assertion that these allegations "show[] that personal jurisdiction is proper against Valve" (Dkt. 95 at 2), they are sanctionable even in the context of personal jurisdictional. *See, e.g.*, Dkt. 85 at 8-9 (Valve explaining that Plaintiff's allegations of

general personal jurisdiction are sanctionable).[2]

Separate from these incorporated allegations, Valve's Motion also identifies false and frivolous allegations Plaintiff made only in the context of venue. *See, e.g.*, Dkt. 85 at 7-9 (addressing Plaintiff's legally incorrect allegations that venue was proper under 28 U.S.C. § 1391 and factually untrue allegations that conflicted with discovery showing Valve has no employees ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Plaintiff does not rebut these arguments.

### V. SYMBOLOGY FILED ITS THIRD AMENDED COMPLAINT FOR AN IMPROPER PURPOSE AND UNNECESSARILY DROVE UP VALVE'S COSTS

The Court should reject Plaintiff's argument that the Docket Control Order excuses Plaintiff's sanctionable conduct of filing the Third Amended Complaint to cause delay and unnecessarily increase Valve's costs. Merely because that Order *procedurally* permitted Plaintiff to do something does not excuse such conduct from Rule 11 sanctions when that conduct is done for an improper purpose.

Symbology also misrepresents the Court's findings regarding the Third Amended Complaint. Dkt. 95 at 2 (citing Dkt. 64 at 3); *id.* at 3. The issue was not whether Symbology was allowed under the Docket Control Order to file the Third Amended Complaint, but whether Plaintiff filed that complaint for the improper purpose of avoiding responding to Valve's Motion to Dismiss. The Court found the latter. Dkt. 64 at 3 ("[T]he DCO's deadline for amended pleadings does not allow Symbology to avoid responding to Valve's Motion…."). This is precisely the type of conduct that is sanctionable under Rule 11.

### VI. PLAINTIFF DID NOT INFORM VALVE IT INTENDED TO FILE THE THIRD AMENDED COMPLAINT

The Court should reject Plaintiff's irrelevant and false argument that sanctions are not

---

[2] Plaintiff makes reference to Valve's alleged waiver of "Section 1800(b) through its prior agreement with Symbology's parent company." Dkt. 95 at 2. Setting aside the unclear reference to "Section 1800(b)," the Court already found no waiver. Case No. 23-00425, Dkt. 52.

warranted because it "informed Defendant that it was going to file a third amended complaint." Dkt. 95 at 3. Plaintiff never notified Valve it was going to file the Third Amended Complaint. Plaintiff's Exhibit 2[3] is an email relating to an amended complaint in the *Quantum* case, sent a week *after* Plaintiff filed the Third Amended Complaint in this case. Four days before filing the Third Amended Complaint, Plaintiff misleadingly told Valve that it would file an opposition, not an amended complaint. Ex. 6 (03/20/2024 Email to Valve), at 1 ("Notwithstanding, Symbology will file its opposition under seal…").

Even if Plaintiff had notified Valve, however, Plaintiff's argument collapses into the remarkable assertion that a plaintiff can avoid sanctions if that plaintiff first informs the defendant of the impending violation. That is not the law. Instead, contrary to Plaintiff's argument, such notice would indicate that the sanctionable conduct was done willfully and deliberately.

## VII.   CONCLUSION

For the foregoing reasons, the Court should find that sanctions are warranted against Plaintiff and Mr. Garteiser for raising and pursuing frivolous venue allegations.

---

[3] Plaintiff's Opposition cites to "Garteiser Declaration at ¶ 2." Dkt. 95 at 3. There is no declaration attached to Plaintiff's Opposition. Valve assumes that this citation references Exhibit 2.

DATED: September 13, 2024            Respectfully submitted,

            By: */s/ Shaun W. Hassett, with permission for*
               *Dario M. Machleidt*

              Michael E. Jones (SBN: 10929400)
              Shaun W. Hassett (SBN: 24074372)
              Potter Minton, P.C.
              102 North College, Ste. 900
              Tyler, Texas 75702
              Telephone: 903-597-8311
              mikejones@potterminton.com
              shaunhassett@potterminton.com

              Dario A. Machleidt
              Kathleen R. Geyer
              Christopher P. Damitio
              Kilpatrick Townsend & Stockton
              1420 Fifth Avenue Suite 3700
              Seattle, WA 98101
              Telephone: (206) 467-9600
              Facsimile: (206) 623-6793
              DMachleidt@ktslaw.com
              KGeyer@ktslaw.com
              CDamitio@ktslaw.com

              *Attorneys for Defendant Valve Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on September 13, 2024.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on September 13, 2024.

*/s/ Shaun W. Hassett*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Shaun W. Hassett*